IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 2:17-cv-70 |
| v. | ) ) JURY TRIAL DEMAND |
| WAL-MART STORES EAST, LP, | ) ) ) |
| Defendant | ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Marlo Spaeth ("Spaeth"), a qualified individual with a disability, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"), alleges that Defendant, Wal-Mart Stores East, LP, ("Defendant" or "Wal-Mart"), violated the ADA by failing to provide reasonable accommodations which would permit her to perform her job, with respect to discipline and termination, and by terminating her employment and refusing to rehire her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Eastern District of Wisconsin.

## PARTIES AND OTHER PERSONS

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Wal-Mart has continuously been and is now a corporation doing business in the Eastern District of Wisconsin and the city of Manitowoc, Wisconsin, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Wal-Mart has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Wal-Mart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7. At all relevant times, Spaeth was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Ms. Amy

Stevenson, Spaeth's sister, filed a charge of discrimination on Ms. Spaeth's behalf with the Commission alleging a violation of Title I of the ADA by Wal-Mart against Ms. Spaeth.

9. On August 31, 2016, EEOC found reasonable cause to determine that Wal-Mart violated the ADA by denying Ms. Spaeth a reasonable accommodation, by terminating her, and be refusing to rehire her with her previous schedule as a reasonable accommodation.

10. On August 31, 2016, EEOC invited Wal-Mart to engage in informal conciliation efforts to eliminate the practices found unlawful.

11. By letter dated October 20, 2016, EEOC informed Wal-Mart that it was unable to secure a conciliation agreement acceptable to the Commission. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Ms. Spaeth suffers from a genetic condition, Down syndrome, that substantially limits her in major life activities, including but not limited to, learning, concentrating, thinking and communicating, which constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

13. At all relevant times, Ms. Spaeth could perform the essential functions of a Sales Associate, Housewares Department, with or without a reasonable accommodation, thus rendering her a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

14. Ms. Spaeth started working for Wal-Mart in 1999, and performed her duties at the Wal-Mart Supercenter successfully without incident until November, 2014. During those years she worked a regular schedule from 12:00 noon to 4:00 p.m. three or four afternoons per week. During those fifteen years she received multiple pay raises and satisfactory performance reviews.

15. In or around November, 2014, Wal-Mart instituted a computerized scheduling

system, which changed the hours which Ms. Spaeth was required to work.

16. Ms. Spaeth's condition requires that she maintain a rigid schedule of daily life activities. She informed Wal-Mart that she was unable to maintain the new schedule, and requested a return to the old schedule. Despite numerous conversations, Wal-Mart never offered to modify her schedule, or proposed any other accommodations.

17. Wal-Mart knew that Ms. Spaeth was disabled and that she had requested a return to the old schedule because if she could not eat supper on time she would get sick.

18. The Wal-Mart Supercenter at which Ms. Spaeth was employed operated on a twenty-four hour schedule, and employed more than 300 employees. Wal-Mart could have restored Ms. Spaeth's prior schedule without any hardship.

19. Beginning in November, 2014, Ms. Spaeth was unable to maintain the new schedule because of her disability. She was disciplined on December 22, 2014 and again on March 18, 2015 for Attendance/Punctuality.

20. Wal-Mart terminated Ms. Spaeth's employment on July 10, 2015 for excessive absenteeism.

21. Shortly after July 10, 2015, Ms. Spaeth and her mother and sister met with management officials at Wal-Mart and requested the reasonable accommodation that Ms. Spaeth be rehired and allowed to work her old schedule of 12:00 noon to 4:00 pm, pursuant to the Americans with Disabilities Act. Although the terminaton letter stated that Ms. Spaeth was eligible for rehire, Wal-Mart refused to rehire her.

22. As alleged in Paragraph Nos. 12-21, Wal-Mart failed to accommodate Ms. Spaeth, unlawfully disciplined her, terminated her employment, and failed to rehire her, in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b).

23. The effect of the practices complained of above has been to deprive Ms. Spaeth of equal employment opportunities and otherwise adversely affect his status as an employee because of her disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

24. The unlawful employment practices complained of above were intentional.

25. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ms. Spaeth.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make Ms. Spaeth whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief, including but not limited to rightful place reinstatement, necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Ms. Spaeth whole by providing compensation for past and future pecuniary losses;

E. Order Defendant to make Ms. Spaeth whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation;

F. Order Defendant to pay Ms. Spaeth punitive damages for its intentional,

malicious and/or reckless conduct, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Grant the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M ST. NE
WASHINGTON, DC 20507

/s/ Gregory M. Gochanour
Gregory M. Gochanour
Regional Attorney

/s/Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
CHICAGO DISTRICT OFFICE
500 WEST MADISON STREET
SUITE 2000
CHICAGO, ILLINOIS 60661
(312) 869-8116

/s/ Carrie Vance
Carrie Vance
Trial Attorney

MILWAUKEE AREA OFFICE
310 WEST WISCONSIN AVENUE
SUITE 500
MILWAUKEE. WISCONSIN 53203
(414) 297-1130