# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES EAST, LP, <br><br> Defendant. | Case No. 1:17-cv-00070 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wal-Mart Stores East, LP (the "Defendant"), by way of undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Wisconsin, hereby sets forth the following as and for its Answer and Affirmative Defenses to the Complaint filed by the Equal Employment Opportunity Commission ("EEOC"), on behalf of Marlo Spaeth, denying each and every allegation of said Complaint, except, and only to the extent, as is herein expressly admitted or qualified:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

**Answer:** Defendant admits that the present action seeks to assert claims under the American with Disabilities Act (the "ADA"), but denies the allegations contained in Paragraph 1, to the extent that it suggests that Defendant, in any way, either is liable to the EEOC or violated Ms. Spaeth's rights under the ADA.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Eastern District of Wisconsin.

**Answer:** Defendant admits that the city of Manitowoc, Wisconsin, where Ms. Spaeth was employed, is within the jurisdiction of the Eastern District of Wisconsin, but denies the allegations contained in Paragraph 2, to the extent that it suggests that Defendant, in any way, either is liable to the EEOC or violated Ms. Spaeth's rights under the ADA.

## PARTIES AND OTHER PERSONS

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**Answer:** Defendant admits that the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, but denies the allegations contained in Paragraph 3, to the extent that it suggests that Defendant, in any way, either is liable to the EEOC or violated Ms. Spaeth's rights under the ADA.

4. At all relevant times, Wal-Mart has continuously been and is now a corporation doing business in the Eastern District of Wisconsin and the city of Manitowoc, Wisconsin, and has continuously had and does now have at least fifteen (15) employees.

**Answer:** Defendant admits the allegations contained in Paragraph 4.

5. At all relevant times, Wal-Mart has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

**Answer:** Defendant admits that it has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h), but denies the allegations contained in Paragraph 5, to the extent that it suggests that Defendant, in any way, either is liable to the EEOC or violated Ms. Spaeth's rights under the ADA.

6. At all relevant times, Wal-Mart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

**Answer:** Defendant admits that the Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2), but denies the allegations contained in Paragraph 6, to the extent that it suggests that Defendant, in any way, either is liable to the EEOC or violated Ms. Spaeth's rights under the ADA.

7. At all relevant times, Spaeth was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

**Answer:** Defendant denies the allegations contained in Paragraph 7.

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Ms. Amy Stevenson, Spaeth's sister, filed a charge of discrimination on Ms. Spaeth's behalf with the Commission alleging a violation of Title I of the ADA by Wal-Mart against Ms. Spaeth.

**Answer:** Defendant admits that Ms. Amy Stevenson filed a charge of discrimination on Ms. Spaeth's behalf with the Commission alleging a violation of Title I of the ADA by Wal-Mart against Ms. Spaeth, but denies all other allegations contained in Paragraph 8, to the extent that it suggests that all conditions precedent to the institution of this lawsuit have been fulfilled.

9. On August 31, 2016, EEOC found reasonable cause to determine that Wal-Mart violated the ADA by denying Ms. Spaeth a reasonable accommodation, by terminating her, and be [sic] refusing to rehire her with her previous schedule as a reasonable accommodation.

**Answer:** Defendant admits the allegations contained in Paragraph 9, but denies that the EEOC's finding had any basis in fact or law.

10. On August 31, 2016, EEOC invited Wal-Mart to engage in informal conciliation efforts to eliminate the practices found unlawful.

**Answer:** Defendant admits the allegations contained in Paragraph 10 regarding an invitation from the EEOC to engage in conciliation efforts, but denies any allegation or inference that its actions in connection with this matter were in any way unlawful.

11. By letter dated October 20, 2016, EEOC informed Wal-Mart that it was unable to secure a conciliation agreement acceptable to the Commission. All conditions precedent to the institution of this lawsuit have been fulfilled.

**Answer:** Defendant admits that, by letter dated October 20, 2016, the EEOC informed Wal-Mart that it was unable to secure a conciliation agreement acceptable to the Commission, but

4

denies all other allegations contained in Paragraph 11, to the extent that it suggests that all conditions precedent to the institution of this lawsuit have been fulfilled.

