EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

**CASE NO. 17-CV-00070**

WALMART STORES EAST, LP,

    Defendant.

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## RULE 37 AND 41 MOTION TO DISMISS

Defendant Wal-Mart Stores East, LP ("Walmart" or the "Defendant"), pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") 37 and 41, and by way of undersigned counsel, respectfully submits the following in support of its Rule 37 and 41 Motion to Dismiss:

### FACTS

Plaintiff alleges in this case that Marlo Spaeth, a former associate[1] of Defendant, suffers from a cognitive disability and that Defendant discriminated against her on account of the same and also failed to reasonably accommodate her, in violation of the Americans with Disabilities Act ("ADA"). (Dkt. # 1 at ¶¶ 12 and 22.) As is relevant to this Motion, Plaintiff's Complaint specifically asserts that Ms. Spaeth "suffers from a genetic condition, Down syndrome, that substantially limits her in major life activities, including but not limited to, learning, concentrating, thinking and communicating," that her condition "requires that she maintain a rigid schedule of

---

[1] Employees at Walmart are referred to as "associates."

daily life activities" and that "[b]eginning in November, 2014, [she] was unable to maintain the new schedule because of her disability." (*Id*. at ¶¶ 12, 16 and 19.) Defendant changed Ms. Spaeth's work schedule in/around November of 2014, and eventually terminated her employment on July 10, 2015 for attendance related issues. (Dkt. # 8 at ¶20.)

Among other relief, Plaintiff seeks an order to "make Ms. Spaeth whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation." (Dkt. # 1 at ¶ E.) Plaintiff also asserted in supplemental discovery responses that Defendant's "actions caused Ms. Spaeth severe emotional distress which cannot be limited to a specific amount at this time." (Declaration of Warren E. Buliox at ¶ 2, Ex. A.) Along these lines, Plaintiff's expert opines, among other matters, that Ms. Spaeth did not have the cognitive capacity to understand her termination papers from Defendant, that she was subjected to a great deal of stress and anxiety when her work schedule at Defendant was disrupted and that her anxiety and stress likely stems from her loss of employment with Defendant. (*Id* at ¶ 3, Ex. B.)

Given that Ms. Spaeth's mental condition has been placed squarely at issue in this case, Defendant, on March 30, 2018, moved the Court under Rule 35 for an Order compelling the mental examination of Ms. Spaeth (the "Rule 35 Motion"). (Dkt. # 22.) On May 23, 2018, the Court issued a ruling granting Defendant's Rule 35 Motion, subject to the parameters identified by the Court in its April 25, 2018 and May 15, 2018 proceedings in this matter, which allowed for an examination of Ms. Spaeth by Defendant's expert for up to four hours (Dkt. # 37.)

On June 1, 2018, Defendant's expert commenced his examination of Ms. Spaeth with the understanding that the initial examination would be limited to two hours and continued on another day(s) if needed for up to no more than two additional hours (for a total maximum examination

time of four hours). The June 1, 2018 examination lasted approximately two hours, after which Defendant sought to schedule an additional two-hour examination session.

Plaintiff, however, declined to schedule Ms. Spaeth for additional examination by first insisting (incorrectly) that, pursuant to the Court's May 15, 2018, ruling, Defendant's expert could conduct additional examination (for up to an overall examination time of four hours total) only if the June 1, 2018 examination was cut short by Ms. Spaeth's guardian or Defendant's expert. Plaintiff subsequently advised that Ms. Spaeth's purported guardian, Amy Jo Stevenson, indicated Ms. Spaeth had a "breakdown" after the June 1, 2018 examination and that Ms. Stevenson would in no uncertain terms *not permit* Ms. Spaeth to continue for an additional two-hour examination session.

