UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.        Case No. 17-C-70

WAL-MART STORES EAST LP,

    Defendant.

**ORDER**

This matter comes before the court on Plaintiff Equal Employment Opportunity Commission's request that the court issue a protective order. The parties have reached agreement on all provisions in the proposed protective order, except for the following language italicized below:

> Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient, *except that EEOC may utilize Confidential Information in connection with other law enforcement activity involving Defendant, subject to the statutory confidentiality provisions which govern such activities*.

Defendant Wal-Mart Stores East LP objects to the italicized language and contends it should not be included in the protective order. Plaintiff argues that if the italicized language is removed, the limitations in the protective order would impermissibly interfere with its law enforcement function.

Ordinarily, the use of discovery disclosed in one litigation "to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1128 n.1 (9th Cir. 2003) (citing *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992)); *see also United States v. Hooker Chem.*

*& Plastics Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981) ("Use of the discovery fruits disclosed in one lawsuit in connection with other litigation, and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of Federal Rules of Civil Procedure . . . . Such cooperation among litigants promotes the speedy and inexpensive determination of every action as well as conservation of judicial resources." (citations omitted)). Courts that have allowed sharing orders, however, generally limit sharing to situations where there is a similarity between the lawsuits and the litigants, such as in the product liability or mass tort context. *See E.E.O.C. v. Sterling Jewelers, Inc.*, No. 08-cv-00706, 2011 WL 4745362 (W.D.N.Y. Oct. 7, 2011) (finding that the EEOC could use confidential information in its enforcement actions against defendant, but only with respect to enforcement activities related to that litigation); *compare Cipollone v. Liggett Grp., Inc.*, 822 F.2d 335 (3d Cir. 1987) (permitting sharing among litigants in tobacco tort cases); *Ward v. Ford Motor Co.*, 93 F.R.D. 579 (D. Colo. 1982) (allowing sharing of information where several hundred "fuel system integrity cases," involving Ford Pintos, had been filed in various courts throughout the United States), *with Long v. TRW Vehicle Safety Sys.*, No. CV-09-2209-PHX, 2010 WL 1740831, at *1 (D. Ariz. Apr. 29, 2010) ("[A] collateral litigant . . . should not be granted automatic access to a defendant's confidential documents [without demonstrating] the relevance of the protected discovery to the collateral proceedings and its general discoverability therein."); *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 584 (S.D. Fla. 2014) (noting "Plaintiff has not satisfied the Court that documents to be produced in the instant case are relevant to the out-of-district proceedings"); *McDaniel v. Freightliner*, No. 99 CIV 4292, 2000 WL 303293, at *10 (S.D.N.Y. Mar. 23, 2000).

In this case, Plaintiff has not demonstrated that the confidential discovery information would be used in related litigation. Indeed, Plaintiff's proposed sharing language does not require sufficient similarity language with other litigants; only that Wal-Mart be the defendant. As a result, any

2

potential gain in judicial efficiency that may be attained in other cases is merely hypothetical, as Plaintiff has not established that the discovery information would be used in collateral lawsuits with sufficiently similar facts. *See Menendez v. Wal-Mart Stores East LP*, No. 1:10-cv-53, 2012 WL 90140, at *2 (N.D. Ind. Jan. 11, 2012) ("Here, however, Plaintiffs have failed to provide any evidence that such collateral lawsuits actually exist. Consequently, any purported gain in judicial efficiency achieved in other cases through 'sharing orders' is purely hypothetical in this case."); *Lohr v. Zehner*, No. 2:12cv533-MHT, 2014 WL 12742197, at *2 (M.D. Ala. Mar. 6, 2014) (finding that plaintiff had not shown sufficient need for sharing discovery because plaintiff "failed to come forward with information concerning any 'substantially similar' cases that are currently in progress or immediately contemplated for filing").

If Defendant produces confidential information in this case, there is no reason to believe it will not also do so in other litigation, should it arise, in which the same information is requested and discoverable. At the same time, by limiting the use of the confidential information it discloses in this case to use by Plaintiff in this case, Defendant is better able to insure its interest in preserving confidentiality is protected. Finally, if Plaintiff concludes that good cause for maintaining confidentiality does not exist and the public interest warrants disclosure, it is free to challenge Defendant's confidentiality designation under the protective order.

In sum, Plaintiff has not established that a sharing order is appropriate in this case. The court therefore sustains Defendant's objection to the italicized language quoted above. A proposed order with the italicized language deleted may be submitted for the court's signature.

**SO ORDERED** this __15th__ day of October, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
