UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

**CASE NO. 17-CV-00070**

WALMART STORES EAST, LP,

    Defendant.

---

### DEFENDANT'S RENEWED RULE 37 AND 41
### MOTION TO DISMISS

---

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") 7 and Civil L.R. 7, Defendant Wal-Mart Stores East, LP ("Walmart" or the "Defendant"), by way of undersigned counsel, respectfully withdraws its original Motion to Dismiss (Dkt. # 48) and submits the following as and for its renewed Rule 37 and 41 Motion to Dismiss:

## FACTS

1. Plaintiff alleges in this case that Marlo Spaeth, a former associate[1] of Defendant, suffers from a cognitive disability and that Defendant discriminated against her on account of the same and also failed to reasonably accommodate her, in violation of the Americans with Disabilities Act ("ADA"). (Dkt. # 1 at ¶¶ 12 and 22.)

2. Given that Ms. Spaeth's mental condition has been placed squarely at issue in this case, Defendant, on March 30, 2018, moved the Court under Rule 35 for an Order compelling the mental examination of Ms. Spaeth (the "Rule 35 Motion"). (Dkt. # 22.) On May 23, 2018, the

---

[1] Employees at Walmart are referred to as "associates."

Court issued an Order granting Defendant's Rule 35 Motion, subject to the parameters identified by the Court in its April 25, 2018 and May 15, 2018 proceedings in this matter, which allowed for an examination of Ms. Spaeth by Defendant's expert for up to four hours (Dkt. # 37.)

3. On June 1, 2018, Defendant's expert commenced his examination of Ms. Spaeth with the understanding that the initial examination would be limited to two hours and continued on another day(s) if needed for up to no more than two additional hours (for a total maximum examination time of four hours). The June 1, 2018 examination lasted approximately two hours, after which Defendant sought to schedule an additional two-hour examination session. (Dkt. 39 at ¶ 3.)

4. Plaintiff, however, declined to schedule Ms. Spaeth for additional examination by first insisting (incorrectly) that, pursuant to the Court's May 15, 2018 Order, Defendant's expert could conduct additional examination (for up to an overall examination time of four hours total) only if the June 1, 2018 examination was cut short by Ms. Spaeth's guardian or Defendant's expert. (*See Id.* at ¶ 4.)

5. Later, Plaintiff advised that Ms. Spaeth's purported guardian, Amy Jo Stevenson, indicated Ms. Spaeth had a "breakdown" after the June 1, 2018 examination and that Ms. Stevenson would in no uncertain terms *not permit* Ms. Spaeth to continue for an additional two-hour examination session. (*See Id*. at ¶ 5.)

6. These issues were brought to the attention of the Court, and on June 29, 2018, the Court clarified that it had not intended to limit Ms. Spaeth's examination in the way Plaintiff claimed, and that the Court's intent was to compel a mental examination of Ms. Spaeth which could last up to four hours. (Dkt. # 41.) The Court, however, noted that it would not order Ms. Spaeth to go back for further examination given the guardian's position on the issue, but that

Defendant was free to move for whatever remedy it deemed appropriate. (*Id.*)

7. The Court did note that a necessary result of Defendant's expert not being able to complete his examination *may* be dismissal of the case and the potential of Defendant moving for as much, although the Court was clear to not take a position without being apprised on the law on the issue.

8. Following the June 29, 2018 conference with the Court, Defendant emailed Plaintiff on July 17, 2018, regarding its expert report and disclosures. (Buliox Decl. at ¶ 2, Ex. B.) Defendant noted that its expert needed additional testing to complete his assessments and finalize his report, and specifically asked that Plaintiff advise Defendant "right away" if the guardian changes her mind about producing Ms. Spaeth for additional examination. (*Id.*) Plaintiff did not agree to produce Ms. Spaeth for additional examination in July 2018, August 2018 or September 2018.

9. In light of Plaintiff's refusal to produce Ms. Spaeth for the completion of the mental examination, Defendant filed a Motion to Dismiss Under Rule 37 and 41 on October 2, 2018 (the "Original Motion to Dismiss"). (Dkt. # 48.) In its brief in support of the same, Defendant argued, among other points, that "[t]he outright refusal or inability to allow Defendant to complete its mental examination of Ms. Spaeth, even after the Court ordered it, is egregious and inexcusable enough that no lesser sanction than dismissal with prejudice would be adequate and sufficient." (Dkt. 49 at p. 7.) (Citations omitted.)

10. Incredibly, just one day after Defendant filed its Original Motion to Dismiss, Plaintiff agreed to produce Ms. Spaeth for additional examination. In an email to Defendant, Plaintiff wrote:

> After witnessing Ms. Spaeth's deposition last week, and after being informed of Wal-Mart's motion to dismiss the case, Ms. Stevenson has decided to make Ms.

Spaeth available to complete Walmart's Rule 35 examination.

(Buliox Decl. at ¶ 3, Ex. B.)

