# EXHIBIT 2

**From:** CARRIE VANCE <CARRIE.VANCE@EEOC.GOV>
**Sent:** Tuesday, June 19, 2018 3:54 PM
**To:** Warren Buliox <warren.buliox@mwhlawgroup.com>; LESLIE CARTER <LESLIE.CARTER@EEOC.GOV>
**Cc:** Carlos Pastrana <carlos.pastrana@mwhlawgroup.com>; JEAN KAMP <JEAN.KAMP@EEOC.GOV>; ANNE SAMSON <ANNE.SAMSON@EEOC.GOV>
**Subject:** RE: EEOC (Spaeth) vs. Wal-Mart - Minutes of May 15 Conference

Dear Warren,

The motion as drafted does not accurately reflect the state of affairs from EEOC's perspective. The motion should not be filed unopposed. Ms. Stevenson still has not responded to my efforts to contact her. I need to know whether she will submit Marlo Spaeth for further examination after you already used the two hours you were supposed to have for her examination. The parties do not have agreement that Judge Griesbach unequivocally ordered a four-hour exam to be split up into two sessions of two hours each.

We ordered the transcript and the Judge said, "I think your expert can have the 2 hours. If he ends earlier because he just isn't effective and he thinks that another time would allow him to complete it, he can do that up to a total of 4 hours. . . The guardian has the right and the ability to terminate it. It seems to me to be reasonable and if it is terminated early and the expert really believes there is more on a fresh day he might be able to get what he didn't get the first day I think that is reasonable to try."

Instead of planning a two-hour examination, Walmart obviously planned four hours worth of examination time, to be split into two sessions of two hours each. Because your motion to extend deadlines reflects this incorrect interpretation of Judge Griesbach's ruling, EEOC cannot agree that it is unopposed. The Judge intended for two hours of examination that could be rescheduled if the June 1st session terminated early.

We know that your expert chose not to conduct his IQ test on June 1 and that you have requested that Marlo return for an additional two hours of testing. However, as we told you on June 4th, Ms. Stevenson informed us that Marlo had an emotional breakdown in the car on the ride home. Ms. Stevenson indicated at that time that she will not subject Marlo to another two hours of testing. We still need to discuss this issue further with Ms. Stevenson to see if she is willing to reconsider her decision.

Ultimately, EEOC will not oppose a motion to extend deadlines in the case, but as drafted, your motion misstates EEOC's position regarding the examination of Marlo Spaeth.

Sincerely,

Carrie Vance
Trial Attorney
U.S. EEOC – Milwaukee Area Office
310 W. Wisconsin Ave, Suite 500
Milwaukee, WI  53203
(414) 297-1130