EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

    v.                               Case No. 17-C-70

WAL-MART STORES EAST LP,

        Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff Equal Employment Opportunity Commission brought this action against Defendant Wal-Mart Stores East LP on behalf of a terminated employee, Marlo Spaeth, a woman with Down Syndrome, alleging discrimination under Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991. On October 2, 2018, Wal-Mart filed a motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, seeking dismissal of this action due to the EEOC's alleged failure to produce Spaeth to complete her court-ordered mental examination. On October 18, 2018, Wal-Mart filed a motion withdrawing its original motion to dismiss and renewing its request to dismiss the EEOC's claims pursuant to Rules 37 and 41. Wal-Mart has also requested that the EEOC produce Spaeth to complete her deposition. For the following reasons, Wal-Mart's motion to dismiss will be denied but its request that the EEOC make Spaeth available for further questioning to complete her deposition will be granted.

### BACKGROUND

The EEOC brought this action on behalf of Marlo Spaeth against her former employer, Wal-Mart alleging that Wal-Mart discriminated against her on account of her cognitive disability and

failed to reasonably accommodate her. Given that Spaeth's mental condition has been placed at issue in this case, Wal-Mart moved the court under Rule 35 for an order compelling the mental examination of Spaeth. After the EEOC filed a brief in opposition to the motion, the court held a telephone motion hearing on April 25, 2018. At the hearing, the court concluded that Wal-Mart was entitled to its own examination and directed the parties to consult with each other in an effort to reach an agreement regarding the limitations and parameters of the examination.

The court held a status conference on May 15, 2018, to discuss the status of the agreement regarding the examination. While the parties agreed about the location of the examination, they did not agree as to whether the examination should last for two hours or up to four hours or whether the examination should be recorded. ECF No. 34. Wal-Mart stated that its expert believed he needed anywhere from two to four hours to complete the examination, depending on Spaeth's tolerance and the speed of the examination. The court indicated that Wal-Mart's expert could conduct the examination for two hours, but if the initial examination was not effective and the expert believed a break would allow him to complete it, he could continue the examination on a different day for a combined examination total of no more than four hours. The court also found that a guardian may be present and have the right to terminate the examination if necessary, and that the examination could be videotaped. ECF No. 36. After the status conference, the court issued an order granting the motion for a mental examination, subject to the limitations set forth in the hearings held on April 25, 2018 and May 15, 2018. ECF No. 37.

Wal-Mart's expert commenced his examination of Spaeth on June 1, 2018, with the understanding that the initial examination would be limited to two hours and continued at another time if necessary for up to no more than two additional hours. After the initial examination

concluded, Wal-Mart sought to schedule another two-hour session. The EEOC declined to schedule an additional examination, indicating that the court noted the defendant's expert could conduct further examination only if the initial examination was cut short by Spaeth's guardian or the defendant's expert. The EEOC later advised Wal-Mart that Spaeth's guardian would not permit Spaeth to be examined for an additional two-hour session.

The court held a status conference on June 29, 2018, to address the length of the examination and the guardian's position that she would not permit Spaeth to continue the examination. At that conference, the court clarified that it had not intended to limit the examination to two hours and that the expert could examine Spaeth for up to four hours if necessary. The court further stated, however, that it would not order Spaeth to be submitted for further testing given the guardians position, but would entertain a motion to dismiss or some other remedy so as to avoid any prejudice to the defendant. ECF No. 41. The parties conferred regarding continued examination in July, August, and September 2018. The EEOC would not produce Spaeth for the completion of the mental health examination without her guardian's consent.

In the meantime, the parties took Spaeth's deposition on September 26, 2018. Although Spaeth was made available for an approximately nine and a half hour day, the deposition itself lasted about six hours. When Wal-Mart attempted to schedule another time to finish the deposition, the EEOC would not voluntarily produce Spaeth for further questioning. The court held a hearing regarding the dispute on October 3, 2018. The court directed the defendant to send in the videotaped deposition. The court noted that after reviewing the deposition, it would make a determination as to whether the deposition would be continued.

On October 2, 2018, Wal-Mart filed a motion to dismiss. The following day, the EEOC agreed to produce Spaeth for additional examination. The EEOC explained, "After witnessing Ms. Spaeth's deposition last week, and after being informed of Wal-Mart's motion to dismiss the case, [Spaeth's guardian] has decided to make Ms. Spaeth available to complete Walmart's Rule 35 examination." ECF No. 61-2. On October 18, 2018, Wal-Mart filed a renewed motion to dismiss.

