UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

    v.                                          Case No. 17-C-70

WAL-MART STORES EAST LP,

        Defendant.

## DECISION AND ORDER

This matter comes before the court on the parties' motions to restrict documents and objections to confidential designations. Neither bare assertions of confidentiality nor the agreement of the parties is enough to warrant restricting documents from the public. In order to show good cause to restrict a document, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002).

Walmart filed a motion requesting that certain medical records attached as exhibits to the declaration of Warren Buliox in support of Defendant's May 17, 2019 motion for summary judgment be restricted because they contain personal information about Spaeth's health. Dkt. No. 92. I am satisfied that Walmart has met its burden to restrict Dr. David Smith's office notes attached as Exhibit H, Dr. David Thompson's two expert reports attached as Exhibit J, and Holy Family Memorial Medical Center medical records attached as Exhibit K.

Walmart also moved to restrict access to the excerpts of the deposition testimony of David Smith, M.D. attached to the declaration of Emery Harlan in support of Walmart's motion to

exclude certain testimony of David Smith, M.D. The EEOC expressed opposition to the motion. As a result, Walmart filed an amended motion requesting that the unredacted materials contained in Exhibit B to the declaration of Warren Buliox in support of Defendant's amended motion to exclude certain testimony of David Smith, M.D. be restricted to the court and case participants only because certain portions of the deposition transcript contain references to the private medical information of Spaeth or others. The deposition excerpts attached to the declaration of Warren Buliox (Dkt. No. 143-2) are identical to the excerpts attached to the declaration of Emery Harlan (Dkt. No. 129-1). The court will grant the amended motion to restrict. Although the original motion is denied as moot, the excerpts attached to the declaration of Emery Harlan will remain restricted because those excerpts contain references to the same private medical information of Spaeth or others.

The EEOC filed a motion requesting that the following documents be restricted: (1) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment; (2) Plaintiff's Statement of Additional Facts; (3) Plaintiff's Response in Opposition to Defendant's Proposed Findings of Fact; (4) Exhibit 9 Accommodation Training; and (5) Exhibit 10 Thompson's Deposition. Dkt. No. 107. These documents will remain restricted.

In addition, the EEOC objects to the confidential designation of certain evidence it submitted in support of its opposition to summary judgment. In particular, it objects to the confidential designation of (1) Exhibit 1 Moss' attendance report; (2) Exhibit 2 Moss' deposition excerpts; (3) Exhibits 3 and 4 the Rule 30(b)(6) deposition excerpts; (4) Exhibit 5 Becker's attendance report; (5) Exhibit 6 the ethics investigation; (6) Exhibit 7 Morgan's deposition; and (7) Exhibit 8 Abitz' deposition. It requests that the court lift the confidential designation and order the evidence unsealed. Relatedly, Walmart moved to restrict access to the table of

information relating to employees rehired following termination attached as Exhibit B to the Supplemental Declaration of Lee Spude and Walmart's response to the EEOC's statement of additional facts in opposition to summary judgment. Dkt. No. 125. It seeks to restrict information concerning a listing of eight third-party associates with details about disciplinary action those associates received, information pertaining to a confidential internal investigation Walmart conducted, and information related to the attendance records of two associates, including whether those associates took FLMA leave.

As to the attendance records of the two associates, Walmart asserts that the privacy rights of these non-party employees should be protected and that it is willing to stipulate to the number of approved early departures for these associates and the time period to which those approvals were made. The court agrees that the non-party employees have a significant privacy interest in these records that outweighs the public's interest to access to those documents. *See Kalberer v. Am. Family Mut. Ins. Co.*, No. 2:13-cv-02278, 2014 WL 5780383, at *1 (D. Nev. Nov. 5, 2014) (recognizing the "significant interest of non-party employees in keeping their employment files . . . secret" (alterations in original) (citation omitted)); *Doxie v. Volunteers of Am., Southeast, Inc.*, No. 3:12-cv-3702, 2014 WL 12606651, at *2 (N.D. Ala. Aug. 7, 2014). Based on Walmart's willingness to stipulate to the number of approved early departures for these associates and the time period to which those approvals were made, the court will overrule the EEOC's objection to the confidentiality designation of these documents and order that they remain restricted.

As to the material related to Walmart's ethics investigation, Walmart does not object to public disclosure of the results of its internal investigation but objects to the disclosure of segments of the confidential file and deposition discussions of its processes. It maintains that, while any conclusions reached in the investigation may be relevant to the issue of why Spaeth

3

was not reinstated, what occurred during the internal investigation after the decision to terminate Spaeth's employment is not relevant to the issue of whether Walmart discriminated against Spaeth or failed to accommodate her or discharged her because of her disability. Walmart contends that it undertook safeguards to protect the information obtained in the investigation and advised associates that statements and information given during the investigation are confidential. Walmart's need for associates to be forthcoming and cooperate during internal investigations satisfies the good cause requirement. Accordingly, the EEOC's objections are overruled and the documents related to the internal investigation will remain restricted to case participants.

**IT IS THEREFORE ORDERED** that Walmart's motion to restrict documents (Dkt. No. 92) is **GRANTED**. Exhibits H, J, and K to the declaration of Warren Buliox (Dkt. Nos. 101-8, 101-10, and 101-11) will remain restricted.

**IT IS FURTHER ORDERED** that Walmart's amended motion to restrict access to certain materials attached to the Declaration of Emery Harlan in support of Defendant's motion to exclude certain testimony of David Smith, M.D. (Dkt. No. 142) is **GRANTED**. Exhibit B to the declaration of Warren Buliox (Dkt. No. 143-2) will remain restricted.

**IT IS FURTHER ORDERED** that Walmart's motion to restrict access to certain materials attached to the Declaration of Emery Harlan in support of Defendant's motion to exclude certain testimony of David Smith, M.D. (Dkt. No. 130) is **DENIED as moot**. Exhibit A to the declaration of Emery Harlan (Dkt. No. 129-1), which is identical to Exhibit B to the declaration of Warren Buliox (Dkt. No. 143-2), will nevertheless remain restricted for the reasons explained regarding the amended motion.

**IT IS FURTHER ORDERED** that the EEOC's motion to seal and objections to confidential designations (Dkt. No. 107) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The motion is granted with respect to the EEOC's request to restrict certain documents, and those documents will remain restricted. The motion is denied with respect to its objections to certain confidential designations, and the court will not unseal those documents.

**IT IS FURTHER ORDERED** that Walmart's motion to restrict access to certain materials filed in support of summary judgment (Dkt. No. 125) is **GRANTED**, and those documents will remain restricted.

Dated at Green Bay, Wisconsin this 29th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court