IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil No. 3:17-cv-0070<br>)<br>) |
| v. | )<br>) |
| WALMART STORES EAST, L.P., | ) EEOC'S MOTIONS IN LIMINE<br>) |
| Defendant. | )<br>)<br>)<br>)<br>) |

Now comes the plaintiff, Equal Employment Opportunity Commission ("EEOC"), by and through the undersigned counsel, and pursuant to Federal Rules of Evidence 103 and 104, asks this Court for a pretrial ruling on certain evidentiary matters which the EEOC reasonably believes will be in issue at trial. The specific issues for which the EEOC seeks a pretrial in Limine ruling are as follows:

1. Walmart should be barred from arguing that other employees with developmental disabilities worked in the store and were not discriminated against;

2. Walmart witnesses should be barred from offering speculation and lay opinion testimony regarding the needs of Marlo Spaeth, an individual with Down syndrome;

3. Holding that the EEOC does not need to enter evidence relating to jurisdictional pre-requisites where Walmart has admitted that such prerequisites were satisfied;

1

4. Allowing the EEOC to introduce certain deposition testimony in its case-in-chief;

5. Excluding evidence of and argument about past financial difficulties, related judgments, or convictions against witnesses;

6. Excluding testimony and argument as to whether one witness believes another;

7. Excluding evidence relating to any previously undisclosed witness or documents;

8. Barring Walmart from making disparaging remarks about the EEOC or its position as a federal agency; and

9. Restricting evidence related to the issues of equitable relief such as back pay, reinstatement or front pay in lieu of reinstatement, lost benefit, tax off set, and injunctive relief to be addressed to the Court alone by post trial briefing.

10. Allowing the EEOC to use leading questions during direct examinations of witnesses with intellectual disabilities and ensuring cross-examinations based on the personal knowledge of witnesses with intellectual disabilities.

**WHEREFORE**, pursuant to Federal Rules of Evidence 103 and 104, the EEOC respectfully moves this Court to exclude any testimony or evidence regarding the above Motions in Limine.

Dated: June 8, 2021

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Counsel for Plaintiff

*/s/ Justin Mulaire*
Supervisory Trial Attorney
EEOC Chicago District Office
230 S Dearborn St., Suite 2920
Chicago, IL 60604
Telephone: (312) 505-6384
Facsimile: (312) 588-1260
justin.mulaire@eeoc.gov

/s/ *Richard Mrizek*
Richard Mrizek
Trial Attorney

/s/ *Carrie Vance*
Carrie Vance
Trial Attorney

/s/ *Leslie N. Carter*
Leslie N. Carter
Trial Attorney

EEOC Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
☏ (414) 662-3686
📇 (414) 297-3146
carrie.vance@eeoc.gov
leslie.carter@eeoc.gov
richard.mrizek@eeoc.gov