UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

**CASE NO. 17-CV-00070**

WALMART STORES EAST, LP,

    Defendant.

---

## DEFENDANT'S MOTION TO BIFURCATE
## LIABILITY AND DAMAGES PHASES OF TRIAL

---

Pursuant to Federal Rules of Civil Procedure 1 and 42(b), Civil L. R. 7, Federal Rules of Evidence 402 and 403, the Court's Pretrial Order dated January 25, 2018 (Dkt. No. 20), and the Court's Order of April 2, 2019 (Dkt. No. 88), Defendant Wal-Mart Stores East, LP ("Defendant" or "Walmart"), by and through its attorneys, respectfully moves for an Order bifurcating the trial by separating the evidence presented relative to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff" or "EEOC") allegations regarding liability from any evidence on the issue of damages.

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "The district court has considerable discretion to order the bifurcation of a trial . . . ." *Krocka v. City of Chicago,* 203 F.3d 507, 516 (7th Cir. 2000). But the Court may only "bifurcate a trial provided that [doing] so 1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2)

does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Id.* "Only one criterion—prevention of prejudice or judicial economy—is needed before a court may order bifurcation, but the court must be satisfied that the decision does not unfairly prejudice the non-moving party and does not violate the Seventh Amendment." *EEOC v. New Indianapolis Hotels, LLC*, 2012 U.S. Dist. LEXIS 12546, *3 (S.D. Ind. February 1, 2012) (citing *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999)). Federal Rule of Civil Procedure 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Real v. Bunn–O–Matic Corp.,* 195 F.R.D. 618, 620 (N.D. Ill. 2000) (quoting Fed. R. Civ. Proc. 1 (2000)).

As the Court is aware, the EEOC has alleged that Walmart denied Marlo Spaeth a reasonable accommodation, unlawfully disciplined her, terminated her employment, and refused to rehire her because of her disability in violation of the Americans with Disabilities Act ("ADA"). (*See* ECF No. 1.) Collateral to those claims, the EEOC has also alleged that Ms. Spaeth has suffered a panoply of compensatory damages including, but not limited to, back pay, reinstatement or front pay, lost benefits, pain, suffering, loss of enjoyment and life, and humiliation. (*See Id.* at ¶¶ 22, C, D and E.)

Walmart asserts that separating the jury's consideration of evidence regarding liability from that regarding damages is appropriate in this case as it would advance judicial economy as well as minimize undue prejudice to Walmart. Walmart anticipates that the EEOC will present an exhaustive list of alleged damages (e.g. lost pay) that Ms. Spaeth has purportedly incurred over the four and one-half years since her employment ended. Additionally, a recitation and examination of Ms. Spaeth's efforts to secure employment over the past four plus years will also be considered as part of the damages in this case in connection with Walmart's mitigation affirmative defense.

These issues alone, along with the other more intangible damages alleged by the EEOC, such as humiliation or emotional distress, will also entail detailed consideration by the jury.

None of the issues that pertain to the damages portion of the EEOC's claims have anything to do with whether it is able to prove liability. To allow the EEOC to present such evidence will take considerable time and resources and is an inefficient use of the Court's valuable time. Likewise, it would be unnecessarily taxing to take the jury through the exercise of considering the alleged damages during the liability portion of the case. Indeed, if the EEOC is unable to prove liability, there is no need for the jury to consider damages at all.

Moreover, Walmart will clearly be unfairly prejudiced during the liability portion of trial if the jury is allowed to consider evidence regarding Ms. Spaeth's alleged pain and suffering, as well as any efforts to secure alternative employment. Additionally, it is anticipated that the EEOC will offer evidence about Walmart's awareness of its obligations under the ADA and whether it was found to have violated the ADA in the past. This evidence also has no bearing on liability and will only serve as an unfairly prejudicial influence on the issue of liability. Even if that evidence is presented only with respect to damages, the unfair prejudice to Walmart remains if the liability and damages portions of the trial remain intertwined. None of this information has any probative value in the matter of determining liability. Rather, it will simply cause the jury to consider matters like Ms. Spaeth's financial condition or job search efforts in connection with the matter of underlying liability, which only risks eliciting sympathy for Ms. Spaeth and the jury transferring that sympathy to a desire to either "punish" Walmart in terms of liability or, out of sympathy, award Ms. Spaeth a favorable determination on liability.

3

Furthermore, in the event that the EEOC succeeds in convincing the jury that Walmart is liable for the claimed ADA violations, then the same jury can hear evidence on the issue of damages without the risk of undue prejudice or burden.

WHEREFORE, based upon all the foregoing, Walmart respectfully requests that the Court enter an order bifurcating the jury trial into a separate liability phase and damages phase.

Dated at Milwaukee, Wisconsin this 8th day of June, 2021.

*s/ Emery Harlan*
MWH LAW GROUP LLP
Emery K. Harlan, Esq.
emery.harlan@mwhlawgroup.com
Warren E. Buliox, Esq.
warren.buliox@mwhlawgroup.com
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354

CONWAY, OLEJNICZAK & JERRY, S.C.
George Burnett, Esq.
gb@lcojlaw.com
231 South Adams Street
Green Bay, WI 54301
Phone: (920) 437-0476
Fax: (920) 437-2868

**ATTORNEYS FOR DEFENDANT**