IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) No. 1:17-cv-00070-WCG |
| Plaintiff, | ) ) |
| v. | ) ) |
| WAL-MART STORES EAST, LP | ) ) |
| Defendant. | ) ) ) |

## EEOC'S PRETRIAL REPORT

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") respectfully

submits the following pretrial report pursuant to Civil Local Rule 16(c), the Court's Special

Instructions to Litigants, and the Court's Pre-Trial Order of January 25, 2018 (ECF No.

20) and Pre-Trial Order of February 11, 2020 (ECF No. 160).

## A. SUMMARY OF FACTS AND CLAIMS

Marlo Spaeth began working at Walmart in Manitowoc, WI, as a sales associate

in 1999, a job she performed successfully for over 15 years. In 2014, her job involved

folding towels, tidying the aisles, zoning Domestics and Housewares area, processing

returns, and helping customers locate items.

Spaeth was qualified for her job. Indeed, throughout her employment, Walmart

itself consistently evaluated Spaeth's performance with ratings of "Solid Performer" or

"Meets Expectations" and determined that she should get pay raises.

Spaeth was born with Down syndrome, a genetic condition that substantially

limits her in major life activities, including but not limited to, learning and adaptive

functioning, concentrating, thinking, and communicating. This constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102. Among other limitations, Spaeth has difficulty adjusting to change and she cannot drive.

For 15 years, Spaeth generally worked a schedule of noon to 4:00 p.m. Because of her disability, Spaeth needed a consistent schedule and one which allowed her to use public transportation. However, in November 2014, as a result of a computer-generated scheduling system, Walmart assigned her to 1:00 p.m. to 5:30 p.m. shifts without consultation or advance notice and listed her as available to work for up to 24 hours per week rather than the 14 hours per week she had indicated she was available.

Spaeth had difficulty adjusting to the new schedule because of her Down syndrome. She repeatedly told her Personnel Coordinator, Karen Becker, that she wanted "her hours restored to noon to 4 pm so she could make it home for dinner and not miss the bus and it was too late to work, and she would get hot." Spaeth's sister and guardian, Amy Jo Stevenson, recognized the problems posed by the new schedule, and also called Becker to request the accommodation of a modified schedule. Despite these requests, Walmart failed to provide a reasonable accommodation to Spaeth.

Instead, despite Walmart's history of permitting Spaeth and others some latitude with respect to attendance, Walmart began formal disciplinary procedures against Spaeth over her attendance. Walmart ultimately discharged her on July 10, 2015. In September 2015, Walmart also rejected a request to rehire or reinstate Spaeth with a schedule accommodation.

The EEOC claims that Walmart discriminated against Marlo Spaeth on the basis of disability, in violation of the ADA, by: (1) failing to provide reasonable accommodations

which would permit her to perform her job, (2) terminating her employment because of her disability, and (3) refusing to rehire her because of her disability.

**B.     STATEMENT OF THE ISSUES**

The following are issues for the **jury**:

1.     Whether Walmart failed to provide reasonable accommodation for Spaeth;

2.     Whether Walmart terminated Spaeth based on her disability or because of the need to accommodate her disability;

3.     Whether Walmart failed to rehire Spaeth because of her disability or because of the need to accommodate her disability; and

4.     Whether the EEOC is entitled to compensatory and punitive damages for Spaeth.

The following are issues for the **Court**:

5.     Whether and how much back pay to which Spaeth is entitled.

6.     Whether Spaeth should be reinstated at Walmart, or alternatively, awarded an amount of front pay in lieu of reinstatement.

7.     Whether injunctive relief should issue against Walmart.

8.     Whether other equitable relief is appropriate to prevent or remedy disability discrimination by Walmart.

**C.     WITNESSES EXPECTED TO TESTIFY**

A list of the names and addresses of witnesses that Plaintiff expects will testify at trial is attached as **Exhibit A**.

**D.     STATEMENT OF THE BACKGROUND OF EXPERT WITNESS**

3

The EEOC has identified David Smith, M.D. as an expert witness in this case. Dr. Smith is a board-certified physician who specialized his practice and research on the treatment of individuals with Down syndrome. Dr. Smith is the founder and former program director of the Down Syndrome Clinic of Wisconsin at Children's Hospital ("DSCW"). The DSCW is a consultation clinic that sees people and their families who are having some sort of difficulty and provides information about routine health maintenance for people with Down syndrome. The DSCW is also involved with the education of professionals and lay personnel. Dr. Smith has also been a member of the Down Syndrome Medical Interest Group for over 30 years and is involved with the committee for adult healthcare guidelines, the committee for evaluation of adults with behavior change, and a workgroup studying regression in adolescents and young adults with Down syndrome.

## E.  LIST OF EXHIBITS

Plaintiff's exhibit list is attached as **Exhibit B**.

## F.  DEPOSITION DESIGNATIONS

The EEOC's deposition designations are attached as **Exhibit C**

## G.  ESTIMATED TIME FOR TRIAL

The EEOC anticipates this trial will last 4 days.

## H.  PROPOSED VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, AND SPECIAL VERDICT FORM

### 1.  Proposed Voir Dire Questions

Plaintiff's proposed voir dire questions are attached as **Exhibit D.**

### 2.  Proposed Jury Instructions

Plaintiff's proposed jury instructions are attached as **Exhibit E**.

4

### 3. Proposed Special Verdict Form

Plaintiff's proposed special verdict form is attached as **Exhibit F**.

Dated: June 11, 2021.

**EQUAL EMPLOMENT
OPPORTUNITY
COMMISSION**

Counsel for Plaintiff

*/s/ Justin Mulaire*
Justin Mulaire
Supervisory Trial Attorney

EEOC Chicago District Office
230 S Dearborn St., Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9666
Facsimile: (312) 588-1260
justin.mulaire@eeoc.gov

*/s/ Carrie Vance*
Carrie Vance
Trial Attorney

*/s/ Leslie N. Carter*
Leslie N. Carter
Trial Attorney

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
☎ (414) 662-3686
📠 (414) 297-3146
justin.mulaire@eeoc.gov
carrie.vance@eeoc.gov
leslie.carter@eeoc.gov