# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

**Plaintiff,**

**CASE NO. 1:17-CV-70**

**v.**

**WAL-MART STORES EAST, LP,**

**Defendant.**

---

## EEOC'S PROPOSED VOIR DIRE

---

Plaintiff Equal Employment Opportunity Commission ("EEOC") hereby submits

proposed voir dire questions to supplement the Court's standard voir dire.

### I. Prior Jury or Litigation Experience

1.    Is there any reason you know of, including any medical or physical condition, that might interfere with your ability to serve as a juror in a trial that will last approximately 4 days?

2.    Has anyone served on a jury before?  If so, please describe the nature of the case and your involvement.

3.    Has anyone ever participated – whether as a plaintiff, defendant or witness – in a lawsuit before?

      a.    If so, please describe the nature of the lawsuit, your involvement, the outcome, and whether you were satisfied with the outcome.

4.    Does anyone have a close friend or relative who has been a plaintiff, defendant, or

1

witness in a lawsuit?

     a.     If so, please describe the nature of the lawsuit, the outcome, and whether you were satisfied with the outcome.

5.     Do you have a bias against a plaintiff simply because he or she has filed a lawsuit?

## II.     Juror Feelings About Anti-Discrimination Law

6.     Do any of you have any objection to the federal law called the Americans with Disabilities Act (ADA) which makes it illegal for employers to discriminate against individuals on the basis of disability?

7.     Do you think that the federal government should or should not be involved in enforcing laws against employment discrimination?

8.     Do you think that the federal government has gone too far in regulating workplace behavior between employers and employees?

9.     Do any of you have any negative attitudes, beliefs, feelings or opinions about people who claim that they were discriminated against by their employer?

10.     Will any of you have difficulty following the instruction of the Court if those instructions are not in agreement with your notions as to what the law should be?

11.     If you feel you might not be able to adhere to my instructions, please say so.

## III.     Juror Feelings about Individuals with Disabilities

12.     How do you feel that individuals with disabilities are treated by society in general?

13.     How do you feel that individuals with disabilities are treated by employers in general?

14.     Do you think that individuals with disabilities are entitled to the same employment opportunities as non-disabled workers?

15.     In this case, the EEOC is alleging that an employee was terminated due to a disability. Do you have any strong feelings about disabilities generally or about employees with disabilities?

2

16. Do you think an employer can fire, lay off or choose not to hire someone who is qualified to do a job because he or she is an individual with a disability?

17. Are you disabled or do any of you have family members or close friends who are disabled?

    a. Who, what, how does the disability affect them?

18. Have any of you ever worked with an individual who has a disability?

    a. Was the individual receiving any accommodation to help him/her do his/her job?

19. Do any of you know a disabled person who has either requested or received accommodations from their employer?

    a. What was the disability?

    b. Was an accommodation requested? Provided?

20. Do any of you personally know anyone who is any of the following:

    a. Developmentally disabled?

    b. Intellectually disabled?

    c. An individual with Down syndrome?

    d. An individual with any form of dementia?

    Is the person who you know able to work? Do you think that they have any problems in their job because of their disability?

21. Have any of you ever taken training classes or courses or watched a videotape that dealt with disability discrimination?

    a. What did you recall learning in the disability training?

22. Can you think of anything in your own life that reminds you of this case? What and how?

3

### IV. Juror Feelings on Work and Employment History

23. Are you employed? If so, please describe the nature of your employment. If you are retired, please describe any prior employment.

24. Have you ever been self-employed or owned a business?

25. Have you ever been a manager or supervisor in any current or previous job?

26. Have you ever recommended or been otherwise involved in the termination of anyone's employment?

27. Have you or a close family member ever served as an owner, officer, manager or supervisor for a business, or had responsibilities for the hiring, promotion, demotion, or firing of employees?

    a. What position did you or your close family member hold and what was the nature of the business?

    b. What experiences have you had involving the hiring of employees?

