# **EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                **Plaintiff,**

                                **CASE NO. 1:17-CV-70**

    **v.**

WAL-MART STORES EAST, LP,

                **Defendant.**

---

## EEOC'S PROPOSED JURY INSTRUCTIONS

---

Plaintiff Equal Employment Opportunity Commission ("EEOC") hereby submits

proposed jury instructions.

## <u>Proposed Jury Instructions</u>

### <u>Introductory</u>

Ladies and gentlemen: You are now the jury in this case, and I want to take a few
minutes to tell you something about your duties as jurors and to give you some instructions. At
the end of the trial, I will give you more detailed instructions. Those instructions will control
your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time
during the trial and at the end of the trial, I will instruct you on the rules of law that you must
follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of
the evidence or what your verdict should be.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh
Circuit.)

**Claims and Defenses**

The positions of the parties can be summarized as follows:

The Plaintiff in this case is the Equal Employment Opportunity Commission or "EEOC." The EEOC is the agency of the United States that is responsible for enforcing the federal laws against discrimination in the workplace, including the Americans with Disabilities Act, or "ADA." The Defendant in this case is Walmart Stores East, LP. In this lawsuit, we will refer to the Defendant as "Walmart." Walmart operates retail stores that sell goods to the public.

Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of her job and the employer is aware of her limitations. Under the ADA, employers are also required to provide reasonable accommodations for employees with disabilities. An "accommodation" simply means a change in how things are done in the workplace that will allow the employee to perform the job.

In this case, the EEOC has brought a lawsuit against Walmart alleging that Walmart violated the ADA in three ways. First, the EEOC claims that Walmart failed to provide reasonable accommodations to an employee with a disability, Marlo Spaeth, when it did not let her change her schedule. Second, the EEOC also claims that Walmart discriminated against Ms. Spaeth because of her disability or because of the need to accommodate her disability when it discharged her. Third, the EEOC claims that Walmart discriminated against Ms. Spaeth again when it later refused to rehire her. Walmart denies that it failed to provide reasonable accommodations and denies that it discriminated against Ms. Spaeth.

The EEOC will have to prove its claim, by a preponderance of the evidence. When I say a party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

If you find that the EEOC has proved by a preponderance of the evidence each of the things required of it, then you must find for the EEOC. However, if the EEOC did not prove by a preponderance of the evidence each of the things required, then you must find for Walmart.

What I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit; Seventh Circuit pattern civil jury instructions no. 4.01 & 4.03)

**Order of Trial**

The trial will proceed in the following manner:

First, the EEOC's attorney may make an opening statement. Next, Walmart's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, the EEOC will call witnesses and present evidence. Then, Walmart will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, the EEOC may be permitted to present rebuttal evidence and Walmart may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit.)


**Evidence in the Case**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to. A stipulation is an agreement between both sides that certain facts are true.
(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit; Seventh Circuit pattern civil jury instruction no. 1.04)


**Credibility of Witnesses**

You will have to decide whether the testimony of each of the witnesses is truthful an accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit; Seventh Circuit pattern civil jury instruction no. 1.13, first paragraph.)


**Inferences**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit; Seventh Circuit pattern civil jury instruction no. 1.11)

## No Transcript Available to Jury

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit.)

## Note-Taking

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit; Seventh Circuit pattern civil jury instruction no. 1.07)

## Rulings on Objections

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit.)

## Bench Conferences

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury. We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit.)

## Judge's Questions

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit; Seventh Circuit pattern jury instruction no. 1.02)

## Jury Conduct

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the clerk to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit.)

## In-Trial

### Cautionary Instructions before Recess

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

(Source: Seventh Circuit pattern civil jury instruction no. 2.01)

### Stipulations of Fact

The parties have stipulated, or agreed, that certain facts are true. A copy of those stipulated facts will be provided to you. You must now treat these facts as having been proved for the purpose of this case.

