EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

        Case No. 17CV00070

WAL-MART STORES EAST, LP,

        Defendant.

## DEFENDANT'S PROPOSED SPECIAL VERDICT

Defendant hereby submits the following special verdict questions that Defendant respectfully requests that the court submit to the jurors at the time of deliberations, if any:

## SPECIAL VERDICT FORM

**1)    Has the EEOC proven by a preponderance of the evidence that Marlo Spaeth was a qualified individual with a disability at the time her employment with Walmart was terminated?**

Answer Yes or No: ____

*(If you answered "Yes," answer Question 2; otherwise, sign and return this verdict form)*

**2)    Did Marlo Spaeth or Amy Jo Stevenson request a reasonable accommodation prior to Walmart's termination of Marlo Spaeth's employment on July 10, 2015?**

Answer Yes or No: ____

*(If you answered "Yes," answer Question 4; If you answered "No" answer Question 3)*

**3)    Did Marlo Spaeth or Amy Jo Stevenson request a reasonable accommodation during the meeting held on July 16, 2015?**

Answer Yes or No: ____

*(If you answered "Yes," answer Question 4; If you answered "No" to Questions 2 and 3, sign and return this verdict form)*

4) Was Walmart aware prior to September 22, 2015 that Marlo Spaeth's violations of its attendance policy were due to limitations associated with her Down syndrome condition?

Answer Yes or No: ____

*(If you answered "Yes," answer Question 5; otherwise, sign and return this verdict form)*

5) Has the EEOC proven that the requested accommodation of an indefinite, fixed schedule of 12:00 p.m. to 4:00 p.m. for Marlo Spaeth was connected to her Down syndrome condition?

Answer Yes or No: ____

*(If you answered "Yes," answer Question 6; otherwise, sign and return this verdict form)*

6) Has the EEOC proven that either Marlo Spaeth or Amy Jo Stevenson provided Walmart with a doctor's note or a statement of a doctor supporting the requested fixed work schedule of 12:00 p.m. to 4:00 p.m., at or around the time an accommodation request was made?

Answer Yes or No: ____

*(If you answered "Yes," answer Question 7; otherwise, sign and return this verdict form)*

7) Has the EEOC proven by a preponderance of the evidence that Walmart failed to provide Marlo Spaeth with a reasonable accommodation?

Answer Yes or No: _____

*(If you answered "Yes," answer Question 8; otherwise, sign and return this verdict form)*

8) **Has the EEOC proven by a preponderance of the evidence that Walmart intentionally discriminated against Marlo Spaeth because of her disability when it issued her a First Written Coaching on December 22, 2014?**

Answer Yes or No: _____

*(Proceed to Question 9 no matter how you answered Question 6)*

9) **Has the EEOC proven by a preponderance of the evidence that Walmart intentionally discriminated against Marlo Spaeth because of her disability by issuing her a Second Written Coaching on March 18, 2015?**

Answer Yes or No: _____

*(If you answered "Yes" to either Question 8 or Question 9 answer Question 10; otherwise, answer Question 11)*

10) **Has the EEOC proven that Walmart's issuance of either of the coachings given to Marlo Spaeth were materially adverse employment actions?**

Answer Yes or No: _____

*(Proceed to Question 11 no matter how you answered Question 10; if you answered "Yes" to Question 10, also answer Question 13)*

11) **Has the EEOC proven by a preponderance of the evidence that Walmart intentionally discriminated against Marlo Spaeth because of her Down syndrome condition when it terminated her employment on July 10, 2015?**

Answer Yes or No: _____

*(Proceed to Question 12 no matter how you answered Question 11.)*

12) **Has the EEOC proven by a preponderance of the evidence that Walmart intentionally discriminated against Marlo Spaeth because of her Down syndrome condition**

when it refused to rehire her on September 22, 2015?

    Answer Yes or No: \_\_\_\_\_

*(If you answered "Yes" to either Question 10, Question 11 or Question 12, answer Question 13; otherwise, sign and return this verdict form.)*

**13)** **Would providing Marlo Spaeth the accommodation of allowing her to work a fixed indefinite schedule of 1:00 p.m. to 4:00 p.m. pose an undue hardship to Walmart's business?**

    Answer Yes or No: \_\_\_\_\_

*(If you answered "Yes," sign and return this verdict form; otherwise answer Question 14.)*

**14)** **Has the EEOC proven by a preponderance of the evidence that Marlo Spaeth suffered compensatory damages which were proximately caused by the conduct for which you have found Walmart liable?**

    Answer Yes or No: \_\_\_\_

*(If you answered "Yes," answer Question 15; if you answered "No," to this question, then answer Question 16.)*

**15)** **What amount will fairly compensate Ms. Spaeth for her emotional pain and mental anguish as a result of Walmart's conduct?**

    Answer: $ _____

 *(Answer Question 16.)*

**16)** **Has the EEOC proven by a preponderance of evidence that Walmart acted with reckless disregard of Ms. Spaeth's rights under the ADA?**

    Answer Yes or No: \_\_\_\_

*(If you answered "Yes," answer Question 17; otherwise sign and return this verdict form.)*

**17)** Did Walmart act in good faith to attempt to comply with the ADA by implementing policies and procedures to prohibit discrimination in violation of the ADA?

Answer Yes or No: \_\_\_\_

*(If you answered "No," answer Question 18; otherwise sign and return this verdict form.)*

**18)** What amount of punitive damages, if any, should be assessed against Walmart?

Answer: $_____

_____            _____
FOREPERSON                                                                   DATE

Dated at Milwaukee, Wisconsin this 11th day of June, 2021.

*s/ Emery Harlan*_____
MWH LAW GROUP LLP
Emery K. Harlan, Esq.
emery.harlan@mwhlawgroup.com
Warren E. Buliox, Esq.
warren.buliox@mwhlawgroup.com
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354

CONWAY, OLEJNICZAK & JERRY, S.C.
George Burnett, Esq.
gb@lcojlaw.com
231 South Adams Street
Green Bay, WI 54301
Phone: (920) 437-0476
Fax: (920) 437-2868

**COUNSEL FOR DEFENDANT**