IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) Civil No. 3:17-cv-0070 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| WAL-MART STORES EAST, L.P., | )<br>) EEOC'S MOTION TO QUASH |
| Defendant. | ) DOCUMENT SUBPOENAS |

Defendant Walmart has given notice to the EEOC that it intends to serve subpoenas for the production of documents from several third parties and from EEOC. These subpoenas seek new information Walmart never sought during discovery, which closed on March 1, 2019. (ECF 77). Walmart also seeks disclosure of the investigative file for an additional charge which is not the subject of this litigation in violation of 42 U.S.C. § 2000e-8(e) and implementing regulations. Using trial subpoenas as last-minute discovery in the days before trial is improper and the subpoenas should be quashed.

**I. Walmart should not be allowed to use trial subpoenas to obtain information not sought in discovery and the subpoenas should be quashed.**

Defendant issued a subpoena to Holy Family Memorial for the entire medical file of Marlo Spaeth from her date of birth until July 12, 2021 (Richard Mrizek Declaration, Ex. A, Holy Family Subpoena), Social Security Administration, for all records regarding Marlo Spaeth (Mrizek Declaration, Ex. B, Social Security Subpoena), and to EEOC the entire original investigation files in connection with all charge(s) filed by or on behalf of Marlo Spaeth against

1

Walmart (Mrizek Declaration, Ex. C, EEOC Subpoena). All medical records through 2018 were produced in discovery. EEOC has produced (or logged as privileged) the complete investigative file during discovery for the charge of discrimination underlying this litigation. However, Defendant's trial subpoenas seek additional documents beyond what was received or sought during discovery. The Holy Family subpoena seeks additional records through July 2021; the Social Security subpoena seeks documents never obtained during discovery; and the EEOC subpoena seeks records for a retaliation claim (*See* Mrizek Declaration, Ex. D. June 11, 2021 email from Emery Harlan to Carrie Vance).

Walmart's subpoenas for information never sought in discovery should be quashed. "Trial subpoenas may not be used as a means to engage in discovery after the discovery deadline has expired." *Park v. Dundee Mkt. III, Inc.*, No. 14-CV-1541, 2016 WL 427504, at *2 (N.D. Ill. Feb. 3, 2016); *Patel ex rel. R.P. v. Menard, Inc.*, 2011 WL 5024991, at *1 (S.D. Ind. 2011) ("[I]t is well-settled that trial subpoenas may not be used as a means to engage in discovery after the discovery deadline has expired.") (internal quotations and citations omitted). Trial subpoenas are proper to secure materials for memory refreshment, trial preparation or ensure the availability at trial of original documents. *Bufkin v. Norfolk S. Corp.,* No. 1:00-CV-424, 2002 U.S. Dist. LEXIS 29350, at *3-4 (N.D. Inc. Mar. 20, 2002) (citing *Rice v. United States,* 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995)); *Hatcher v. Precoat Metals,* 271 F.R.D. 674, 675 (N.D. Ala. 2010). They are not to circumvent the discovery rules. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D.Cal.1999) (third party trial subpoena for documents served after the discovery cut-off was improper attempt to circumvent court's deadline).

Walmart had more than ample time to try to obtain this information during discovery. Walmart never sought to obtain updated medical records until the eve of trial. Walmart never

subpoenaed Social Security during discovery, but rather waited until the trial to seek this information. Though Walmart says it wants to subpoena EEOC for documents concerning a second charge that did not result in litigation, it never sought to seek this information during discovery. In past two years, Walmart has never requested updated discovery on any of these issues. Walmart should not be permitted to evade the deadlines in the scheduling order and use Rule 45 trial subpoenas as a belated discovery tool.

## II. EEOC cannot disclose investigative files that are not subject of the litigation.

EEOC cannot produce or disclose investigative files that do not result in litigation. Section 709(e) of Title VII provides that "[i]t shall be unlawful for an officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section *prior to the institution of any proceeding under this subchapter involving such information*." 42 U.S.C. §2000e-8(e)(emphasis added). This provision applies to the ADA as well. See 42 U.S.C. §12117(a) (incorporating powers, remedies, and procedures set forth in Section 2000e-8). Under EEOC regulations, "Special disclosure rules apply to the case files for charging parties, aggrieved persons on whose behalf a charge has been filed, and entities against whom charges have been filed. The special disclosure rules are available in the public reading areas of the Commission. Under sections 706 and 709, case files involved in the administrative process of the Commission are not available to the public." 29 CFR 1610.17(g). The "special disclosure rules" referred to in the regulation are set forth in the EEOC Compliance Manual. EEOC Compl. Man. (BNA), Section 83.3(b). The Compliance Manual provides in relevant part: "Respondents and Their Attorneys – Honor a respondent's Section 83 request only if it is a named defendant in a *pending private lawsuit based on the charge*." *Id.* (emphasis added). Section 83 does not permit disclosure of an ADA charge file to the respondent unless and until the charging party has filed an ADA suit against the respondent. Read together, the provisions of 29 C.F.R. §1610.17 and Section 83 of the EEOC's Compliance Manual prohibit the disclosure of charge files to respondents where no suit has been filed based on those charges.

3

When no suit has been filed based on a charge, a respondent is treated as a member of the "public" for the purpose of Section 709 and the Commission's charge disclosure rules.

The Supreme Court acknowledged the EEOC regulations as well as the limitation set forth in section 83.3(b) of the Compliance Manual, incorporated by reference into the regulation, which restricts disclosure of an EEOC file to a respondent to situations in which it is a defendant in a pending lawsuit based on the charge. *See EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 596-597 (1981); *see also Frito-Lay v. EEOC*, 964 F. Supp. 236, 242-243 (W.D. Ky. 1997)(relying, in part, on the *Associated Dry Goods* acknowledgement of the restrictions set forth in the Compliance Manual to deny the employer's request for the EEOC file where there was no pending lawsuit based on Title VII); *Burlington Northern, Inc. v. EEOC*, 582 F. 2d 1097, 1001 (7th Cir. 1978) (EEOC disclosure rules depend on the filing of a "Title VII proceeding"); *EEOC v. City of Milwaukee*, 54 F. Supp. 2d 885, 893-94 (E.D. Wis. 1999) (relying on the Compliance Manual's directive that if no lawsuit has been filed, a request for the file will be denied).

Walmart apparently is using the trial subpoena to seek information about other potential charge or charges that were not the basis of the instant suit. (*See* Mrizek Dec., Ex. D). Such disclosure would violate prohibitions set forth in 29 CFR 1610.17(g) and Section 83.3(b) of the EEOC Compliance Manual.

Dated: June 17, 2021.

                **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
                Counsel for Plaintiff

                /s/ *Carrie Vance*
                Carrie Vance
                Trial Attorney

                /s/ *Leslie N. Carter*
                Leslie N. Carter
                Trial Attorney

                310 West Wisconsin Avenue, Suite 500
                Milwaukee, WI 53203-2292
                ☏ (414) 662-3686
                📠 (414) 297-3146
                carrie.vance@eeoc.gov
                leslie.carter@eeoc.gov

                */s/ Richard J. Mrizek*
                Richard J. Mrizek
                Trial Attorney
                230 S. Dearborn Street, Suite 2920
                Chicago, IL 60604
                ☏ (312) 872-9724
                richard.mrizek@eeoc.gov