UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

    v.    Case No. 17-C-70

WAL-MART STORES EAST LP,

    Defendant.

---

## ORDER PARTIALLY GRANTING MOTION TO QUASH

---

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission's (EEOC) motion to quash Defendant Walmart Stores East LP's document subpoenas. Walmart issued a subpoena to Holy Family Memorial for the entire medical file of Marlo Spaeth from her date of birth until July 12, 2021, to the Social Security Administration for all records regarding Marlo Spaeth, and to the EEOC for the entire original investigation files in connection with all charges filed by or on behalf of Marlo Spaeth against Walmart. Walmart has since withdrawn its subpoena issued to the Social Security Administration and has received the documents it requested from Holy Family Memorial, so the motion to quash with respect to those subpoenas is denied as moot. Thus, the only issue remaining is the subpoena issued to the EEOC for its investigation file.

The EEOC argues that Walmart's trial subpoena for its investigative file should be quashed for two reasons. First, the EEOC argues that Walmart's issuance of a trial subpoena to obtain its file is an improper attempt to circumvent the discovery deadline imposed by the Court. Second,

the EEOC contends that it cannot lawfully produce or disclose investigative files that do not result in litigation. The first ground is a sufficient basis to deny Walmart's motion.

As a general rule, trial subpoenas may not be used as a means to engage in discovery after the discovery deadline has expired. *Bufkin v. Norfolk Southern Corp.*, No. 1:00-CV-424, 2002 WL 32144317, at *2 (N.D. Ind. Mar. 20, 2002); *see also Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 381 n.13 (D.Md. 1999) ("[C]ourts have not hesitated to quash subpoenas where they were used as a means to reopen discovery after the cut-off date."); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 354–55 (6th Cir. 1984) (affirming district court's decision to quash subpoena issued on the eve of trial seeking documents available during discovery); *Pitter v. Am. Express Co.*, No. 82 Civ. 7451-CSH, 1984 WL 1272, at *5 (S.D.N.Y. Nov. 27, 1984) ("shotgun" production demands through the use of trial subpoenas are impermissible substitute for pretrial discovery). "[W]hen [a] party . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied. *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995).

In this case, there is no indication that the subpoenaed materials would be used for memory refreshment or otherwise for trial preparation. Walmart seeks them in the belief that they may contain information useful for its defense. Walmart may have been entitled to the documents had it requested them before the discovery period expired. Section 709(e) of Title VII of the Civil Rights Act of 1964, the statutory authority the EEOC cites in support of its argument that disclosure would be unlawful, has been held to apply to only the public generally, not parties to the case. *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 596 (1981). But Walmart offers no explanation why it waited until after the discovery deadline expired to request such information.

The purpose of a discovery deadline is to encourage an orderly approach to resolving the parties' dispute and avoid last minute demands for additional information after the parties have exhausted settlement discussions and are busy with trial preparation. To allow a trial subpoena to be used in this way would undermine this approach and potentially handicap the opposing party's trial preparation since it would be required to scramble to obtain these documents at the last minute. *See Thompson v. Glenmede Trust Co.*, No. CIV.A.92-5233, 1996 WL 529691, at *1 (E.D. Pa. Sept. 16, 1996) (requiring a party to produce documents pursuant to subpoena served after discovery deadline is unjust and unduly burdensome). Absent a showing of good cause, I conclude that the EEOC's motion to quash Walmart's subpoena should be granted.

**IT IS THEREFORE ORDERED** that the EEOC's motion to quash Walmart's document subpoenas (Dkt. No. 204) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to the subpoena issued to the EEOC and is denied in all other respects.

**SO ORDERED** at Green Bay, Wisconsin this 22nd day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge