IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

        Case No. 17CV00070

WAL-MART STORES EAST, LP,

        Defendant.

## DEFENDANT'S MOTION TO RESTRICT ACCESSS TO DOCUMENTS

Defendant Wal-Mart Stores East, LP (hereinafter "Walmart") by and through its attorneys, respectfully moves, under General Local Rule 79(d), to restrict access to documents filed with the court on July 7, 2021.

1. While the public generally has a right to access public records, the right of public access to court records and filings is not absolute, and the trial court retains the right and discretion to curtail public access when warranted. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-599 (1978). This Court, recognizing its discretion in this area, allows parties to request that the Court seal or restrict court records or documents to protect the parties' own interests or the interest of third parties. *See E.D. Wis. Gen. L.R. 79(d); Ratajczak v. Beazley Solutions Ltd.*, Case No. 13-C-045, 2013 U.S. Dist. LEXIS 180988, at \*\*2-3 (E.D. Wis. Dec., 23, 2013). For a court to grant a motion to seal or restrict, the party that seeks to seal or restrict access to documents only needs to demonstrate a privacy interest or good cause that overrides the public's interest in having this access. *See Cnty. Mat'ls Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

2. Personal health information is one such overriding privacy interest, and courts regularly find that "good cause" exists to protect patients' personal health information from disclosure. *See Chapman v. Raemisch,* Case No. 05-C-1254, 2009 U.S. Dist. LEXIS 13276, at *19 (E.D. Wis. Feb. 20, 2009) (sealing "certified medical records";) *EEOC v. Orion Energy Sys.,* Case No. 14-CV-619, 2015 U.S. Dist. LEXIS 86428, at *11 (E.D. Wis. July 2, 2015) (sealing documents containing "personal, confidential information regarding [a patient's] medical condition".)

3. Courts within this Circuit have specifically recognized that it is reasonable to shield confidential patient information from public access. *See FTC v. OSF Healthcare Sys.,* Case No. 11 C 50344, 2012 U.S. Dist. LEXIS 48068, at *11-13 (N.D. Ill. 2012); *In re Northshore Univ. Healthsystem,* 254 F.R.D. 338, 342 (N.D. Ill. 2008); *Bayer Healthcare, LLC v. Norbrook Labs., Ltd.,* Case No. 08-C-0953, 2009 U.S. Dist. LEXIS 105078, at *3-5 (E.D. Wis. Oct. 22, 2009).

4. The following documents attached to Defendant's correspondence to the Court electronically filed on July 7, 2021 contain Marlo Spaeth's medical records and confidential information:

      a.      Exhibit B – Holy Family Memorial medical records

      b.      Exhibit C – Social Security Administration records

      c.      Exhibit D – deposition transcripts of Denise Morgan, Bonnie Popp, and Lee Spude as Walmart's F.R.C.P. 30(b)(6) designee

5. Defendant asserts that there is good cause to maintain the confidential nature of the documents at issue in protection of Marlo Spaeth's privacy.

7. Defendant also asserts that if Marlo Spaeth's medical information and records that are being filed with the Court on July 7, 2021 were not restricted by the Court, they would be

accessible to the general public. Defendant therefore has good cause to maintain the confidential nature of the documents at issue in protection of Marlo Spaeth's privacy.

WHEREFORE, Walmart respectfully requests that the Court grant this motion to restrict the viewing of the documents referenced in this Motion, that are being filed July 7, 2021, to this Court and the case participants only.

Dated at Milwaukee, Wisconsin this 7th day of July, 2021.

*s/ Emery Harlan*
MWH LAW GROUP LLP
Emery K. Harlan, Esq.
emery.harlan@mwhlawgroup.com
Warren E. Buliox, Esq.
warren.buliox@mwhlawgroup.com
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354

CONWAY, OLEJNICZAK & JERRY, S.C.
George Burnett, Esq.
gb@lcojlaw.com
231 South Adams Street
Green Bay, WI 54301
Phone: (920) 437-0476
Fax: (920) 437-2868

**COUNSEL FOR DEFENDANT**