# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff(s),

    v.       STATUS CONFERENCE re: [213] Evidentiary Issues
             Case No. 17-CV-70

WAL-MART STORES EAST, LP,

       Defendant(s).

---

| | |
|---|---|
| HONORABLE WILLIAM C. GRIESBACH presiding | Time Called: 2:31 pm |
| Proceeding Held: July 8, 2021 | Time Concluded: 4:06 pm |
| Deputy Clerk: Lori | Tape: Zoom 070821 |

**Appearances:**

  **Plaintiff(s):**  Carrie Vance, Justin Mulaire, Leslie Carter

  **Defendant(s):**  Emery K Harlan, Warren E. Buliox and George Burnett

---

Ms. Vance informs the Court she just electronically filed a document [223] deposition designations.
Counsel states there are 9 exhibits to be heard on today.
Ms. Vance refers to Docket No. 214 with exhibits.
The Clerk clarifies as to exhibit binder, binder with docket no. [215] exhibits and that docket no. [214] was filed in error. The correct docket no. Ms. Vance is referring to should be Docket No. [215] (consists 332 pages). Docket no. [215-1] is 54 pages of eight of the exhibits, two additional exhibits were filed under seal and that is the exhibits that need to be addressed. Counsel just filed Docket No. 223.

Docket No. [215]
**Exhibit 22** – EEOC would like to present the exhibit with the witness that printed out the document (Amy Jo Stevenson) and brought with her to meeting with Walmart managers.
Mr. Harlan responds.
Ms. Vance states a jury instruction may be needed to resolve the dispute.
Mr. Harlan argues the document lays out the law from the EEOC's perspective.
The Court finds the witness can testify as to what she told them. The exhibit will not come in unless there is a dispute about what she told Walmart at the time. There may be a curative instruction limited to that purpose. The Court will address the law.
2:41: **Exhibit 24:** Walmart Letter.
Mr. Harlan states the document is part of an informal process to dissolve internal disputes between employer and employee. Counsel argues it is not relevant.
Ms. Vance argues it is relevant, it is defendant's summary of facts of the case and defendant's argument as to merits of the case.
The Court addresses Rule 408 argument.
The Court inquires as to how plaintiff would introduce this document.
Ms. Vance states it is addressed to the intake supervisor.

Mr. Harlan refers to footnote on the position statement (informal process).
The Court finds it appears to be covered under Rule 408, objection to exhibit is SUSTAINED at this point (tentative ruling). The Court may revisit this issue.
Ms. Vance argues it is a mischaracterization by Walmart.
2:47 pm: Mr. Mulaire responds, addresses Title VII confidentiality, forever confidentiality provisions, statute confidentiality and conciliation. Counsel argues it is not hearsay and is admissible.
2:49 pm: Mr. Harlan responds that counsel articulated a very narrow view of the informal resolution process. Counsel argues the EEOC was put on notice that this was submitted on the basis as set forth in the footnote. Counsel addresses witness testimony vs. document evidence.
The Court inquires as to EEOC's intent to read entire letter.
2:51 pm: Ms. Vance responds and addresses the part as to change in schedule and misstatement as to facts.
Ms. Carter addresses case law as to a defendant's evolving story can be evidence of discrimination.
The parties can provide in letter form regarding case law citations.
The Court will take the matter under advisement.

**Exhibit 25**—Court inquires if these are the time records.
Mr. Harlan responds, yes and it applies to both Exhibit 25 and 27.
The Court will reconsider this and takes the matter under advisement.
2:54 Ms. Vance argues it is not offered as comparator evidence.
The Court inquires what job was of these employees as compared to plaintiff.
Ms. Buliox responds that one was a personnel coordinator, the other was a training coordinator. Both positions were back office positions. The records go back 6 years before plaintiff was let go.

2:57 pm Ms. Vance responds. Counsel argues this was a standard practice of running reports (time sheets) and approving early departure. It is the same and shows this is a standard practice.
2:58 pm: Mr. Buliox addresses diarchy of management, terms of direct report supervision, different groupings of attendance records for different types of associates, and that testimony will be that 2014 scheduling practices changed, and associates were held more accountable for attendance violations.
3:00 pm: Ms. Carter argues that the attendance policy did not specify distinctions and that regardless of positions, the attendance policy was the same for everyone. Counsel argues they did not comply with their policy.
3:01 pm: Mr. Mulaire addresses similarly situated position. Counsel refers to Seventh Circuit case *Perez v Thornton*. We are putting in evidence as to their own policy.
3:02 pm: Mr. Buliox argues they are attempting to put in evidence as to 2 people to show a pattern when Wal-Mart employs hundreds of people.
The Court will hold the matter under advisement. The parties will cite case law and submit in letter format.

