

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Chicago District Office**

Justin Mulaire
Direct dial: 312-872-9666
justin.mulaire@eeoc.gov

JCK Federal Building
230 S. Dearborn, Suite 2920
Chicago, IL 60604
Website: www.eeoc.gov

July 14, 2021

Honorable William C. Griesbach
Eastern District of Wisconsin - Green Bay
Jefferson Court Building
125 S. Jefferson Street – Room 102
Green Bay, WI 54301-4541

> RE: *EEOC v. Wal-Mart Stores East, LP*
> Case No. 1:17-cv-00070

Dear Judge Griesbach:

This letter provides additional points and authority on two issues related to the Court's draft jury instructions.

**1.     Instruction 4.08 — Interactive Process**

The third sentence of the draft instruction, which is derived from Ekstrand v. School Dist. of Somerset, 583 F.3d 972 (7th Cir. 2009), should be omitted, to avoid suggesting that an employee needs to provide a doctor's note in order to make a request for reasonable accommodation and trigger the interactive process. The Seventh Circuit has long made clear that no magic words or steps are required to initiate a request for an accommodation and that what is sufficient to kick off the interactive process is a duty grounded in "common sense" rather than rigid, bright-line rules. See Beck v. University of Wisconsin Bd. of Regents, 75 F.3d 1130, 1134 (7th Cir. 1996) ("An employee has the initial duty to inform the employer of a disability before ADA liability may be triggered for failure to provide accommodations—a duty dictated by common sense lest a disabled employee keep his disability a secret and sue later for failure to accommodate."); EEOC v. Sears, Roebuck & Co., 417 F.3d 789, 804 (7th Cir. 2005) ("Where notice is ambiguous as to the precise nature of the disability or desired accommodation, but it is sufficient to notify the employer that the employee may have a disability that requires accommodation, the employer must ask for clarification.").

Especially in cases involving employees with an intellectual disability, the Seventh Circuit recognizes that once a need for an accommodation is known, an employer who needs more information has a duty to ask for it. See Bultemeyer v. Fort Wayne Community Schools, 100 F.3d 1281, 1285 (7th Cir. 1996) ("But properly participating in the interactive process means that an employer cannot expect an employee to read its mind and know that he or she must specifically say 'I want a reasonable accommodation,' particularly when the employee has a mental illness. The employer has to meet the employee half-way, and if it appears that the employee may need an accommodation but doesn't know how to ask for it, the employer should do what it can to help.").

1

Thus <u>Ekstrand</u> is not properly understood as establishing a bright-line test that medical documentation is needed to *initiate* a request for an accommodation. The discussion in <u>Ekstrand</u> makes clear that the interactive process in that case had already been initiated prior to the employer's Nov. 28, 2005 receipt of a doctor's note: the court there concluded that the defendant had acted reasonably in the months prior to that date and had taken "accommodating steps" during that period. <u>See</u> <u>id.</u> at 977. Thus the case is better understood as concluding that, to the extent the plaintiff believed those accommodations were inadequate and that more was needed for a medical reason that was not otherwise obvious, the plaintiff was the one in a position to know. In that circumstance, it was the plaintiff who should have provided more information *as part of* the interactive process. Moreover, to the extent <u>Ekstrand</u> were read as stating a rule that providing a doctor's note is necessary to *initiate* a request for accommodation, such a rule would be *dicta* in any event: Since the court concluded that the employer did take reasonable steps to make accommodations, there was no need to apply a medical evidence documentation rule to find in the defendant's favor for the period prior to Nov. 28, 2005.

As one court applying <u>Ekstrand</u> has concluded: "Defendant could not simply ignore Plaintiff's request for an accommodation until Plaintiff figured out that Defendant required medical documentation." <u>Malas v. Hinsdale Township Disrict #86</u>, 2019 WL 2743590, at *20 (N.D. Ill. July 1, 2019); <u>see also</u> <u>Sears</u>, 417 F.3d at 804 ("[A]n employer cannot shield itself from liability by choosing not to follow up on an employee's requests for assistance, or by intentionally remaining in the dark.").

