# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
        Plaintiff,

v.             **JURY TRIAL**
              Case No. 17-CV-70

WAL-MART STORES EAST, LP,
        Defendant.

---

| | |
|---|---|
| HONORABLE WILLIAM C. GRIESBACH presiding | Time Called: 9:12 am 7/12/2021 |
| Proceeding Held: July 12, 2021 | Time Concluded: 3:32 pm 7/15/2021 |
| Deputy Clerk: Lori | Tape: Public Service Custom Live Streaming Service |
| Court Reporter: John Schindhelm | |

**Appearances:**

  **Plaintiff(s):**  Carrie Vance, Leslie Carter and Justin Mulaire

  **Defendant(s):**  Emery Harlan, Warren Buliox and George Burnett

---

Jury Trial begins. Appearances as noted above.
The Court advises the jury panel of the jury selection process and COVID procedures for trial.
9:18 am: Jury panel sworn by the clerk.
Voir Dire begins.
10:12 am: Attorneys take pre-emptory strikes.
The Court gives preliminary instructions.
10:22 am: Court reads the names of the eight (8) selected jurors.
The parties agree this is the jury they selected.
The Court thanks the jury panel for their service and excuses those jurors not selected.
The selected jurors exit the courtroom and retire to the jury room.
Outside the presence of the jury, a record is made of matters discussed in chambers this morning.
Walmart's position statement will be admissible.
The attendance records of other employees will not be admissible at this point.
Evidence of Wal-Mart's wealth (as to damages) will be admissible.
Wal-Mart's objection to the admission of the position statement is noted for the record.
EEOC's objection to the ruling on the attendance records is noted for the record.
Mr. Harlan addresses Julia Stern's performance evaluations.
The Court clarifies that was ruled inadmissible.
Mr. Mulaire sought clarification; his understanding was this could be revisited.

The Court clarified these are preliminary rulings and all objections should be addressed with the Court before presenting to jury.
10:29 am: The Court recesses.
10:53 am: The Court resumes.
The jury enters the courtroom.
The petit jury is sworn by the clerk.
10:55 am: Opening statements by Ms. Carter.
11:21 am: Opening statements by Mr. Burnett.
11:44 am: The Court instructs the jury and the jury exits the courtroom.
The Court is in recess.
1:02 pm: Court resumes.
The jury enters the courtroom.
Ms. Vance calls Amy Jo Stevenson.
Witness, **Amy Jo Stevenson,** sworn and testifies under direct examination.
1:30 pm: Mr. Burnett objects-getting into hearsay.
Side Bar with counsel.
1:32 pm: The Court states the objection was cleared.
Direct examination continues.
1:38 pm: Ms. Vance refers to **Stipulated Exhibit 21,** witness states this was my complaint.
1:49 pm: Cross-examination by Mr. Burnett.
1:57 pm: Objection by Ms. Vance, calls for speculation.
Mr. Burnett states he will rephrase question. Cross continues.
2:04 pm: Mr. Burnett provides deposition transcript to witness to refresh memory, refers to page 268, starting at line 4. (9/21/2018).
2:09 pm: Ms. Vance objects, foundation.
Counsel rephrased question. Cross continued.
2:12 pm: Counsel refers to witness to **Exhibit 1050**, medical records-**page 2939**.
2:16 pm: Ms. Vance objects and requests to approach.
Side Bar.
The Court reporter reads back last question.
2:20 pm: Cross-examination resumes.
2:21 pm: Ms. Vance objects, relevance. Overruled.
2:22 pm: Mr. Burnett refers witness to **Exhibit 1041.**
Counsel refers to 2C, page 2953, then refers to 2956,
Counsel refers to 2019, page 3008.
Counsel refers to 2020, page 3009.
Counsel refers to page 3010.
*2:30 pm: (Note pads provided to jurors.)*
2:31 pm: Re-direct by Ms. Vance.
2:33 pm: Re-cross by Mr. Burnett.
2:34 pm: Ms. Vance objects, is there a question? Overruled. Counsel is to rephrase question.
Re-cross continues.
Witness is excused.
Plaintiff calls **Karen Becker**.
The Court will recess due to delay in getting witness.
2:38 Jury exits court room
Outside the presence of the jury, Ms. Vance clarifies that the exhibits stipulated to by the parties in docket number [212] are moved for admission and received.
The Court addresses that Exhibit 1050 was not on the list of the stipulated exhibits [212] but was addressed on 7/8/2021 Zoom Conference, only one page is admitted.
Mr. Harlan clarifies, just the one page, **page 2939 of Exhibit 1050 was admitted**.
2:41 pm: The Court is in recess.

