

July 30, 2021

**VIA ECF**

Honorable William Griesbach
Eastern District of Wisconsin – Green Bay
125 S. Jefferson Street – Room 102
Green Bay, WI 54301-4541

   Re: **EEOC v. Wal-Mart Stores East, L.P.**
      **Case No: 17-cv-00070**

Dear Judge Griesbach:

  We write to supplement our discussion during the Parties' July 26, 2021 conference with the Court regarding deadlines for Rule 50 and Rule 59 motions. Rule 50(b) provides in part that:

> No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Rule 59 likewise provides that a motion for a new trial "must be filed no later than 28 days after the entry of judgment," and that similarly a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b) and (e).

  Our respectful submission is that this Court lacks authority to shorten the deadlines provided by Rules 50 and 59 for Walmart to submit motions under those Rules. "The courts of appeals have uniformly rejected district court rules setting a time limit inconsistent with the Federal Rules of Civil Procedure." *Nat'l Org. of Veterans' Advocates v. Sec'y of Veterans Affairs*, 981 F.3d 1360, 1384 (Fed. Cir. 2020); *see also Paluch v. Sec'y Pa. Dep't Corr.*, 442 F. App'x 690, 692-93 (3d Cir. 2011) (district court's local rule could not impose a 14-day period to file a motion to alter or amend the judgment when Federal Rule of Civil Procedure 59(e) allowed 28 days to file such a motion). Since district courts lack authority to change the deadlines provided by Rules 50 and 59 even by adopting a local rule, it follows that a district court has no authority to depart from those deadlines by issuing an order in a particular case.

  Even if this Court concludes that it has the authority to alter the deadlines provided by Rules 50 and 59, we respectfully request that this Court not do so in order to avoid subjecting Walmart to undue prejudice. Under Rule 6(b), "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." As such, "Rule 6(b) poses a jurisdictional barrier that prohibits a court from enlarging the time periods of the rules listed

735 North Water Street, Suite 610 | Milwaukee, WI | 53202   Chicago, IL
Tel: (414) 436-0353 | Fax: (414) 436-0354       Indianapolis, IN
www.mwhlawgroup.com                 West Des Moines, IA

Case 1:17-cv-00070-WCG Filed 07/30/21 Page 1 of 3 Document 242

therein." *See Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus.*, 1998 U.S. Dist. LEXIS 16126, at *9 (N.D. Ill. Oct. 7, 1998) (citing *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 261 n.5, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978)) (citing also *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 111 (7th Cir. 1985)): also see *Copeland v. Jones*, 2017 U.S. Dist. LEXIS 220275, at *3 (N.D. Fla. Dec. 4, 2017) (". . . the deadline to move to alter or amend a judgment—that is, to file a motion under Federal Rule of Civil Procedure 59(e)—cannot be extended); *Harris v. Berry,* 2016 U.S. Dist. LEXIS 191028, *3 (M.D. Ga., July 22, 2016) ("Rule 59(e)'s time limit is mandatory—district courts do not have authority to extend the 28-day deadline.") (internal citations omitted).

For Rule 50(b) motions, the Seventh Circuit has long held that the jurisdictional clock *does not begin to run* until after judgment is entered. *See Collins v. Illinois*, 830 F.2d 692, 701-02 (7th Cir. 1987) (applying a previous version of Rule 60(b) which provided for a 10-day as opposed to 28-day timetable for Rule 50(b) motions and holding "that the ten-day period does not begin to run until judgment is entered on the verdict").

For Rule 59 motions, some courts have held that motions filed under this Rule are essentially premature and are not timely if filed prior to entry of judgment. *See e.g. Schmude v. Sheahan*, 2004 U.S. Dist. LEXIS 7167, *10-11 (N.D. Ill. April 23, 2004) (" . . . a Rule 59(e) motion is considered untimely if it is made before the entry of judgment") (citing *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 521 (7th Cir. 1993) (finding party's Rule 59(e) motion filed before remittitur to be untimely as filed before entry of final judgment)). *Schmude*, aside, other courts have held that while such motions may be premature, filing one before judgment enters is not disqualifying. *Dunn v. Truck World, Inc.,* 929 F.2d 311, 312-3 (7th Cir. 1991); *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir. 1989) (collecting cases.)

Given the disparity in the case law in this Circuit and others and thus the legal uncertainty, it is quite possible that if this Court orders the submission of Rule 50(b) and/or Rule 59 motions prior to the entry of judgment and the period of time set forth in those Rules, an appellate court—either the Seventh Circuit or the Supreme Court—may later hold that Walmart's post-trial motions (or at least its Rule 59 motion) are untimely. This poses a significant legal risk for Walmart.

For all these reasons, Walmart requests that its Rule 50 and Rule 59 motions be due 28 days *after entry of judgment*. Additionally, proceeding in this manner would allow Walmart to advance more pointed arguments against the actual "judgment" it will seek to alter or amend.

Moreover, Walmart already moved orally at trial, as Fed. R. Civ. P. 7(b)(1)(a) allows, to reduce the award of compensatory and punitive damages to the statutory maximum of $300,000, while reserving its right to bring other post-verdict motions. The EEOC acquiesced in that motion, which the Court then granted, but delayed entering judgment (as Rule 58 allows) so that remaining issues could be fully adjudicated and appeal deadlines would not run prematurely. Walmart intends to supplement that oral motion with others under Rules 50 and 59. Given these developments, we respectfully ask that the Court confirm that the oral motion is adequate to preserve Walmart's

challenge to an award of damages beyond what 42 USC §1981(a) allows and also confirm that the grant of that motion remains the Order of the Court.

      Thank you for your consideration. A copy of the unpublished decisions cited above are being provided with this correspondence.

                                       Sincerely,

                                       */s Warren E. Buliox*

                                       Warren E. Buliox

cc:      Counsel of Record (via ECF)