12. Ms. Spaeth suffers from a genetic condition, Down syndrome, that substantially limits her in major life activities, including but not limited to, learning, concentrating, thinking and communicating, which constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

**Answer:** Defendant admits that Ms. Spaeth suffers from Down syndrome, but denies all other allegations contained in Paragraph 12 on the grounds that those allegations are legal conclusions.

13. At all relevant times, Ms. Spaeth could perform the essential functions of a Sales Associate, Housewares Department, with or without a reasonable accommodation, thus rendering her a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

**Answer:** Defendant denies the allegations contained in Paragraph 13.

14. Ms. Spaeth started working for Wal-Mart in 1999, and performed her duties at the Wal-Mart Supercenter successfully without incident until November, 2014. During those years, she worked a regular schedule from 12:00 noon to 4:00 p.m. three or four afternoons per week. During those fifteen years, she received multiple pay raises and satisfactory performance reviews.

**Answer:** Defendant admits that Ms. Spaeth started working for Wal-Mart in 1999, but denies all other allegations contained in Paragraph 14.

15. In or around November, 2014, Wal-Mart instituted a computerized scheduling system, which changed the hours which Ms. Spaeth was required to work.

**Answer:** Defendant admits that in or around November, 2014, it instituted an automated scheduling system, but denies all other allegations contained in Paragraph 15.

16. Ms. Spaeth's condition requires that she maintain a rigid schedule of daily life activities. She informed Wal-Mart that she was unable to maintain the new schedule, and requested a return to the old schedule. Despite numerous conversations, Wal-Mart never offered to modify her schedule, or proposed any other accommodations.

**Answer:** Defendant denies the allegations contained in Paragraph 16.

17. Wal-Mart knew that Ms. Spaeth was disabled and that she had requested a return to the old schedule because if she could not eat supper on time she would get sick.

**Answer:** Defendant denies the allegations contained in Paragraph 17.

18. The Wal-Mart Supercenter at which Ms. Spaeth was employed operated on a twenty-four-hour schedule, and employed more than 300 employees. Wal-Mart could have restored Ms. Spaeth's prior schedule without any hardship.

**Answer:** Defendant denies the allegations contained in Paragraph 18.

19. Beginning in November, 2014, Ms. Spaeth was unable to maintain the new schedule because of her disability. She was disciplined on December 22, 2014 and again on March 18, 2015 for Attendance/Punctuality.

**Answer:** Defendant admits that Ms. Spaeth was disciplined for Attendance/Punctuality, but denies all other allegations contained in Paragraph 19.

20. Wal-Mart terminated Ms. Spaeth's employment on July 10, 2015 for excessive absenteeism.

**Answer:** Defendant admits that it terminated Ms. Spaeth on July 10, 2015 for excessive absences and/or tardiness.

21. Shortly after July 10, 2015, Ms. Spaeth and her mother and sister met with management officials at Wal-Mart and requested the reasonable accommodation that Ms. Spaeth be rehired and allowed to work her old schedule of 12:00 noon to 4:00 pm, pursuant to the Americans with Disabilities Act. Although the terminaton [sic] letter stated that Ms. Spaeth was eligible for rehire, Wal-Mart refused to rehire her.

**Answer:** Defendant admits that Ms. Spaeth requested that she be allowed to work her old schedule of 12:00 noon to 4:00 pm, but denies all other allegations contained in Paragraph 21.

22. As alleged in Paragraph Nos. 12-21, Wal-Mart failed to accommodate Ms. Spaeth, unlawfully disciplined her, terminated her employment, and failed to rehire her, in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b).

**Answer:** Defendant denies the allegations contained in Paragraph 22.

23. The effect of the practices complained of above has been to deprive Ms. Spaeth of equal employment opportunities and otherwise adversely affect his status as an employee because of her disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

**Answer:** Defendant denies the allegations contained in Paragraph 23.

24. The unlawful employment practices complained of above were intentional.

**Answer:** Defendant denies the allegations contained in Paragraph 24.

25. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ms. Spaeth.