These issues were brought to the attention of the Court, and on June 29, 2018, the Court clarified that it had not intended to limit Ms. Spaeth's examination in the way Plaintiff claimed, and that the Court's intent was to compel a mental examination of Ms. Spaeth which could last up to four hours. (Dkt. # 41.) The Court, however, noted that it would not order Ms. Spaeth to go back for further examination given the guardian's position on the issue, but that Defendant was free to move for whatever remedy it deemed appropriate. (*Id.*)

Defendant's expert has not completed his examination of Ms. Spaeth, and Defendant has been substantially prejudiced by its inability to fully explore the nature and extent of Ms. Spaeth's mental condition and the allegations Plaintiff makes in connection with the same, including but not limited to its allegations regarding emotional distress and Ms. Spaeth's ability to comprehend employment actions and adjust to change.

## **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 35(a), when the mental or physical condition

of the party is in controversy, the Court may, on a motion for good cause, order the party to submit to a physical or mental examination by a suitable licensed or certified examiner. *EEOC v. Costco Wholesale Corp.,* No. 14 C 6553, 2015 U.S. Dist. LEXIS 168187 at *46-47 (N.D. Ill. December 15, 2015); *Doe v. Blackburn College,* No. 06-CV-3205, 2011 U.S. Dist. LEXIS 32200 at *5-6 (C.D. Ill. March 28, 2011; *Mitchell v. Iowa Interstate Railroad Ltd.,* 2009 U.S. Dist. Lexis 68376 *1, *1 (C.D. Ill. 2009), internal quotations omitted. A plaintiff who alleges a specific mental or developmental condition provides the defendant with good cause for an examination to determine the existence and extent of such condition. *Walti v. Toys R Us,* No. 10 C 2116, 2011 U.S. Dist. LEXIS 97788 at *5-8 (N.D. Ill. August 31, 2011); *Hart v. Roundy's Supermarkets, Inc.,* No. 10-C-824, 2011 U.S. Dist. LEXIS 94530 at *4-6 (E.D. Wis. August 23, 2011); *Bovey v. Mitsubishi Motor Manufacturing of America, Inc.,* 2002 U.S. Dist. Lexis 5701 *1, *2-3 (C.D. Ill. 2002). Further, a plaintiff's mental state is clearly at issue when a plaintiff concedes that it is. *Walti,* 2011 U.S. Dist. LEXIS 97788 at *5.

This Court, having found good cause to compel a mental examination of Ms. Spaeth, ordered as much on May 23, 2018. While Ms. Spaeth was produced for an initial examination, Plaintiff and/or Ms. Spaeth's guardian have worked to thwart Defendant's efforts to have a full examination, first by Plaintiff claiming incorrectly that Ms. Spaeth examination could only continue if cut short on the initial day and then by the guardian refusing to produce Ms. Spaeth for additional examination, regardless apparently of how much time the Court allotted for the examination. (Dkt. # 39 at ¶¶ 4 and 5.)

> Under Fed. R. Civ. P. 37(b)(2)(B):
>
> If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)—(vi), unless the disobedient party shows that it cannot produce the other person.

-4-

The orders listed in Rule(b)(2)(A)(i)—(vi) include, but are not limited to, rendering a default judgment or dismissing the action or proceeding in whole or in part. This spectrum of sanctions serves as a deterrent aimed at enforcing a strict adherence to the "responsibilities counsel owe[s] to the Court and to their opponents." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 640 (1976). Significantly, the Court has "broad discretion to impose any sanction or combination of sanctions it deems appropriate." STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN, AND JOHN B. CORR, FEDERAL CIVIL RULES HANDBOOK 2010 883 (2009). Indeed, the Court's limitation is that any order be "just." Fed. R. Civ. P. 37(b)(2)(A). The materiality of the issue on which discovery is withheld and the difficulty posed to the opponent by the withholding are relevant factors in assessing how "just" an order levying sanctions is. *Avionic Co. v. General Dynamics Corp.,* 957 F.2d 555, 558 (8th Cir. 1992).

Fed. R. Civ. P. 41(b) provides another mechanism for dismissing a case for failure to comply with court orders, and adds that cases may be involuntarily dismissed for want of prosecution as well. Under this rule:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Rule 41 differs from Rule 37 in the that former applies to court orders generally and/or failure to prosecute, while the latter applies only to failure to comply with discovery rules or discovery orders directed by the court. *Govas v. Chalmers,* 965 F.2d 298, 301(7th Cir. 1992); *Allen v. Interstate Brands Corp.,* No. IP 96-1285-C-Y/S, 1999 U.S. Dist. LEXIS 15446 (S.D. Ind. March 16, 1999) at *4. However, a party's conduct might be sanctioned with dismissal under either Rule.