11. In light of this development, Defendant initially sought, through a letter to this Court, an Order requiring Plaintiff to show cause as to why dismissal was not warranted in such circumstances. In response, the Court, in a text order, directed Defendant to Fed. R. Civ. P. 7. (Dkt. # 56.) Defendant has elected to: (i) not seek an order to show cause; (ii) withdraw its Original Motion to Dismiss; and (iii) file the instant Renewed Motion to Dismiss.

## ARGUMENT

12. This Court, having found good cause to compel a mental examination of Ms. Spaeth, ordered as much on May 23, 2018. While Ms. Spaeth was produced for an initial examination, Plaintiff and/or Ms. Spaeth's guardian have worked to thwart Defendant's efforts to have a full examination, first by Plaintiff claiming incorrectly that Ms. Spaeth examination could only continue if cut short on the initial day and then by refusing to produce Ms. Spaeth for additional examination. (Dkt. # 39 at ¶¶ 4 and 5.)

13. Federal Rule of Civil Procedure 37 allows for dismissal of a proceeding, in whole or in part, when a party fails to obey a discovery order. The spectrum of sanctions under the Rule serves as a deterrent aimed at enforcing a strict adherence to the "responsibilities counsel owe[s] to the Court and to their opponents." *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 640 (1976). Significantly, the Court has "broad discretion to impose any sanction or combination of sanctions it deems appropriate." STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN, AND JOHN B. CORR, FEDERAL CIVIL RULES HANDBOOK 2010 883 (2009). Indeed, the Court's limitation is that any order be "just." Fed. R. Civ. P. 37(b)(2)(A).

14. Federal Rule of Civil Procedure 41(b) provides another mechanism for dismissing

a case for failure to comply with court orders, and adds that cases may be involuntarily dismissed for want of prosecution as well. Under this rule:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

15. Rule 41 differs from Rule 37 in the that former applies to court orders generally and/or failure to prosecute, while the latter applies only to failure to comply with discovery rules or discovery orders directed by the court. *Govas v. Chalmers,* 965 F.2d 298, 301(7th Cir. 1992); *Allen v. Interstate Brands Corp.,* No. IP 96-1285-C-Y/S, 1999 U.S. Dist. LEXIS 15446 (S.D. Ind. March 16, 1999) at *4. However, a party's conduct might be sanctioned with dismissal under either Rule. *Holt v. Loyola Univ. of Chi.*, 497 Fed Appx 662, 664 (7th Cir. 2012); *Govas,* 965 F.2d at 303; *Allen,* 1999 U.S. Dist. LEXIS 15446 at *39-40. This is because factors considered by a court under Rule 37 are similar to the factors to be considered when deciding whether to dismiss under Rule 41. *Woods v. Chi. Transit Auth.,* No. 04 C 04124, 2006 U.S. Dist. LEXIS 63167 (N.D. Ill. August 18, 2006) at *7; *Allen,* 1999 U.S. Dist. LEXIS 15446 at *7.

16. Purposeful delay, contumacious conduct, prior failed sanctions, willfulness, bad faith and fault in not complying with rules or orders of the court has led to dismissal in this Circuit and in others. *See e.g. Ronald v. Salem Contact Carriers, Inc.*, 811 F.2d 1175, 1177-79 (7th Cir. 1987) (affirming the district court's dismissal of the case in light of plaintiff's pattern of misconduct and noting that courts may dismiss a case under Rule 41 where there exist a clear record of delay or contumacious conduct and under Rule 37 when there is willfulness, bad faith or fault on the part of the non-moving party); *Collins v. Illinois*, 554 F.3d 693, 696-97 (7th Cir. 2009)

(affirming district court's dismissal as reasonable when the plaintiff's conduct was willful and hindered the progress of the lawsuit); *Puckett v. Dyer*, 2008 U.S. LEXIS 14400, *13-14 (E.D. Cal. 2008) (dismissing the action with prejudice given unjustified delays and willful failures "to cooperative with basic discovery").

17. In this case, dismissal is warranted either under Rule 37 or Rule 41 in light of Plaintiff's display of discovery gamesmanship and clear evidence of bad faith and willful delay in connection with the compelled mental examination of Ms. Spaeth.

18. Indeed, on October 3, 2018, after months of outright refusing to produce Ms. Spaeth for continued examination, Plaintiff agreed to make Ms. Spaeth available for continued mental examination just one day after Defendant was forced to file its Original Motion to Dismiss. This, of course, is after Defendant was required to incur legal fees associated with its Original Motion to Dismiss. That Plaintiff decided to produce Ms. Spaeth for examination only upon Defendant's filing of its Original Motion to Dismiss demonstrates Plaintiff's blatant disregard for this Court's Order and underscores a pattern of contumacious conduct and bad faith that warrants dismissal.