## ANALYSIS

### A. Continuation of Mental Examination

Wal-Mart relies on both Rules 37 and 41 of the Federal Rules of Civil Procedure as bases to dismiss this lawsuit for the EEOC's failure to produce Spaeth for continued examination. District courts have the power to impose sanctions that are "proportionate to the circumstances surrounding a party's failure to comply with discovery rules" or court orders regarding discovery. *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (citing *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)); *see also Dotson v. Bravo*, 321 F.3d 663, 666–67 (7th Cir. 2003). Dismissal under Rule 37(b) is appropriate when a plaintiff fails to comply with a discovery order; the failure resulted from willfulness, bad faith, or fault; and a lesser sanction would be inappropriate. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). Rule 41 provides that, if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order, "a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Seventh Circuit has cautioned that a district court should invoke Rule 41 "sparingly and should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). Ordinarily, the court should

warn the plaintiff that the sanction of dismissal may be imposed. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).

Wal-Mart asserts that the EEOC has worked to thwart its efforts to have a full mental examination of Spaeth. It maintains that after months of refusing an examination, the EEOC only agreed to continue the examination after Wal-Mart filed its original motion to dismiss. Given the EEOC's conduct, Wal-Mart argues that the EEOC has forfeited its right to pursue this action. The EEOC contends that it has consistently acted in good faith and in compliance with all court orders. Even if it had properly understood the court's order to allow the defendant's expert to examine Spaeth for up to four hours in the first instance, the EEOC argues that it could not have produced Spaeth for continued examination because her legal guardian withheld consent for further examination. Spaeth's guardian believed that the two hours of psychological testing that had occurred were a burden on Spaeth and was reluctant to schedule additional testing. It was only after Spaeth's guardian witnessed Spaeth's deposition that she reconsidered her position regarding the continuation of the mental examination. The EEOC promptly notified Wal-Mart of the guardian's decision to allow the mental examination to continue.

After considering the unique circumstances of this action, the court finds neither a sufficient factual basis to establish that the EEOC's actions were willful or in bad faith nor a clear record of delay or contumacious conduct. After Spaeth's legal guardian consented to continued examination, the EEOC attempted to work with Wal-Mart to schedule a time for the examination to occur in accordance with the court's order. Although Wal-Mart asserts it has been prejudiced by the delay in completing the examination, this slight prejudice does not warrant the severe sanction of dismissal. Accordingly, Wal-Mart's motion to dismiss is denied.

**B. Continuation of Deposition**

Wal-Mart also requests that the EEOC produce Spaeth to complete her deposition. The EEOC does not appear to argue that Spaeth does not have the ability or capacity to attend another day of depositions but rather that the nine and a half hour day of her initial deposition was enough. It asserts that the initial deposition time would have been sufficient but defendant's counsel's questions were cumulative and repetitive and that counsel continued to request unnecessary breaks throughout the day.

The court has reviewed the videotaped deposition of Spaeth taken on September 26, 2018, and notes that the deposition was conducted professionally. As the court noted during the October 3, 2018 telephone conference, it is difficult to illicit information from someone with a profound cognitive disability. The record does not disclose Spaeth's level of functioning but it is clear from the deposition that she has only a limited understanding of the questions put to her. She was unable to provide answers to many of the questions counsel asked, which may in itself be relevant evidence of Spaeth's overall competence and qualification for the job she held. Yet, it appears that counsel's questioning assumes that she is functioning as a person without such a disability. While counsel for defendant's questions were proper, some were repetitious. In addition, as a result of the witness's limitations, the continued objections to the form of the questions raised by plaintiff's counsel seemed to confuse her. In any event, these difficulties, along with the breaks defendant's counsel requested, which were reasonably sought to accommodate the witness, prevented defendant's counsel from being able to address all areas relevant to the EEOC's claims.

Under these circumstances, though I question whether a further deposition will likely lead to the discovery of relevant evidence, I conclude that Wal-Mart should be allowed to complete its

deposition of Spaeth. Having been accused of terminating Spaeth's employment in violation of the ADA, Wal-Mart is entitled to question her directly in an effort to discover whatever information she has that might be relevant to the claim. The EEOC is therefore directed to make Spaeth available for further questioning to complete her deposition. At the same time, counsel for Wal-Mart is encouraged to give strong consideration to whether much, if any, additional questioning is likely to serve his client and its defense.

## CONCLUSION

For the reasons stated above, Wal-Mart's motion to dismiss (ECF No. 60) is **DENIED** and its initial motion to dismiss (ECF No. 48) is **DENIED as moot**. The EEOC shall make Spaeth available for further questioning to complete her deposition.

**SO ORDERED** this   6th   day of December, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court