28. Do you believe that job discrimination based on disability is a thing of the past?


### V. Existence of Relationship With Persons and Entities Involved in This Case

29. The EEOC is a federal agency. Have any of you ever been involved in any conflict or dispute with a state or federal government, including any agencies of a state or federal government?

    a. If so, what was the nature of that difficulty or dispute?

    b. Do you believe that despite this, you can still judge the merits of this case objectively and impartially?

30. Does any juror feel that he or she has any bias or preference for or against the federal government because of the nature of the charges or otherwise?

31. Have you, or a relative, close friend or employer, ever been the subject of an investigation by any governmental body, whether it was an IRS audit, a criminal investigation, an employment security check or any other type of governmental investigation?

4

a.  If so, what was the nature of the investigation?

b.  Would anything about this prior experience affect your ability to reach a fair and impartial verdict in this case?

32. Have you, any of your family members, or any close friends ever been employed by Walmart Stores?

a.  If so, please state who, when and the nature of their job with Walmart?

33. Do you feel that Walmart's involvement in this case will prevent you in any way from being a fair and impartial juror?

34. Do you know any of the attorneys involved in this case?

- Carrie Vance
- Leslie Carter
- Justin Mulaire
- Warren Buliox
- Emery Harlan
- George Burnett

35. Do you know any of the potential witnesses involved in this case?

- Amy Jo Stevenson
- Marlo Spaeth
- Barbara Barnes
- David Smith, M.D.
- Robin Castro
- Julia Stern
- Karen Becker
- Debbie Moss
- Denise Morgan
- Lee Spude
- Kent Abitz
- Bonnie Popp

  [Def.'s Additional Witnesses]

36. Does any member of this jury panel or any member of his or her immediate family or friends have any personal interest in the outcome of this case or similar cases?

5

## VI.    Juror Feelings About Reaching A Verdict

37.    Do you have any opinions or beliefs that would prevent you from rendering a verdict in favor of the EEOC if the evidence and law warranted such a verdict?

38.    Do you have any opinions or beliefs that would prevent you from rendering a verdict against Walmart if the evidence and law warranted such a verdict?

39.    If you find that Walmart violated Marlo Spaeth's federal rights, you'll be asked by the plaintiffs to award a separate amount for what are called compensatory damages, which are damages for injuries that are not tangible or easily measured, such as emotional pain, suffering, mental anguish, humiliation, embarrassment, and loss of enjoyment of life.  If, at the completion of the trial, the Judge instructs you that if you find the defendant liable, these monetary damages may be awarded, is there anyone who would be unable to do so?

40.    Is there anyone who thinks that because many other things in life can cause us stress, a person should not recover compensatory damages for being discriminated against?

41.    Does anyone think that being fired from a job could not cause depression, anxiety, or emotional distress to a person?

42.    There has been some publicity about jury awards and there has been some controversy about awards being too high.  Have you ever thought that juries award too much money to people for injuries whether psychological or physical?

43.    The law allows a jury to award damages to punish a company for its wrong-doing. Those are called punitive damages.  They are separate damages from backpay or compensatory damages.  If the judge instructs you that this is a type of damages that you may consider, is there anyone who would have an objection to doing so?

## VII.    General Follow-Up

44.    Is there anything about this case that you know of at this time that would prevent you from being a fair and impartial juror in this civil action?

45.    Is there anything we haven't asked that you think we should know?

46. If you were Marlo Spaeth or her guardian Amy Jo Stevenson, would you be completely comfortable having you as a juror on this case?


Dated: June 11, 2021.

**EQUAL EMPLOMENT OPPORTUNITY COMMISSION**

Counsel for Plaintiff

*/s/ Justin Mulaire*
Justin Mulaire
Supervisory Trial Attorney

*/s/ Richard Mrizek*
Richard Mrizek
Trial Attorney


EEOC Chicago District Office
230 S Dearborn St., Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9666
Facsimile: (312) 588-1260
justin.mulaire@eeoc.gov


*/s/ Carrie Vance*
Carrie Vance
Trial Attorney

*/s/ Leslie N. Carter*
Leslie N. Carter
Trial Attorney

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
☎ (414) 662-3686
🖷 (414) 297-3146
justin.mulaire@eeoc.gov
carrie.vance@eeoc.gov
leslie.carter@eeoc.gov

7