(Source: Seventh Circuit pattern civil jury instruction no. 2.05)

### Deposition of Substantive Evidence

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

(Source: Seventh Circuit pattern civil jury instruction no. 2.08)

**<u>Judge's Comments to Lawyer [if need arises]</u>**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

(Source: Seventh Circuit pattern civil jury instruction no. 2.14)

**Post-Evidence**

**Functions of the Court and the Jury**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. You should not be influenced by any person or entity's race, color, religious affiliation, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

(Source: Seventh Circuit pattern civil jury instruction no. 1.01)

**All Litigants Equal before the Law**

The Plaintiff in this case is the United States Equal Employment Opportunity Commission, also known as the EEOC, who is seeking relief for Ms. Spaeth. The EEOC is the federal agency authorized to prosecute employment discrimination cases, including those under Title VII of the Civil Rights Act of 1963. The defendant in this case is Walmart Stores East, L.P.

All parties are equal before the law. Walmart, Ms. Spaeth, and the EEOC are entitled to the same fair consideration that you would give any individual person.

(Source: Seventh Circuit pattern civil jury instruction no. 1.03)

**Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

(Source: Seventh Circuit pattern civil jury instruction no. 1.04)

**Deposition Testimony**

During the trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

(Source: Seventh Circuit pattern civil jury instruction no. 1.05)

**What Is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

(Source: Seventh Circuit pattern civil jury instruction no. 1.06)

**Note-Taking [if permitted]**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

(Source: Seventh Circuit pattern civil jury instruction no. 1.07)

## Consideration of All Evidence Regardless of Who Produced

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

(Source: Seventh Circuit pattern civil jury instruction no. 1.08)


## Limited Purpose of Evidence [if need arises]

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

(Source: Seventh Circuit pattern civil jury instruction no. 1.09)


## Weighing the Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

(Source: Seventh Circuit pattern civil jury instruction no. 1.11)


## Definition of "Direct" and "Circumstantial" Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In

reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

(Source: Seventh Circuit pattern civil jury instruction no. 1.12)


**Testimony of Witnesses (Deciding what to believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

(Source: Seventh Circuit pattern civil jury instruction no. 1.13)


**Prior Inconsistent Statements [or acts] [if need arises]**

You may consider statements given by [Witness under oath] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

(Source: Seventh Circuit pattern civil jury instruction no. 1.14)

## Lawyer Interviewing Witness

It is proper for a lawyer to meet with any witness in preparation for trial.

(Source: Seventh Circuit pattern civil jury instruction no. 1.16)

## Number of Witnesses

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

(Source: Seventh Circuit pattern civil jury instruction no. 1.17)

## Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

(Source: Seventh Circuit pattern civil jury instruction no. 1.18)

## Expert Witness [if need arises]

You have heard doctors give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

(Source: Seventh Circuit pattern civil Jury Instruction No. 1.21)

**Burden of Proof**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

(Source: Seventh Circuit pattern civil jury instruction no. 1.27)


**Selection of Presiding Juror; General Verdict**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

(Source: Seventh Circuit pattern civil jury instruction no. 1.32)


**Communication with Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

(Source: Seventh Circuit pattern civil jury instruction no. 1.33)

**<u>Disagreement among Jurors</u>**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

(Source: Seventh Circuit pattern civil jury instruction no. 1.34)

**Claims and Defenses**

As I told you at the beginning of the trial, this case involves a law called the Americans with Disabilities Act, or "ADA." Under the ADA, employers are required to provide reasonable accommodations for employees with disabilities. It is also illegal for an employer to discriminate against a person because of her disability or because of the need to accommodate her disability, if that person is qualified to do the essential functions of her job and the employer is aware of her limitations.