**Exhibit 41:** Stipulation about financials.
Mr. Harlan clarifies they stipulated in terms of the facts, but expressly reserved as to admissibility.
Mr. Harlan argues that EEOC wants to display to the jury the wealth of defendant. Counsel refers to Seventh Circuit case, *ZAZU Designs,* excluding evidence. Counsel argues the jury is aware that Wal-Mart has substantial resources.
The Court takes the matter under advisement. The parties will submit letter with case citations that support their position.
Ms. Vance states this is one chart from Walmart's publicly filed chart.

**Exhibit 42**- Asst. Manager Julie Stern Performance Evaluations.
Ms. Vance states this consists of 2 years in a row of performance evaluations for Julie Stern.
Mr. Harlan presents this is classic character evidence that would be excluded under Rule 404.
3:10 pm: Ms. Vance argues this is not character evidence. Counsel refers to the opportunities section at D002445. Counsel argues this is about job skills, not other acts or crimes or character traits. Counsel reads from performance evaluation. Counsel addresses skill sets for interactive process. Exhibit 42 also demonstrates

Wal-Mart's knowledge of the skillset of Julie Stern. Ms. Vance addresses internal ethics investigation into the termination of plaintiff. Walmart had the knowledge of her skill set so this is relevant.
The Court inquires as to ethics investigation.
Ms. Vance responds. Denise Morgan was ethics manager that managed this investigation. She appointed the store manager, Ken Abbot, as the investigator to run the investigation.
The Courts inclination is to NOT allow this. It appears to be prejudicial and not relevant to the issues in this case. Counsel may provide case law and the court will reconsider.
Ms. Vance requests clarification as to impeachment.
The Court advises the parties to bring it to the Court's attention as to impeachment.
3:16 pm: Mr. Harlan responds and explains the complaint was made by Marlo Spaeth's sister. This was not made by an employee. Mr. Harlan questions what purpose this would be used for impeachment.
Ms. Vance states it will be used if the door is opened.
The Court finds it is her behavior towards Ms. Spaeth that is the issue in this case, at this point, the Court does not see how these performance evaluations would go into evidence.


**Exhibit 1005**- Ms. Vance addresses the main objection is as to foundation. Counsel argues the chart will require a lot of explanation to be understood.
Mr. Buliox states the document was discussed and explained during the 30(b) deposition. The document is data that shows up in Wal-Mart's computer system after availability of associates is entered. This is entered by an associate at Walmart regarding Spaeth's availability. The only issue was as to who specifically entered the information. The deponent was unable to specifically state who entered the information.
Ms. Carter responds that no one knows who entered the information, when it was entered and where the information came from as it is inconsistent with Spaeth's information.
Mr. Buliox responds and argues there is foundation as to when it was entered. The piece missing might be as to exactly who entered the information into the system. Counsel argues they can address the matter on cross examination.
3:21 pm: The Court finds this would seem to be admissible.

**Exhibit 1050**—The Court inquires if objection is to the records.
Ms. Vance states the EEOC is arguing as to relevance. Counsel addresses that originally this was a one-page document and now this week it has become a longer document. Counsel addresses this is about telephone communication as to mammogram results.

Mr. Burnett addresses entry on page 6 of 14, document 2939 and reads "patient has downs syndrome but very capable of understanding results per mother". Mr. Burnett states a centerpiece of the case is what does Marlo Spaeth understand, and was she capable of understanding her work schedule. Counsel argues this is a pertinent medical record and is relevant as to ability to understand.
The Court inquires as to lateness,
Mr. Harlan states they had these records, but they were not certified. The records were timely received.
Ms. Vance responds. Timeliness objection is to additional pages and the relevance and 403 objections is as to Docket No. 215-2 page 6 of 14. Counsel argues this is not relevant and the comparison is misleading.
3:27 pm: Mr. Burnett argues that understanding the results of medical treatment and testing is not an insignificant endeavor. Counsel addresses late disclosure. Counsel finds there is no prejudice. The other records have one curious feature relating to Amy Jo Stevenson's authorization to hear medical information as to her sister. As to other records, counsel is not sure if they will be using them.

3:29 pm: The Court finds that with respect to mother's comment she is capable of understanding results, that will be allowed. The Court finds no prejudice as to late disclosure. The objection is overruled. Any further dispute should be addressed with the Court.