Accordingly, the EEOC believes the second and third sentences in the relevant instruction should be replaced by a sentence at the end of the same paragraph conveying that: "If, during this interactive process, the employer reasonably requests further information, such as medical information, or if the employee knew or reasonably should have known that the employer needed such information, then the employee has a duty to cooperate reasonably in providing the necessary information."

**2.     Instruction 4.02 — Elements of Failure to Rehire Claim**

The EEOC believes the draft instruction's requirements that Ms. Spaeth "applied for a position at Walmart after July 10, 2015" and that Walmart must have "receiv[ed]" such an application should be omitted.

The Seventh Circuit has explained that evidence of submission of a job application in a failure to hire case is part of the formulation of a "prima facie" case under <u>McDonnell-Douglas</u>, 411 U.S. 792 (1973), but that this is merely a common — not the exclusive — means to prove such a claim. <u>See, e.g.</u>, <u>Loyd v. Phillips Brothers</u>, 25 F.3d 518, 523 (7th Cir. 1994). Indeed, in <u>McDonnell-Douglas</u> itself, the Supreme Court said it was creating a flexible rather than a rigid standard: "[T]he ... prima facie proof required from [employees] is not necessarily applicable in every respect to differing factual situations." 411 U.S. at 802 n.13; <u>see also</u> <u>Volling v. Kurtz Paramedic Servs.</u>, 840 F.3d 378, 383 (7th Cir. 2016) (in light of flexibility in <u>McDonnell-Douglas</u>, "we have previously relaxed the application requirement in certain circumstances").
Showing that an application was submitted but that the applicant was not hired "closes

the causal gap between the employer's decisionmaking process and the [protected status] of the employee, thus allowing a tentative inference of bad motive on the employer's part." Loyd, 25 F.3d at 523. "But, of course, it is not true that the causal gap can never be bridged by something short of the formal submission of an application." Id. Thus, the Loyd court concluded, an application was not needed in that case because the employer's practices did not require submitting one to be considered for an internal job opportunity. See id. at 523-25.

Even more fundamentally, the Supreme Court and Seventh Circuit have made clear that the McDonnell-Douglas is not used at trial and, even at the summary judgment stage, is merely one of two evidentiary frameworks available to prove a claim of discrimination. See Perez v. Thorntons, Inc., 731 F.3d 699, 703 (7th Cir. 2013) (direct method of proof may rely on direct or circumstantial evidence); EEOC v. Board Of Regents Of University Of Wisconsin System, 288 F.3d 296, 301-02 (7th Cir. 2002) (McDonnell-Douglas not used at trial); see also U.S. Postal Service Bd. of Govs. v. Aikens, 460 U.S. 711, 714 (1983) ("surprising" at the stage of a trial on the merits, "to find the parties and the Court of Appeals still addressing the question whether Aikens made out a *prima facie* case").

Accordingly, the EEOC believes that the elements of the failure to rehire claim should simply be those set out in the Seventh Circuit pattern instruction: Ms. Spaeth was a qualified individual with a disability, she was not rehired, and she would have been rehired were it not for her disability or the need to accommodate her disability. To be sure, Walmart may argue, as a factual matter, that Ms. Speath's non-rehire was caused by her failure to submit an application rather than by discrimination. But this is merely a factual argument for the jury to consider in evaluating the causation element of the claim. The submission of a job application is not required, as a matter of law, as a freestanding element of a failure to hire claim.

The facts of this case make would make such a legal requirement particularly inapt. There is evidence that a recently terminated employee at Walmart was not even *permitted* to submit an application within 30 days of discharge. There is also evidence that a separate path to rehiring, referred to by the company as "reinstatement" did require submission of an application by an employee at any point in time. Finally, there is evidence that after Ms. Stevenson requested that Ms. Spaeth be rehired, the company indicated in response that it would consider the request. Having conveyed that, the company cannot equitably assert in litigation that it did not consider the request because some further step was needed. Cf. LaBonte v. U.S., 233 F.3d 1049, 1053 (7th Cir. 2000) (equitable estoppel).

Accordingly, the instruction should not require the existence of an application for rehire.

                                                Sincerely,

                                                s/Justin Mulaire
                                                U.S. Equal Employment Opportunity Commission
                                                230 S. Dearborn St., Ste. 2920
                                                Chicago, IL  60604
                                                312-872-9666
                                                justin.mulaire@eeoc.gov