3:00 pm: Court resumes and the jury enters the courtroom.
Mr. Mulaire informs the Court there was one more exhibit for admission, **Exhibit 1065, Lawent's Notes. Exhibit 1065 is received.**
Ms. Vance calls Karen Becker.
**<u>Karen Becker</u>**, sworn and testifies under direct. (retired, Personnel Coordinator)
3:08 pm: Mr. Buliox objects, speculation.
The Court will let the answer stand.
3:15 pm: Witness referred to **Exhibit 1**, page 493.
3:23 pm: Witness referred to **Exhibit 5.**
3:27 pm: Witness referred to **Exhibit 2,** page 2.
Witness referred to **Exhibit 3.**
Witness referred to **Exhibit 6.**
Witness referred to **Exhibit 12.**
Witness referred to **Exhibit 15.**
Witness referred to **Exhibit 17.**
3:37 pm: Witness referred to **Exhibit 1018.**
Witness referred to **Exhibit 23.**
Counsel clarifies Julia Stern is her legal name. The witness testifies that the employees call her "Julie."
3:46 pm: Witness referred to **Exhibit 23**.
3:55 pm: Mr. Buliox objects, relevance. Overruled. Mr. Buliox requests to approach.
Side Bar.
3:57 pm: Direct examination continues.
4:00 pm: Counsel provides deposition transcript to witness for recollection only, refers to page 159, line 12.
Witness refers to **Exhibit 29.**
4:16 pm: Mr. Buliox objects, answered, compound questions.
Counsel withdraws objection.
Direct examination continues.
Counsel refers to **Exhibit 1**, page 2.
Counsel refers to **Exhibit 23**, second page.
4:25 pm: Counsel refers to deposition page 169 -170, starting at line 22 of witness's deposition.
4:29 pm: Cross-examination by Mr. Buliox.
Objection by Ms. Vance, relevance. Overruled.
4:36 pm: Ms. Vance objects, leading. Sustained.
Cross-examination continues.
4:38 pm: Ms. Vance objects, calls for speculation. Overruled.
Witness referred to **Exhibit 1000.**
Witness referred to **Exhibit 1001.**
4:42 pm: Ms. Vance objects, calls for speculation. Sustained.
Ms. Vance objects asked and answered. Overruled.
4:46 pm: Ms. Vance objects, calls for speculation. Overruled.
4:48 pm: Ms. Vance objects, personal knowledge. Sustained.
4:51 pm: Ms. Vance objects, leading. Overruled.
Witness referred to **Exhibit 1**.
Witness referred to **Exhibit 1014.**
Ms. Vance objects, leading and calls for speculation. Overruled.
Witness referred to **Exhibit 1016.**
5:05 pm: Ms. Vance objects, leading. Overruled.
5:09 pm: Ms. Vance objects, calls for speculation. Judge gives instruction. Overruled.
5:13 pm: Re-direct by Ms. Vance.
5:15 pm: Objection calls for speculation.
Witness is excused.
The Court instructs the jury. The jury exits the courtroom.

The Court and parties address matters outside presence of jury.
Mr. Buliox addresses discussion about sick time or sick reference and restates the objection for the record.
Mr. Harlan addresses supplementing the trial brief regarding reasonable accommodation.
The Court addresses the ruling was based upon the question of whether there was a need for an accommodation and that Walmart would have or should have known about the need for accommodation.
Court recesses at 5:18 pm.

**DAY 2 JURY TRIAL -July 13, 2021**
Appearances the same as noted above.
8:28 am: The Court resumes outside the presence of the jury.
Mr. Mulaire addresses deposition designations. Counsel explains that Plaintiff left out 14 lines of deposition designations as to Bonnie Popp.
Mr. Harlan states the witness will be testifying live.
Mr. Mulaire addresses testimony recounting one of the scheduling forms that Marlo was asked to sign.
The Court inquires if this is testimony plaintiff wants to introduce to their case in chief and asks if the witness is unavailable to them at this point.
Mr. Mulaire sets forth that she is one of the managers. Counsel can read the deposition designations into the record and there is no objection to the text. Counsel argues it is up to defendant to call her live in their case.
The Court instructs defense counsel to review the 14 lines in question and let the clerk know if it is an issue.
Mr. Harlan would like lines 18-25 read in on page 59.
Mr. Mulaire agrees.
8:34 am: The jury enters the courtroom.
The Court instructs the jury as to the next witness. This will be the reading of deposition testimony. This witness will be testifying live at a later time as part of defendant's case.
**The EEOC reads deposition designation testimony of Bonnie Popp from May 8, 2018.**
Ms. Vance is reading the questions. Ms. Carter (seated in witness stand) is reading the answers to the questions from the transcript.
8:39 am: Counsel refers to **Exhibit 1002**.
8:44 am: Ms. Vance states this completes the designated deposition testimony of Bonnie Popp.
(Ms. Carter leaves the witness stand.)
8:44 am: Plaintiff calls **Robin Castro** adversely.
8:48 am: Witness is sworn by the clerk and testifies under direct examination from Ms. Carter.
8:55 am: Witness is referred to **Exhibit 30.**
9:11 am: Witness referred to page 2, **Exhibit 30**.
9:20 am: Witness referred to **Exhibit 20.**
9:21 am: Witness is referred to **Exhibit 26.**
9:30 am: Witness referred to **Exhibit 34**.
9:34 am: Witness referred to **Exhibit 32.**
9:37 am: Witness referred to **Exhibit 35**, page 5.
9:42 am: Mr. Burnett objects, calls for legal conclusion. Sustained.
Counsel rephrases question.
Mr. Burnett objects, same objection, that is irrelevant.
The Court requests a side bar. The Court will recess at this time.
9:43 am: The jury exits the courtroom.
Outside the presence of the jury, the Court and parties address the objection.
Mr. Burnett explains objection as to relevance (Rule 403).
Ms. Carter responds, arguing it goes to reckless disregard.
The Court finds a limiting instruction is appropriate here.
9:46 am: Ms. Carter asks for the witness to be excused from the stand. Witness exits the courtroom.
Mr. Harlan addresses questioning regarding guidelines and violation of the ADA and jury instruction.
Mr. Burnett will draft a limiting instruction and review with opposing counsel.
9:49 am: The Court is in recess.