**Answer:** Defendant denies the allegations contained in Paragraph 25.

## AFFIRMATIVE DEFENSES

Pleading further, Defendant sets forth the following affirmative defenses to Plaintiff's Complaint, hereby reserving its right to amend this Answer and Affirmative Defenses to assert any

additional affirmative defenses discovered as a result of its own investigation and/or formal discovery in the above-captioned civil action.

1. As and for its First Affirmative Defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. As and for its Second Affirmative Defense, Defendant alleges that Defendant acted at all relevant times with a legitimate, non-discriminatory reason that had nothing to do with Ms. Spaeth's purported disability.

3. As and for its Third Affirmative Defense, Defendant states that Plaintiff's claims are barred by the fact that Ms. Spaeth's purported disability was not a motivating factor in any decision made concerning her employment status or any terms and conditions of her employment.

4. As and for its Fourth Affirmative Defense, Defendant alleges, upon information and belief, that Ms. Spaeth is not a qualified individual with a disability as required by the American with Disabilities Act.

5. As and for its Fifth Affirmative Defense, the Defendant alleges that to the extent Plaintiff establishes that Ms. Spaeth suffers from a "disability" within the meaning of the ADA and that the Defendant took an adverse employment action against her based upon said disability, the Defendant is not liable under the ADA to the extent: (a) she never requested a "reasonable accommodation," within the meaning of the ADA; (b) the Defendant was not aware of the existence of any such "reasonable accommodation" ; (c) no such "reasonable accommodation" existed that would not have posed an "undue hardship," within the meaning of the ADA, on the Defendant; and (d) even with a reasonable accommodation, Ms. Spaeth could not perform the essential functions of her position with the Defendant.

6. As and for its Sixth Affirmative Defense, Defendant states that Plaintiff's claims on behalf of Ms. Spaeth are barred in whole and/or in part by her own acts and/or omissions, which are the proximate cause of and/or contributed in whole and/or in part to the loss and/or damages claimed in the Complaint.

7. As and for its Seventh Affirmative Defense, Defendant states that to the extent the EEOC proves that Defendant took any tangible adverse employment action against Ms. Spaeth due to any impermissible factor, Defendant would have taken the same action in the absence of any impermissible motivating factor.

8. As and for its Eighth Affirmative Defense, Defendant states that to the extent Ms. Spaeth failed to exhaust administrative remedies and/or Plaintiff failed to file the instant action within the time allotted by the applicable statute of limitations or otherwise failed to meet or adhere to jurisdictional prerequisites, this District Court lacks jurisdiction over this matter, and hence, should dismiss this matter.

9. As and for its Ninth Affirmative Defense, Defendant states that to the extent the Complaint raises claims and allegations which are outside the scope of the administrative complaint connected to this matter or were otherwise not raised in an administrative complaint but were required to be raised in an administrative complaint, this District Court lacks jurisdiction over those claims and allegations, and hence, should dismiss those claims and allegations.

10. As and for its Tenth Affirmative Defense, Defendant states that the EEOC cannot recover certain damages on behalf of Ms. Spaeth against Defendant to the extent Ms. Spaeth has failed to mitigate her damages.

11. As and for its Eleventh Affirmative Defense, Defendant states that Plaintiff is not entitled to any relief or damages, including punitive damages, compensatory damages, prejudgment interest, costs, penalties, or attorney's fees

12. As and for its Twelfth Affirmative Defense, Defendant reserves the right to amend, and/or raise additional defenses as may become known through investigation or otherwise.

**WHEREFORE,** Defendant respectfully requests that the matter be dismissed with prejudice and that Defendant be awarded its costs and attorney's fees.

Dated at Milwaukee, Wisconsin this 14th day of March, 2017.

*s/ Emery K. Harlan, Esq.*
Emery K. Harlan, Esq.
State Bar No. 1000240
MWH LAW GROUP LLP
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354
Email: Emery.Harlan@mwhlawgroup.com

MWH LAW GROUP LLP
Emery K. Harlan, Esq., State Bar No. 1000240
Warren E. Buliox, Esq., State Bar No. 1056215
Carlos R. Pastrana, Esq., State Bar No. 1088286
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354

**COUNSEL FOR DEFENDANT**