*Holt v. Loyola Univ. of Chi.*, 497 Fed Appx 662, 664 (7th Cir. 2012); *Govas,* 965 F.2d at 303; *Allen,* 1999 U.S. Dist. LEXIS 15446 at *39-40. This is because factors considered by a court under Rule 37 are similar to the factors to be considered when deciding whether to dismiss under Rule 41. *Woods v. Chi. Transit Auth.,* No. 04 C 04124, 2006 U.S. Dist. LEXIS 63167 (N.D. Ill. August 18, 2006) at *7; *Allen,* 1999 U.S. Dist. LEXIS 15446 at *7. Some of these factors are: the duration of the plaintiff's failure to comply, whether the defendant is likely to be prejudiced by further delay, and the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard. *Id.*

In this case, dismissal is warranted either under Rule 35 or Rule 41, as: (i) the refusal to produce Ms. Spaeth for a full examination (up to four hours) is in direct defiance of the Court's original Order on the Rule 35 Motion; (ii) the discovery withheld is critical to the case and Defendant's defense of the same; and (iii) the refusal to permit further examination of Ms. Spaeth substantially impairs Defendant's case. While Plaintiff may argue that it cannot force Ms. Spaeth to continue the examination, Plaintiff is specifically seeking relief for Ms. Spaeth and has custody or control over Ms. Spaeth for purposes of this case, which is a point that was not contested during the Rule 35 Motion proceedings.[2] (Dkt. # 29.) Yet, it has not or cannot produce her for continued mental examination, despite the Court's original Order on Defendant's Rule 35 Motion. Notably, Ms. Spaeth's sister and legal guardian testified subsequent to the June 1, 2018 examination of Ms.

---

[2] Rule 35(a) provides that "[t]he court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" and that "[t]he court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. R. 35(a). Plaintiff did not contest that it has custody or control over Ms. Spaeth for purposes of this action during the Rule 35 proceedings in this case. It further produced Ms. Spaeth for examination on June 1, 2018. (Dkt. #29.) By its actions, Plaintiff has conceded this point. Notably, the EEOC controls all contact with the Charging Party and/or the party for whom it is seeking relief. (Buliox Decl. at ¶ 7.) Further, the EEOC has in other cases in this Circuit been held responsible for producing interested persons for mental examinations for whom they are seeking relief. *See e.g. EEOC v. Costco Wholesale Corp.*, 2015 U.S. Dist. LEXIS 168187 at *46-47 (N.D. Ill. 2015).

Spaeth that Defendant's expert was not abusive during the examination. (Buliox Dec. at ¶ 4, Ex. C.) Another sister of Ms. Spaeth who witnessed the June 1, 2018, examination testified that in working with Ms. Spaeth Defendant's expert was nice, pleasant and courteous. (*Id*. at ¶¶ 5 and 6, Ex. D.)

Regardless of whether Rule 37 or 41 is applied, an interested party's stubborn refusal to allow the other party to complete a medical examination when its medical condition or history is at issue has been sanctioned with dismissal by courts in this Circuit and beyond. For instance, in *Koelling v. Livesay,* No. 04-cv-00375-MJR, 2006 U.S. Dist. LEXIS 86219 (S.D. Ill. July 28, 2006) at *19, the court upheld the dismissal of a sexual harassment complaint when the plaintiff appeared at her mental examination, but refused to cooperate with the examining psychologist, on advice of her counsel. In *Evans v. Salzer,* No. 94 C 0028, 1997 U.S. Dist. LEXIS 8974 at *3 (N.D. Ill. June 16, 1997), *citing Winters v. Travia,* 495 F.2d 839, 840-841 (2nd Cir. 1974), the court ordered a plaintiff in a Constitutional rights case who had refused to submit to an examination on religious grounds to do so, or his allegations for damages would be dismissed, due to his refusal to cooperate in discovery. Similarly, in a case in which the plaintiff requested damages for future medical treatment, the district court for the District of Columbia dismissed the complaint because the plaintiff, among other things, refused to submit to a medical examination. *Handy v. Shaw, Bransford, Veilleux & Roth,* No. 00-2336 (CKK), 2006 U.S Dist. LEXIS 92715 (D.D.C. December 22, 2006) at *24-26.