19. Plaintiff's bad faith refusal to produce Ms. Spaeth for examination is also revealed through the deposition testimony of Ms. Spaeth's guardian and stepsister. According to their testimony, Dr. David Thompson, the Psychologist who conducted the examination, was pleasant and not abusive during the process. (*see* Dkt. 50 at ¶¶ 4 and 5, Exs. C and D.)

20. Yet, another example of Plaintiff's obstructionist conduct during this case is its refusal to have Ms. Spaeth execute a medical authorization allowing Defendant to obtain her medical records. Instead, Defendant was once again forced to incur attorney's fees to bring that discovery dispute to the Court for resolution. This Court rejected Plaintiff's attempt to prevent Defendant from gathering Ms. Spaeth's medical records for the very obvious reason that her

-6-
Case 1:17-cv-00070-WCG   Filed 10/18/18   Page 6 of 9   Document 60

medical condition is at issue in this case and Defendant is entitled to gather the evidence itself and not have the EEOC unilaterally decide what Defendant should have access to. (*see* Dkt. 52.)

21. From shifting and/or multiple explanations as to why Ms. Spaeth would not be produced for additional examination, to efforts to deny Defendant a basic medical authorization form for Ms. Spaeth, to a refusal to present Ms. Spaeth for a continued deposition, Defendant has had to jump through proverbial hoops to get information to test Plaintiff's allegations and case theories on items as basic as Ms. Spaeth's purported disability in a disability case.[2]

22. Plaintiff's curious, sudden decision to produce Ms. Spaeth for completion of her examination, on the heels of Defendant's Original Motion to Dismiss, lays bare the willful nature of its improper actions in this matter. Courts have consistently resolved such gamesmanship and bad faith in flaunting court orders with dismissal. *See e.g. Begolli v. Home Depot*, 2013 U.S. Dist. LEXIS 152080, *10-14 (W.D. Wis. 2013) (noting that the time for gamesmanship in discovery had passed and that if the plaintiff was not proceeding pro se the court would have no hesitation in dismissing the case in light of the same); *Rencher v. AT&T Mobility Servs.*, LLC, 2012 U.S. Dist. LEXIS 70443, *8-9 (N.D. Ill. 2012) (noting that "even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault . . ."); *citing Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003); *also see Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572-73 (8th Cir. 2012) (affirming district court's sanction of dismissal upon multiple discovery violations

---

[2]While the Court has granted Plaintiff's Motion to expand deadlines in this case – something necessitated by Plaintiff's improper discovery conduct – that extension is not without consequence to Defendant. Given that the trial date will be pushed back to a later date (which Defendant believes was necessary given that discovery deadlines needed to be enlarged), the potential amount any backpay award, should there be a finding of liability, has increased. Hence, this is another way that Defendant has been prejudiced by Plaintiff's improper conduct during discovery.

and noting that the actions at hand prejudiced the affected party by preventing it from accurately assessing the other party's claims).[3]

23. Finally, while the Plaintiff's bad faith conduct throughout discovery has improperly interfered with Defendant's legitimate discovery efforts and resulted in Defendant needlessly incurring legal fees in connection with Motions to Compel in this matter, perhaps the most important reason for this Court to grant the relief being sought herein relates to parties not involved in this case. Specifically, dismissing Plaintiff's lawsuit would send a clear message that this Court will not tolerate the obstructionist conduct displayed by Plaintiff in this matter. Such an outcome would make it clear that the Court expects litigants to cooperate in the discovery process and not waste time and resources on the sort of tactics that have been employed by the Plaintiff here. *See Nat'l Hockey League,* 427 U.S. at 643 (an order of dismissal under Rule 37 seeks not only "merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

WHEREFORE, Walmart very respectfully requests that the Plaintiff's Complaint be dismissed, with prejudice, due to its repeated, flagrant actions in thwarting Defendant's legitimate discovery efforts, including its willful and/or bad faith delays in producing Ms. Spaeth for a full examination by Defendant's expert, in frustration of the Court's original Order on the matter.[4]

Dated this 18th day of October, 2018.

                                               **MWH LAW GROUP LLP**

                                               *s/ Warren E. Buliox*
                                               Emery K. Harlan
                                               Bar No. 1000240
                                               Warren E. Buliox

---

[3] The unpublished cases cited herein are attached hereto to the Declaration of Warren E. Buliox.

[4] The Defendant hereby certifies pursuant to Civil L.R. 7 that no memorandum or other supporting papers will be filed other than the Declaration of Warren E. Buliox and its accompanying exhibits.

Bar No. 1056215
                                            Carlos R. Pastrana
                                            Bar No. 1088286
                                            735 N. Water Street, Suite 610
                                            Milwaukee, WI 53202
                                            (414) 436-0353 Phone
                                            (414) 436-0354 Facsimile
                                            emery.harlan@mwhlawgroup.com
                                            warren.buliox@mwhlawgroup.com
                                            carlos.pastrana@mwhlawgroup.com
                                            **COUNSEL FOR DEFENDANT**