The positions of the parties can be summarized as follows:

The EEOC claims that Walmart violated the ADA in three ways. First, the EEOC claims that Walmart failed to provide reasonable accommodations to Ms. Spaeth when it did not let her change her schedule. Second, the EEOC claims that Walmart discriminated against Ms. Spaeth because of her disability or because of the need to accommodate her disability when it discharged her. Third, the EEOC claims that Walmart also discriminated against Ms. Spaeth because of her disability or because of the need to accommodate her disability when Walmart failed to rehire her.

Walmart denies that it failed provide reasonable accommodations and denies that it discriminated against Ms. Spaeth.

The EEOC must prove its claim by a preponderance of the evidence. When I say a party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

For each of the EEOC's claims, if you find that the EEOC has proved by a preponderance of the evidence each of the things required of it, then you must find for the EEOC on that claim. However, if the EEOC did not prove by a preponderance of the evidence each of the things required, then you must find for Walmart on that claim. You must consider each claim separately on its own merits.

(Source: Sample Preliminary Instructions from Federal Civil Jury Instructions of the Seventh Circuit; Seventh Circuit pattern civil jury instructions no. 4.01 & 4.03) ; 42 U.S.C. § 12112(b)(5)(B) (defining discrimination to include "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant").

**EEOC'S FIRST CLAIM:  FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

The EEOC's first claim is that Walmart unlawfully refused to give Ms. Spaeth a "reasonable accommodation."  The EEOC claims that a reasonable accommodation would have been to continue to allow Ms. Spaeth to work at Walmart.

To succeed, the EEOC must prove five things by a preponderance of the evidence:

1.  Marlo Spaeth had a disability.  I will define "disability" and several other important terms for you in a few minutes; [*If the parties stipulate to this element*:  The parties agree that Marlo Spaeth had a disability, so you must treat this as proven.]

2.  Ms. Spaeth was qualified to perform the job;

3.  Walmart was aware that Ms. Spaeth needed accommodation, either because Ms. Spaeth requested one or otherwise;

4.  Defendant was aware of Ms. Spaeth's disability; and

5.  Defendant failed to provide Ms. Spaeth with a reasonable accommodation.


(Source:  Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.03, Elements of Plaintiff's Claim – Reasonable Accommodation Cases (2017 rev.) (modified); *id.* at Committee Comment (b) ("[I]f the disability makes it difficult for the applicant or employee to communicate his needs, an employer must make a reasonable effort to understand those needs, even if they are not clearly communicated. For example, an employer cannot always expect a mentally-disabled employee to know that he should ask for an accommodation. Instead, the employer should start communicating with an employee if it knows that he might be mentally disabled."); *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1285 (7th Cir. 1996).)

**DEFINITION OF DISABILITY**

*[TO BE GIVEN IF DEFENDANTS DO NOT STIPULATE]*


Under the ADA, the term "disability" means a physical or mental impairment that "substantially limits" a "major life activity." I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinions as to what these terms mean.

Under the ADA, an impairment "substantially limits" a major life activity if it impairs the individual's ability to perform the activity as compared to most persons in the general population. Major life activities are those that an average person can do without much difficulty. Thinking, speaking, and brain function are all major life activities. The term "substantially limits" is not meant to be a demanding standard, and a condition does not have to prevent, or significantly or severely restrict, a person from performing the major life activity to be considered a disability. It is not required that there be any medical analysis to make the determination of whether someone is substantially limited in a major life activity. For example, deafness substantially limits hearing; blindness substantially limits seeing; an intellectual disability (formerly termed mental retardation) substantially limits brain function; and autism substantially limits brain function. Down syndrome is a genetic disorder which varies in severity but causes lifelong intellectual disability and developmental delays.

If you find that Ms. Spaeth's impairments substantially limit one major life activity, you must find that her impairments are a disability even if they do not limit any other major life activity.


(Source: Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.04, Definition of "Disability" and Committee Comment C (2017 rev.) (modified); 42 U.S.C. § 12102(1) and § 12102(4); 29 C.F.R. § 1630.2(j)(1); 29 C.F.R. 1630.2(j)(3); Appendix, 29 C.F.R. § 1630.2(j)(3); *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 700 (7th Cir. 2014).)