**Exhibit 1052:**
Social Security payment records filed under seal.
Ms. Vance objects as to relevance. Counsel requests clarification as to motion in limine ruling. Counsel addresses the motion to quash subpoena ruling.
Mr. Harlan responds as to back pay (off-set) and as to liability issues of the case. Counsel argues the evidence is relevant that she received income from another source at the time of her scheduling change.
3:33 pm: Ms. Vance addresses offset under collateral source rule. Counsel addresses motivational issue. Counsel argues the knowledge Ms. Spaeth is receiving social security earnings is irrelevant.
The Court finds the documents will stay out for now, the matter may be revisited.

**Exhibit 1069:**
Ms. Carter argues that demonstrative 1069 (has not been filed at this time -the Court will review it Monday morning) is confusing and misleading. Ms. Carter argues this exhibit lumps absences and early departures together without distinction.
The Court instructs opposing counsel to review the exhibit and if it is misleading it should not be used.
Mr. Harlan will be prepared to address this matter. Counsel plans on using this with witness laying foundation as to days missed, attendance violations, failure to fulfill shift as a summary exhibit. Counsel states it may be used in closing, they are not planning to use in opening statements.
The Court instructs to inform counsel how it will be used. Mr. Harlan agrees.

**Exhibit 1065**:
3:40 Ms. Vance wants to make sure that any deposition material used on cross of Ms. Spaeth will be used pursuant to the rule for impeachment.
Mr. Harlan argues it could be used for other purposes (refresh memory).
The Court inquires as to her reading level.
Ms. Vance states her reading level is basic, lower elementary grades. Counsel addresses concern regarding the deposition, document use and reading of the exhibits shown to her.
Mr. Harlan responds. Counsel addresses wish to play key aspects of deposition testimony if she is unable to recall testimony.
3:43 pm: Mr. Mulaire responds. Counsel addresses rules as to leading, playing deposition excerpts and standards. Counsel addresses using a deposition to refresh recollection and that it would be shown or played only to the witness, not the jury.
3:45: The Court addresses Rule 801. The parties are to be familiar with the rules and follow them. This is hard to predict how this will go. The Court recognizes Wal-Mart's right to present inconsistency of statements. Confusion may be relevant. The parties should be sensitive to the witness and her limitations.
3:47 pm: Ms. Carter responds.
Mr. Harlan responds.
The Court addresses unavailable witness rule.
3:49 pm: Ms. Vance addresses objections made within the depositions. Counsel specifically addresses foundation objections. Counsel inquires if the Court will provide rulings on those objections.
The parties can provide the transcript of the deposition prior to Defendant playing the deposition and the Court will give a ruling on those objections.

**Docket No. 223**: Deposition Designations (filed immediately prior to hearing).
Docket No 223-1 are the designations.
EEOC designations were filed with the pretrial report and Walmart gave their objections. The designations that the EEOC would like to read in are in yellow and the counter designations are in blue.
3:52 pm page 2 of 30 starts with designation on page 56.
Ms. Vance refers to Lee Spude and objection was cumulative.
Ms. Vance says Walmart may reconsider.
Mr. Harlan states, they will withdraw the objection.

Ms. Vance refers to page 8 of 30, designations from Bonnie Pope, specifically page 37 in the transcript, the ECF footer page 11 of 30 in Docket No. [223] in Green Bay. Counsel states the objection is vague.
The Court overrules the objection.

The next dispute is the third deposition, Denise Morgan, go to the 91st page of her transcript, footer docket [223-1], page 26 of 30, the of exchange begins on bottom 91, attention directed to page 1045, prior to this counsel had exhibited investigation template that ethics manager sent to investigator and the question is about the template. Counsel misspoke. The EEOC disputes the counter designation.
Mr. Harlan responds.
The Court OVERRULES the objection.
Ms. Vance asks if the counter designation comes in.
The Court says yes.

Next dispute is as to Page 93, still with Denise Morgan reviewing investigation template exhibit.
4:00 pm: Mr. Harlan states they withdraw the objection.
Ms. Vance states the deposition designations are resolved now.

Ms. Vance requests clarification for trial subpoena served for the EEOC investigator who investigated the charge. Counsel's position is the ruling on the EEOC's motion to quash should govern the trial subpoena of the investigation and that testimony should not be necessary.
Mr. Harlan responds. Counsel states they are close to resolving this issue. Mr. Harlan would like the witness to be on standby to the extent that she may need to testify to the accuracy of the notes. Counsel would give 24 hours' notice if her testimony is necessary.
4:02 pm: Ms. Vance responds.
At this point, the Court will not quash the trial subpoena.
Ms. Carter inquires if the witness would be able to provide appear remotely.
Mr. Harlan has no objection.
The parties agree to her appearing via telephone if necessary.
The parties are to appear for trial at 8:30 am on Monday.
Adjourned.