10:12 am: The Court resumes outside the presence of the jury.
The Court and parties discuss the proposed limiting jury instruction discussed immediately prior to the break.
The parties have no objection to the proposed instruction.
The Court will give the instruction to the jury.
The Court addresses the testimony of Marlo Spaeth.
Ms. Carter requests permission for leeway as to relevance questions to make Ms. Spaeth comfortable on the stand.
The Court references the *Hanson* case and Wisconsin Rules of Evidence (Rule 601).
Mr. Mulaire responds and references federal law and Seventh Circuit cases: *US v Banks* and *US v Snyder* as to competency/testimony.
10:16 am: The jury enters the courtroom.
10:17 am: The Court reads the limiting or cautionary jury instruction regarding testimony they will hear.
10:18 am: Direct examination of **Robin Castro** by Ms. Carter continues.
10:19 am: Mr. Burnett objects, indefinite as to time.
The Court instructs to rephrase the question.
10:24 am: Witness referred to **Exhibit 35**, page 5.
Witness referred to **Exhibit 1**.
10:30 am: Mr. Burnett objects, not enough foundation laid. Overruled. The witness can ask for more clarification.
Ms. Carter provides witness with deposition transcript to refresh recollection. Refers to page 141, line 24 and 25.
10:33 am: Direct examination continues.
Ms. Carter provides deposition transcript, approaches witness again with deposition transcript, page 139, lines 13-16. Direct examination continues.
Witness referred to **Exhibit 32**, page 3.
10:37 am: Mr. Burnett objects, calls for speculation and is irrelevant in the sense it is retrospective. Sustained.
10:38 am: Cross-examination by Mr. Burnett.
10:39 am: Ms. Carter objects, leading.
Mr. Burnett states he will rephrase.
Cross-examination continues.
10:45 am: Ms. Carter objects, leading. Overruled.
Mr. Burnett restates question.
10:49 am: Ms. Carter objects, foundation. Overruled.
10:50 am: Ms. Carter objects, leading. Overruled.
Mr. Burnett repeats question.
10:54 am: Ms. Carter objects, already gone over. Overruled.
10:56 am: Mr. Burnett refers to **Exhibit 26.**
Ms. Castro testifies as to rehire policy.
10:58 am: Ms. Carter objects, leading.
Mr. Burnett will restate question.
Ms. Carter objects, leading, but she already answered.
11:00 am: Witness referred to **Exhibit 30.**
11:07 am: Witness referred to **Exhibit 32,** page 2.
11:10 am: Witness referred to **Exhibit 1013.**
11:12 am: Re-direct by Ms. Carter.
Counsel refers to **Exhibit 26**.
Witness referred to **Exhibit 30**.
11:18 am: Witness excused.
Ms. Vance requests to read in deposition designations at this time.
Mr. Harlan requests counsel state the page and line number being read in.
The Court clarifies they are highlighted in the electronic filing, docket no. [223].
11:20 am: **EEOC reads excerpts from deposition of Lee Spude from November 14, 2018.**