The outright refusal or inability to allow Defendant to complete its mental examination of Ms. Spaeth, even after the Court ordered it, is egregious and inexcusable enough that no lesser sanction than dismissal with prejudice would be adequate and sufficient. *See e.g. Sloane v. Thompson,* 128 F.R.D. 13, 15-16 (D. Mass. 1989) (dismissing a case where a party refused to

-7-
Case 1:17-cv-00070-WCG   Filed 10/02/18   Page 7 of 10   Document 49

undergo a medical examination after noting that the court did not "believe the case can or should be tried without evidence concerning plaintiff's current physical condition."); *also see Gilpin v. Philip Morris Int'l, Inc.*, No. 01 Civ. 5960, 2002 U.S. Dist. LEXIS 12181 at *9-10 (S.D.N.Y, July 8, 2002).

This is a disability case which squarely centers on Ms. Spaeth, including her level of functioning as a person with Down Syndrome and the effect Defendant's employment actions may have had on her. How can Defendant defend itself against allegations that she was unable to adapt to change, unable to understand the employment actions at issue, was subjected to emotional distress, etc. if it cannot fully evaluate her mental condition and capacity? It cannot, at least not fully. Perhaps this is Plaintiff's or the legal guardian's aim. This is not, however, the aim of the law and discovery expectations in this Circuit, and instead runs headlong against notions of fairness. Defendant's right to be able to defend itself from the allegations in the Complaint is greatly undermined by the wanton conduct at issue, and dismissal is warranted.

Of note, an order of dismissal under Rule 37 seeks not only "merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League,* 427 U.S. at 643. Plaintiff advances employment discrimination claims across this Circuit and across the country, and its cases are oftentimes followed and cited. Dismissing this case considering the conduct at issue would send a clear signal that it is unacceptable (at least in a disability case where medical conditions are at issue) to not produce a person ordered for mental examination and effectively deny a party full discovery and the ability to defend itself.

When the discovery sought is material to the allegations in a case, a plaintiff's refusal to comply is prejudicial enough to warrant dismissal or elimination of claims related to the discovery

-8-

Case 1:17-cv-00070-WCG   Filed 10/02/18   Page 8 of 10   Document 49

in question. *Avionic Co.,* 957 F.2d at 559 ("In the context of Rule 37(b)(2) motions "prejudice" exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim"); *Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572-73 (8th Cir. 2012) (affirming district court's sanction of dismissal upon multiple discovery violations and noting that the actions at hand prejudiced the affected party by preventing it from accurately assessing the other party's claims). Given Defendant's inability to complete its examination of Ms. Spaeth and its resultant inability to rebut, with expert testimony of its own, direct allegations against it (all of which has been created by Plaintiff's refusal or inability to produce Ms. Spaeth for further examination), Plaintiff should not be allowed to prosecute its discrimination claim on behalf of Ms. Spaeth.

## CONCLUSION

For all the reasons stated herein, Defendant respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, given its insistent refusal or inability to allow Defendant the opportunity to complete its mental examination of Ms. Spaeth, in frustration of the Court's original Order on the matter.

Dated this 2nd day of October, 2018.

**MWH LAW GROUP LLP**

*s/ Warren E. Buliox*_____
Emery K. Harlan
Bar No. 1000240
Warren E. Buliox
Bar No. 1056215
Carlos R. Pastrana
Bar No. 1088286
735 N. Water Street, Suite 610
Milwaukee, WI 53202
(414) 436-0353 Phone
(414) 436-0354 Facsimile
emery.harlan@mwhlawgroup.com

warren.buliox@mwhlawgroup.com
carlos.pastrana@mwhlawgroup.com
**COUNSEL FOR DEFENDANT**