**DEFINITION OF "QUALIFIED"**

Under the ADA, Ms. Spaeth was "qualified" if she could do the essential functions of the Sales Associate position with a reasonable accommodation, which the EEOC contends would be the modification of her work schedule. You should only consider Ms. Spaeth's abilities at the time when she was employed at Walmart.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Walmart has to do that kind of work, the degree of specialization the job requires, Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

You also may consider Ms. Spaeth's work experience and Walmart's expectations and practices with respect to Ms. Spaeth during that time to determine what the essential functions of her job were. Evidence of whether a particular function is essential can include – but is not limited to – the employer's own judgment. You should also consider the employer's actual practice in the workplace.

(Source: Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.05, Definition of Qualified (2017 rev.); *id.* at Committee Comment (d) ("Under 29 C.F.R. § 1630.2(n), evidence of whether a particular function is essential can include – but is not limited to – the employer's own judgment about which functions are essential...."); 29 C.F.R. § 1630.2(n); *Brown v. Smith*, 827 F.3d 609, 615 (7th Cir. 2016); *Shell v. Smith*, 789 F.3d 715, 718 (7th Cir. 2015); *Miller v. Illinois Dep't of Transp.*, 643 F.3d 190, 198 (7th Cir. 2011).)

**DEFINITION OF REASONABLE ACCOMMODATION**

As I said, the EEOC contends that Walmart violated the ADA by failing to provide Ms. Spaeth with a reasonable accommodation – which it asserts was a modification of her work schedule. Under the ADA, employers are required to provide employees with reasonable accommodations to permit them to perform the essential functions of the job, unless the reasonable accommodation is an undue hardship.

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but it does not include the elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

(Source: Fed. Civ. Jury Instr. of the 7th Cir., Instr.4.06, Reasonable Accommodation: General Instruction (2017 rev.) (modified); Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.07(e), Reasonable Accommodation: Supplemental Instructions (2017 rev.) (modified); *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 504 (3d Cir. 2010).)

## INTERACTIVE PROCESS

Once an employer is aware of an employee's disability and knows or should have known that there is a need for a reasonable accommodation, the employer must discuss with the employee or, if necessary, with her doctor, whether there is a reasonable accommodation that will permit the employee to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith. If an employer has a question regarding a request for reasonable accommodation, the employer must undertake to find out an answer to the question.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed and when considering whether to award punitive damages.

(Source: Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.08, Interactive Process (2017 rev.) (modified); *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1285 (7th Cir. 1996); *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1061-62 (7th Cir. 2014) (holding that employer failed to engage in interactive process where it did not seek clarification from employee or doctor and disregarded the medical evaluation entirely).; *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 804-05 (7th Cir. 2005) (upon receiving a request for accommodation, it is the employer's duty to ask questions and engage with the employee to determining an appropriate accommodation)).)

**UNDUE HARDSHIP**

Under the ADA, Defendant does not need to accommodate Ms. Spaeth if it would cause an "undue hardship" to its business. An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change the nature of Defendant's business or how Defendant runs its business.

Defendant must prove to you by a preponderance of the evidence that Spaeth's proposed accommodation would be an "undue hardship." In deciding this issue, you should consider the following factors:

1.  The nature and cost of the accommodation;

2.  Defendant's overall financial resources. This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3.  The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4.  The way that Defendant conducts its operations. This might include its workforce structure; the location of its facility where the accommodation would be made compared to Defendant 's other facilities; and the relationship between these facilities.


(Source: Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.09, Undue Hardship (2017 rev.).)

**EEOC'S SECOND CLAIM: DISCHARGE BECAUSE OF DISABILITY**


The EEOC's second claim is that Walmart discriminated against Ms. Spaeth by discharging her from her employment because of her disability or because of the need to accommodate her disability. To succeed in this case, the EEOC must prove four things by a preponderance of the evidence:

1. Ms. Spaeth had a disability. I have defined "disability" earlier.

2. Ms. Spaeth was "qualified" to perform the job with reasonable accommodation.

3. Walmart discharged Ms. Spaeth;

4. Walmart would not have discharged Ms. Spaeth if she did not have a disability or if she did not need an accommodation, but everything else had remained the same.