Ms. Vance reads the questions and Mr. Mulaire (seated in the witness stand) reads the answers from the deposition transcript.
11:23 am: Deposition designation reading is concluded as to Lee Spude.
**EEOC reads the deposition excerpts from Denise Morgan from March 1, 2019.**
Ms. Vance reads the questions and Ms. Carter (seated at the witness stand) reads the answers from the deposition transcript.
11:25 am: Mr. Harlan inquires as to page number. Ms. Vance responds, starts at 25.
11:34 am: The reading of the deposition of Denise Morgan is complete.
11:35 am: Ms. Carter calls **Marlo Spaeth**. Witness sworn and testifies under direct examination by Ms. Carter.
11:54 am: Cross-examination by Mr. Harlan.
Mr. Harlan requests the deposition video clip to be played, pages 97-98, lines 25 – 16. *(Audio issues with the video.)*
12:01 pm: Mr. Harlan reads from deposition transcript of Marlo Spaeth due to technical issues with the video. Counsel reads the questions and answers to assist witness with recollection.
12:03 am: Witness excused.
The jury exits the courtroom.
Outside the presence of the jury, Ms. Vance requests to move into evidence the stipulation regarding financials which is **Exhibit 41**.
The Court clarifies the prior ruling.
Mr. Harlan agrees.
**Exhibit 41 is received**.
Ms. Vance informs the Court that they anticipate having offers of proof at the end of their case-in-chief.
Mr. Harlan inquires as to what.
Counsel intends to offer **Exhibit 42** (Stern evaluation) and the two attendance records (**Exhibits 25 and 27**)
Mr. Mulaire states this is to formalize what they will show.
12:05 pm: The Court is in recess.
1:10 pm: The Court resumes outside the presence of the jury.
The Court and parties address exhibits.
Mr. Mulaire states they have two quick offers of proof and a short procedural question regarding expert witnesses. Mr. Mulaire addresses conversations in chambers to be put on the record. **Exhibit 42** addressed. This would be offered to indicate the need for more compassion when dealing/addressing associates concerns/issues and feelings. Mr. Mulaire addresses the use of **Exhibits 25 and 27** (attendance records).
Mr. Harlan argues as to character evidence, relevance, prejudice and Rule 403.
The Court states the record should reflect there have been discussions in chambers. The potential for unfair prejudice outweighs any probative value as to **Exhibit 42**. As to the **Exhibits 25 and 27**, the absences were leaving early with the authorization of the company, are irrelevant, and would violate Rule 403. The record is made on the offerings and the Court's ruling remains. The Court states the Daubert issue is preserved.
Mr. Mulaire inquires as to the charging conference for jury instructions.
The Court will provide draft jury instructions for counsel to review this evening.
Mr. Harlan will be ready to present two witnesses this afternoon.
1:22 pm: The jury enters the courtroom.
Ms. Vance calls **Dr. David S. Smith**, witness sworn and testified under direct examination by Ms. Vance.
Witness is referred to **Exhibit 38.**
Witness referred to page 10 of exhibit.
1:40 pm: Witness refers to **Exhibit 39.**
1:58 pm: Cross-examination by Mr. Burnett.
2:07 pm: Ms. Vance objects, relevance. Overruled.
2:18 pm: Mr. Burnett provides deposition transcript, refers witness to page 251 to refresh his memory. Counsel reads from transcript.
2:36 pm: Mr. Burnett provides copies of physician billing to witness to refresh memory.
2:38 pm: Counsel refers to page 11 of **Exhibit 38**.
2:39 pm: Re-direct by Ms. Vance.

2:40 pm: Mr. Burnett states there is no foundation for this. Sustained.
Re-direct continues.
2:41 pm: Witness is excused.
The jury exits the courtroom.
Outside the presence of the jury, the Court and parties discuss schedule.
Plaintiff will read in deposition designations after the break.
Mr. Harlan addresses Rule 50 motion.
2:45 pm: The Court is in recess.
3:01 pm: Court resumes.
The jury enters the courtroom.
Ms. Vance states the EEOC will read in the corporate deposition designations.
**Deposition Designation of Wal-Mart's 30(b)(6) deponent – Mr. Spude April 5, 2019** read into the record.
Ms. Vance reads the questions from the deposition transcript and Mr. Mulaire (seated at the witness stand) reads the answers from the transcript.
3:04 pm: Witness is referred to **Exhibit 1061.**
3:12 pm: Plaintiff rests.
Mr. Harlan calls Barbara Barnes adversely.
3:14 pm: **Barbara Barnes** is sworn by the clerk and testifies under direct examination by Mr. Harlan.
3:17 pm: Ms. Carter objects, foundation.
Mr. Harlan rephrases question.
Ms. Carter objects, confusing. Overruled.
3:25 pm: Ms. Carter objects, foundation. Sustained.
3:34 pm: Ms. Carter objects, foundation.
Mr. Harlan rephrases question.
3:35 pm: Ms. Carter objects, as to foundation and compound.
The Court instructs counsel to rephrase question.
Direct examination continues.
Ms. Carter objects, compound. Overruled.
3:39 pm: Ms. Carter objects, too vague. Sustained.
3:42 pm: Ms. Carter objects, compound.
Mr. Harlan withdraws question.
3:44 pm: Ms. Carter objects, foundation. Overruled.
3:46 pm: Ms. Carter objects, foundation, hearsay. Overruled.
Counsel requests to have video deposition played, page 70 lines 5 through 11.
Video deposition played in the courtroom.
Direct examination continues.
3:50 pm: Ms. Carter objects, compound and confusing.
The Court asks witness if she understands the question.
Direct examination continues.
Ms. Carter objects, that is not her testimony
3:52 am: Ms. Carter objects, calls for speculation. Sustained.
3:54 pm: Ms. Carter objects, calls for speculation. Sustained.
Ms. Carter objects, calls for speculation. Overruled.
Mr. Harlan plays video deposition page 87, lines 9-10 for witness recollection.
Direct examination continues.
3:57 pm: Ms. Carter objects, foundation and calls for speculation. Sustained.
Ms. Carter objects, foundation and calls for speculation.
The Court finds this has been gone over, instructs to move on.
3:58 pm: Counsel plays video of depositions, page 88, lines 12 -17 to refresh witness recollection.
Ms. Carter objects, foundation, calls for speculation.
SIDE BAR
4:01 pm Direct examination resumes.