(Source: Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.02, Elements of an ADA Claim – Disparate Treatment (Non-Accommodation) Cases (2017 rev.) (modified); 42 U.S.C. § 12112(b)(5)(B) (defining discrimination to include "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant").)

**EEOC'S THIRD CLAIM:  FAILURE TO REHIRE BECAUSE OF DISABILITY**


The EEOC's third claim is that Walmart discriminated against Ms. Spaeth by failing to rehire or reinstate her because of her disability or because of the need to accommodate her disability.  To succeed in this case, the EEOC must prove four things by a preponderance of the evidence:

1.  Ms. Spaeth had a disability. I have defined "disability" earlier.

2.  Ms. Spaeth was "qualified" to perform the job with reasonable accommodation.

3.  Walmart failed to rehire Ms. Spaeth;

4.  Walmart would have re-hired Ms. Spaeth if she did not have a disability or if she did not need an accommodation, but everything else had remained the same.


(Source: Fed. Civ. Jury Instr. of the 7th Cir., Instr. 4.02, Elements of an ADA Claim – Disparate Treatment (Non-Accommodation) Cases (2017 rev.) (modified).)

**<u>DAMAGES:  GENERAL</u>**


If you find that the EEOC has proved any of its claims against Walmart, then you must decide what amount of damages, if any, she is entitled to recover for those claims.  The EEOC must prove Ms. Spaeth's damages by a preponderance of the evidence.

If you find that the EEOC has failed to prove any of its claims, then you will not consider the question of damages.


(Source:  Federal Civil Jury Instructions of the Seventh Circuit, Instruction 3.09 (modified).)

## COMPENSATORY DAMAGES

You may award compensatory damages to Ms. Spaeth only for injuries that have been proved by a preponderance of the evidence were caused by Walmart's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The mental and emotional pain and suffering that Ms. Spaeth experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate a claimant for the injury she has sustained.

(Source: Federal Civil Jury Instructions of the Seventh Circuit, Instruction 3.10 (modified).)

## PUNITIVE DAMAGES

If you find for the EEOC with respect to Ms. Spaeth, you may, but are not required to, assess punitive damages against Defendant for her. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Walmart and others not to engage in similar conduct in the future.

The EEOC must prove by a preponderance of the evidence that punitive damages should be assessed against Walmart. You may assess punitive damages only if you find that the conduct of Walmart was in reckless disregard of Ms. Spaeth's rights. An action is in reckless disregard of Ms. Spaeth's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

-       the reprehensibility of Walmart's conduct;

-       the impact of Walmart's conduct on the Ms. Spaeth;

-       the relationship between the Ms. Spaeth and Walmart;

-       the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

-       Walmart's financial condition;

-       the relationship of any award of punitive damages to the amount of actual harm that Ms. Spaeth suffered.

(Source:  Federal Civil Jury Instructions of the Seventh Circuit, Instruction 3.13 (modified).)

Dated: June 11, 2021.

**EQUAL EMPLOMENT OPPORTUNITY COMMISSION**

Counsel for Plaintiff

*/s/ Justin Mulaire*
Justin Mulaire
Supervisory Trial Attorney

EEOC Chicago District Office
230 S Dearborn St., Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9666
Facsimile: (312) 588-1260
justin.mulaire@eeoc.gov


/s/ *Carrie Vance*
Carrie Vance
Trial Attorney

*/s/ Leslie N. Carter*
Leslie N. Carter
Trial Attorney

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
☎ (414) 662-3686
📠 (414) 297-3146
carrie.vance@eeoc.gov
leslie.carter@eeoc.gov