4:03 pm: Cross-examination by Ms. Carter.
4:04 pm: Witness is excused.
Mr. Harlan requests to approach the bench.
SIDE BAR.
The Defense calls Julia Stern. As witness arriving, Mr. Mulaire requests to approach—will wait till after testimony.
4:07 pm: **Julia Stern**, witness sworn by the clerk and testifies under direct examination by Mr. Harlan.
Witness referred to **Exhibit 1000.**
4:24 pm: Ms. Vance objects, leading. Overruled.
4:26 pm: Witness referred to **Exhibit 1006.**
4:33pm: Ms. Vance objects, calls for speculation. Overruled.
4:35 pm: Ms. Vance objects, foundation.
The Court asks witness if she knows when Black Friday was in 2014. Witness answers "no"
Witness referred to **Exhibit 1014**.
4:44 pm: Witness referred to **Exhibit 1010**.
Witness referred to **Exhibit 1012.**
4:48 pm: Ms. Vance objects, lack of foundation.
Mr. Harlan rephrases.
Ms. Vance objects, leading. Overruled.
4:53 pm: The Court instructs counsel to look for a good time to break for the day.
4:54 pm: Mr. Harlan states that is all.
The witness is excused.
The jury exits the courtroom.
Outside the presence of the jury, the Court inquires if the parties have anything they would like to put on the record.
Mr. Harlan will make his motion at later time.
Court will resume at 8:30 am.
The Court hands out copies of the jury instructions and verdict form for counsel review.
4:58 pm: Court adjourns.

**DAY 3 – JURY TRIAL -July 14, 2021**
Appearance are the same.
8:32 am: Court resumes outside the presence of the jury.
The Court and parties discuss the Rule 50 motion filed by defendant, discuss today's schedule, and anticipate closing arguments on Thursday morning.
8:34 am: The jury enters the courtroom.
**Julia Stern** retakes the witness stand, remains under oath, direct examination by Mr. Harlan continues.
Witness referred to **Exhibit 1006**, page 2548.
8:38 am: Witness referred to **Exhibit 1013.**
8:52 am: Ms. Vance objects, leading.
Counsel rephrases question.
8:53 am: Ms. Vance objects, leading. Overruled.
8:57 am: Witness referred to **Exhibit 18.**
9:01 am: Witness referred to **Exhibit 9.**
9:02 am: Ms. Vance objects, foundation.
The Court asks if there is a question. Ms. Vance responds.
The Court will hear the question and decide as to foundation.
9:04 am: Witness referred to **Exhibit 10.**
9:07 am: Cross-examination by Ms. Vance.
Witness referred to **Exhibit 30.**
9:12 am: Mr. Harlan objects, vague in terms of request. Sustained.
Ms. Vance will rephrase.

9:15 am: Witness referred to **Exhibit 37.**
9:20 am: Mr. Harlan objects, confusing. Overruled.
9:22 am: Re-direct by Mr. Harlan.
9:23 am: Mr. Buliox calls **Bonnie Popp.**
Witness identifies herself as **Bonnie Ohlsen**, sworn and testifies under direct by Mr. Buliox.
Mr. Buliox clarifies that Bonnie Ohlsen was previously known as Bonnie Popp.
9:30 am: Ms. Carter objects, leading. Overruled.
9:31 am: Ms. Carter objects, leading. Overruled.
9:36 am: Witness referred to **Exhibit 1017.**
9:39 am: Witness referred to **Exhibit 1018.**
9: 58 am: Witness referred to **Exhibit 1.**
10:04 am: Witness referred to **Exhibit 1015.**
10:05 am: Ms. Carter objects, leading. Overruled.
10:07 am: Witness referred to **Exhibit 1010.**
Witness referred to **Exhibit 1006.**
10:14 am: The Court will recess; jury exits the courtroom.
10:30 am: Court resumes.
10:31 am: The jury enters the courtroom.
Direct examination of witness continues.
Witness referred to **Exhibit 1029.**
10:36 am: Witness referred to **Exhibit 1032.**
10:40 am: Ms. Carter objects, vague. Overruled.
10:42 am: Cross-examination by Ms. Carter.
10:47 am: Ms. Carter approaches witness with copy of deposition transcript to refresh memory.
10:51 am: Mr. Buliox objects, foundation. Overruled.
Witness referred to **Exhibit 1006**.
10:52 am: Mr. Buliox objects, compound. The Court instructs to rephrase.
Cross-examination continues.
The Court inquires as to the time covered for purpose of clarity.
10:55 am: Witness referred to **Exhibit 17**.
11:01 am: Witness referred to **Exhibit 1**.
11:006 am: The Court inquires if the parties can stipulate if this is not in dispute.
Cross-examination continues.
11:13 am: Mr. Buliox objects, calls for speculation. Overruled.
11:14 am: Mr. Buliox objects, counsel will move on.
11:17 am: Mr. Buliox objects, foundation. Overruled.
11:18 am: Re-direct by Mr. Buliox.
Ms. Carter objects, Overruled.
Ms. Carter objects, foundation. Counsel will rephrase question.
Ms. Carter objects, foundation. Overruled.
Witness referred to **Exhibit 1006.**
Witness referred to **Exhibit 17.**
Witness referred to **Exhibit 1.**
11:25 am: Ms. Carter objects, foundation. Wording changed.
11:25 am: Witness is excused.
Mr. Buliox calls **Debbie Moss**.
Witness is sworn and testifies under direct examination by Mr. Burnett.
11:36 am: Cross-examination by Ms. Vance.
Witness is excused.
11:44 am: The jury exits the courtroom.
Outside the presence of the jury. The Court and parties address the afternoon schedule and jury instructions.
Kent Abitz and Lee Spude will be the final witnesses.

11:45 am: The Court is in recess. The jury exits the courtroom.
1:04 pm: Court resumes.
1:05 pm: The jury enters the courtroom.
Defense calls their next witness, **Kent Abitz**, sworn and testified under direct examination by Mr. Harlan.
1:08 pm: Witness referred to **Exhibit 1067**.
Mr. Harlan requests to move **Exhibit 1067** into evidence.
Ms. Vance objects.
SIDE BAR.
1:11 pm: Direct examination continues, Mr. Harlan requests to publish **Exhibit 1067** for demonstrative purposes.
The Court instructs the jury, this exhibit is not received into evidence but is being used for demonstrative purposes.
1:21 pm: Witness referred to **Exhibit 1023.**
Referred to page 1040 of document.
1:25 pm: Ms. Vance objects, leading. Attorney instructed to rephrase.
1:26 pm: Ms. Vance objects, relevance. Overruled.
Ms. Vance objects, relevance to this case.
SIDE BAR
1:28 pm: The objection is overruled. Counsel will repeat the question.
Witness referred to **Exhibit 1038.**
1:35 pm: Cross-examination by Ms. Vance.
Witness referred to **Exhibit 35.**
Witness is excused at 1:42 pm.
Mr. Burnett states Mr. Spude will be next.
1:43 pm: **Lee Spude**, sworn and testifies under direct examination by Mr. Buliox.
1:55 pm: Witness referred to **Exhibit 1055**.
Witness referred to **Exhibit 1056.**
Witness referred to **Exhibit 1057.**
Witness referred to **Exhibit 1061.**
1:55 pm: Ms. Carter objects, leading, relevance. Overruled.
The Court instructs counsel to restate the question.
1:57 pm: Ms. Carter objects, calls for speculation. Overruled.
Witness referred to **Exhibit 1062**.
2:00 pm: Witness refers to **Exhibit 28.**
Witness referred to **Exhibit 1061.**
Witness is referred to **Exhibit 1054**.
2:09 pm: Witness is referred to **Exhibit 1059**.
2:21 pm: Witness is referred to **Exhibit 10**.
Witness referred to **Exhibit 11**.
Witness referred to **Exhibit 1007**. Referred to Bates Stamps DE2547 2550. Referred to D002564
2:27 pm: MR. Buliox requests to publish demonstrative **Exhibit 1068**,
Ms. Carter requests time to review.
The Court instructs the jury as to the display of the demonstrative **Exhibit 1068**. Ms. Carter has no objection as demonstrative only. Demonstrative **Exhibit 1068** displayed.
2:33 pm: Witness is referred to **Exhibit 1006.**
2:36 pm: Mr. Buliox asks to approach, the Court will recess.
2:37 pm: The jury exits the courtroom.
Outside the presence of the jury, Ms. Vance addresses **Exhibit 24.**
Mr. Harlan addresses motion in limine decision regarding the exhibit.
Ms. Carter states they are not moving to admit at this time, they may question the witness as to the document.
2:38 pm: The Court is in recess.
2:58 pm: The Court resumes.

The jury enters the courtroom.
Direct examination of **Lee Spude** continues by Mr. Buliox.
Witness referred to **Exhibit 1.**
Witness referred to **Exhibit 1006.**
3:02 pm: Mr. Buliox requests to display **Demonstrative Exhibit 1070.**
Ms. Carter clarifies this is not evidence, only for demonstrative purposes.
The Court instructs the jury as to demonstrative exhibit, exhibit may be displayed.
3:04 pm: Ms. Carter objects, leading. Overruled.
3:05 pm: Mr. Buliox requests to show **Exhibit 1005.**
The Court addresses that the exhibit has not been admitted.
Ms. Carter objects to the exhibit. Ms. Carter states it was not a stipulated exhibit and plaintiff did not agree to its authenticity.
SIDE BAR.
3:09 pm: Direct examination continues.
Witness referred to **Exhibit 1005**.
Direct examination continues.
Mr. Buliox requests to admit **Exhibit 1005** and to publish.
Objection is noted. **Exhibit 1005 is received into evidence.**
3:17 pm: Witness referred to **Exhibit 1033**.
Testimony as to protected status.
3:23 pm: Witness referred to **Exhibit 1063.**
3:25 pm: Ms. Carter objects, leading. Overruled.
3:28 pm: Ms. Carter objects, hypothetical. The Court instructs counsel to rephrase.
3:29 pm: Witness referred to **Exhibit 1035.**
Witness referred to **Exhibit 1034**.
3:34 pm: Cross-examination by Ms. Carter.
Mr. Buliox objects, relevance. Overruled.
Witness referred to **Exhibit 1** to refresh recollection.
Witness referred to **Exhibit 24** to refresh recollection.
3:40 pm: Witness referred to **Exhibit 11.**
3:47 pm: Witness referred to **Exhibit 31**, page 2.
3:52 pm: Witness referred to **Exhibit 30**.
3:55 pm: Witness referred to **Exhibit 29**.
3:58 pm: Re-direct by Mr. Buliox.
Witness referred to **Exhibit 24**. *(not to be published)*.
4:00 pm: Ms. Carter objects, hearsay. Overruled.
Mr. Buliox reads from **Exhibit 24** as to footnote.
Witness referred to **Exhibit 11**.
4:06 pm: Witness is excused.
Defense rests.
Evidence is complete.
4:07 pm: The Court instructs the jury. The jury is excused and will return at 9:00 am. The jury exits the courtroom.
Outside the presence of the jury, the Court sets forth on the record the basis for overruling the objection to the reading of the footnote was Rule 106.
Mr. Buliox addresses demonstrative work schedule (**Exhibit 1070**) and requests to admit into evidence.
Mr. Mulaire argues in opposition, argues evidence is closed.
The Court informs the parties the demonstrative may be used in closings, but evidence is closed, and the exhibit will not be admitted.
Mr. Harlan requests to address the Rule 50 Motion.
4:11 pm: Mr. Harlan moves for judgment as a matter of law as to all the claims. Mr. Harlan sets forth argument in support of motion. Counsel argues the definition of qualified individual is not met which would

give standing to bring claims for discriminatory discharge, reasonable accommodation, or failure to rehire. Counsel refers to Seventh Circuit cases: *Ekstrand*, *Cloe*, and *Wells v Winnebago County*. Counsel argues there was no evidence as to limitation associated with Downs Syndrome that necessitated a reasonable accommodation and the request by her sister was made after termination. Counsel argues the decision to terminate was based upon the 17 occurrences (attendance). Counsel moves for judgment as a matter of law on the rehire claim. Counsel argues as to punitive damages. Counsel argues there was no known violation of the A.D.A. Counsel notes the Rule 50 Motion was electronically filed in the case.
4:22 pm: Mr. Mulaire sets forth argument opposing all motions set forth by Mr. Harlan on all claims. Counsel references Seventh Circuit cases: *Cooke v Stefani*, and *Bultemeyer v Fort Wayne*. Counsel addresses punitive damages and good faith defense (affirmative defense).
4:34 pm: Mr. Harlan responds.
4:35 pm: Mr. Mulaire responds and refers to *Bank Leumi Le-Israel v Lee*,
The Court inquires as to good faith jury instruction.
Mr. Mulaire addresses reckless disregard, state of mind and knowledge of the law.
The Court takes the motion under advisement.
The Court refers to *Bultemeyer*.
The record is to reflect the Court is reserving final judgment on the Rule 50 Motion.
4:44 pm: The Court will take a short recess and return for informal conference as to jury instructions.
5:12 – 6:38 pm: (Off the record) The Court and parties address jury instructions in the courtroom.

## DAY 4 – JURY TRIAL – July 25, 2021
8:41 am: Court resumes. Appearances remain the same.
The Court notes the record will reflect the Court and parties had a lengthy informal conference last evening as to jury instructions and verdict forms. Counsel made their objections to the proposed jury instructions and verdict forms. The Court took those under advisement and a draft was issued to counsel later in the evening. Further revisions were made this morning and those were sent to counsel. The Court and parties will address the final version at this time.
Mr. Mulaire states the EEOC respectfully objects to the instruction on interactive process.
Mr. Mulaire addresses business judgment rule instruction, addresses reasonableness and requests to omit the word "reasonable" from the text. The EEOC has no objections to the final version of the jury verdict form.
Mr. Harlan has no objection to the removal of text.
8:46 am: The Court addresses the email received this morning by Mr. Harlan regarding the verdict form.
Mr. Harlan and Mr. Buliox object and feel it should be included, counsel addresses argument made yesterday why it should be removed from the instruction. Mr. Buliox refers to back door effort to pursue retaliation claim.
Mr. Buliox objects to three failure to accommodate claims and two hybrid claims.
8:53 am: The Court addresses 42 U.S.C. 12112(b) – discrimination and reasonable accommodation.
The Court inquires if Walmart has any further objections as to the form of the instruction.
Mr. Buliox respectfully disagrees as to good faith defense.
The Court inquires as to prejudice.
Mr. Mulaire responds.
Mr. Mulaire refers to the statutory provision, Section 2112(b)(5)(B)
Mr. Buliox requests Court to modify verbiage around knowledge of a known limitation relating to a disability.
8:39 am: Mr. Buliox cites 42 U.S.C. Section 12112(b)(5)(A) and *Taylor-Novotny v Health Alliance Medical Plans, Inc.*
Mr. Buliox requests the Court edit (at the time what was numbers) 2, 6 and 8 to reference no limitations related to Ms. Spaeth's disability as opposed to just her disability.
The Court states objection is noted.
9:01 am: Mr. Buliox addresses objection regarding 408, interactive process.
Counsel cites *Ekstrand v School District of Somerset*.
Mr. Buliox requested instruction regarding attendance violations that are caused by disability. Counsel cited *Guzman v Brown County*.
The Court finds the law has been accurately stated on that issue.

Mr. Buliox addresses on the punitive damage issue on the verdict form counsel requests a fact question.

The Court finds the need for that element is in the instruction.

9:06 am: Mr. Burnett proposes a question, "so if you have answered 5 or 6 yes then answer this question. Did Walmart act with malice or in reckless disregard of the rights of Marlo Spaeth under the ADA?" Mr. Burnett states this is done based on Rule 49, which indicates the Court can require a special verdict. Counsel argues the verdict should contain all the findings on essential but contested facts necessary to support a judgment. Counsel feels this particular format has the potential to mislead the jury into concluding that if Walmart violated the ADA, they may award punitive damages.

Mr. Mulaire responds and does not see a need for that question. Counsel argues Rule 49 does not require all issues of fact be spelled out on verdict form. Mr. Mulaire opposes the particular question they've asked for and finds the verdict form fine as is.

9:09 am: Mr. Burnett responds, counsel proposes it read "if you answered 3, 5 or 6 yes, then answer this question, did Walmart act with malice or reckless disregard as to the rights of Marlo Spaeth under the ADA"?

9:10 a m: Mr. Mulaire responds. Counsel finds the existing form to be clear. Counsel argues the instructions make it clear the jury is not required to award punitive damages.

The Court agrees and will leave the form as is.

Mr. Buliox addresses proposed instruction regarding the mother and contacting the mother be included in the Court's jury instructions. That proposed instruction was from their amended proposed instruction document and listed as instruction number 35. Counsel argues that Walmart was unaware of any obligation to affirmatively reach out to the mother or sister regarding Ms. Spaeth and finds no legal authority on this.

9:14 am: Mr. Mulaire objects, the law that governs this is the ADA. Counsel argues the proposed instruction is wrong under the ADA.

The Court finds this is fact dependent on the case and there is not a hard and fast rule you need to or need not. Counsel may argue that to the jury.

The Court states the change will be made to the business judgment instruction.

9:15 am: The Court is in recess.

9:20 am: Court resumes.

9:21 am: The jury enters the courtroom. Verdict forms were placed on the juror chairs.

The Court reads the jury instructions.

9:50 am: Closing arguments by Ms. Vance.

10:34 am: Jury exits courtroom.

Mr. Mulaire informs the Court they anticipate a rebuttal.

10:35 am: The Court is in recess.

10:51 am: Court resumes.

The jury enters the courtroom.

10:53 am: Closing statements by Mr. Harlan.

11:51 am: Rebuttal by Ms. Carter.

12:15 pm: The Court gives final jury instructions.

12:20 pm: The Court Security Officer/bailiff is sworn by the clerk.

The jury exits for deliberations.

Outside the presence of the jury, the parties are instructed to agree upon the exhibits that will go back to the jury, let the clerk know if there is a dispute.

12:21 pm: The Court is in recess.

12:32 pm: Court resumes to address exhibits.

Mr. Mulaire sets forth the EEOC's position is that items in evidence should go back to the jury. The defense feels nothing should go back unless the jury asks for it.

Mr. Burnett states that is correct and addresses reasons for request.

Mr. Mulaire responds.

The Court's inclination is to provide the admitted exhibits to the jury.

The financials will not go back to the jury.

12:37 pm: The Court is in recess.

3:05 pm: The jury sends a question to the Court. The Clerk notifies the parties to return to Court.

3:22 pm: Court resumes. All appearances are the same.

The judge informs the parties the jury sent a question that reads, "Is there a cap on the amount that we can award for punitive damages?" The question was not signed by the jury foreperson. It was returned for signature and the clerk was advised the jury had a verdict.

Ms. Vance inquires if there was an answer.

The Court clarifies, no. The attorneys were called to return, and we were advised of the verdict when the clerk asked the foreman to sign the question.

3:24 pm: The jury enters the courtroom.

The verdict is handed to the Court.
The Court reads the verdict form.
Question 1: Answer: Yes
Question 2: Answer: Yes
Question 3: Answer: Yes
Question 4: Answer: Yes
Question 5: Answer: Yes
Question 6: Answer: Yes
Question 7: What sum of money will fairly and reasonably compensate Marlo Spaeth for her emotional pain and mental anguish? Answer: $150,000.00
Question 8: What amount, if any, do you award as punitive damages? Answer: $125,000,000.00

Mr. Harlan requests the jury be polled.
The Court polls the jury.
3:27 pm: The Court thanks the jury for their service. The jury is excused and exits the courtroom.
Outside the presence of the jury, the Court and parties have discussion as to post judgment motions.
The verdict will be filed with the clerk.
Mr. Mulaire asks if they can speak to the jurors about the case.
The Court inquires if defense counsel has an opinion on this.
Mr. Harlan responds, inquires as to the Court's practice on this.
The Court responds the general rule is that it is discouraged, but not a hard and fast rule. The Court suggests counsel waits a few days.
Mr. Mulaire proposes to address equitable relief and addresses briefing schedule and post-trial motions.
The Court finds that makes sense.
Mr. Mulaire asks about practice as to entry of judgment.
The Court addresses the statute, indicates we will enter judgment and wait for motions after verdict.
Mr. Burnett orally motions the court to reduce the punitive damage award to the statutory maximum of $300,000.00.
Mr. Mulaire responds, stating the total of compensatory and punitive cannot exceed $300,000.00.

**The Court directs entry of the judgment in the amount of $300,000.00 in favor of EEOC and against Walmart.**

Mr. Mulaire proposes the reduction comes entirely out of the punitive damages, meaning $150,000.00 should be compensatory and $150,000.00 should be punitive.
Mr. Burnett reserves the right on motions after to challenge the award.
3:32 pm: Adjourned.