U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Chicago District Office**

Justin Mulaire
Direct dial: 312-872-9666
justin.mulaire@eeoc.gov

JCK Federal Building
230 S. Dearborn, Suite 2920
Chicago, IL 60604
Website: www.eeoc.gov

August 3, 2021

Via ECF
Honorable William C. Griesbach
Eastern District of Wisconsin - Green Bay
Jefferson Court Building
125 S. Jefferson Street – Room 102
Green Bay, WI 54301-4541

      RE: *EEOC v. Wal-Mart Stores East, LP*
            Case No. 1:17-cv-00070

Dear Judge Griesbach:

      This letter provides additional points and authority on the extent to which Rule 50(b) and Rule 59(a) or 59(e) motions may be due and filed prior to the entry of judgment. Defendant's suggestion that such motions cannot be filed prior to the entry of judgment is incorrect, as is its contention that a district court lacks the authority to set any deadline other than the latest deadline permissible under the Federal Rules of Civil Procedure.

      The EEOC agrees that to the extent Defendant believes there is a basis to challenge, under Rule 59(e), any future decision on equitable relief, Defendant should of course be permitted to do so later. However, with respect to any Rule 50(b) motion addressed to the sufficiency of evidence at trial, or a motion for a new trial under Rule 59(a), or any Rule 59(e) motion addressed to matters that have already been decided, the EEOC believes that such motions should be filed and briefed now, in parallel with the motion for equitable relief. This is entirely permissible under the circumstances of this case and would promote the speedier resolution of this case. See Fed. R. Civ. P. 1.

      Rules 50(b), 59(b), and 59(e) do not prevent an otherwise ripe motion from being filed prior to the entry of judgment. Each rule merely provides that the relevant motions may "be filed no later than 28 days after the entry of judgment." See, e.g., Fed. R. Civ. P. 50(b). That phrasing merely establishes an outer limit for filing the motions governed by the rules and does not require that such motions await entry of judgment, as controlling caselaw cited by Defendant makes clear. See *Dunn v. Truck World, Inc.*, 929 F.2d 311, 312-13 (7th Cir. 1991) (Rule 59 motion filed prior to judgment was timely). Other cases are in accord. See *Jurgens v. McKasy*, 905 F.2d 382, 386 (Fed. Cir. 1990) ("The language of Rule 59(e), however, does not expressly require that there be a pre-existing judgment.... [W]e agree with the majority of our sister circuit courts and the commentators that the ten-day limit in Rule 59 sets only a maximum period and does not nullify an otherwise valid motion made before a formal judgment has been entered.") (abrogated on other grounds by *Smith v. Barry*, 502 U.S. 244 (1992)); *Greater Houston Chapter*

of the American Civil Liberties Union v. Eckels, 755 F.2d 426, 427 (5th Cir. 1985) (text of Rule 59(b) "does not explicitly require that a motion for new trial be made after judgment is entered, and it has not been interpreted to include this requirement"); Douglas v. Union Carbide Corp., 311 F.2d 182, 184 (4th Cir. 1962) (new trial motion); Lewis v. U.S. Postal Serv., 840 F.2d 712, 713 (9th Cir. 1988) (Rule 59(e)); see also, e.g., Kaneka Corporation v. SKC Kolon PI, Inc., 198 F.Supp.3d 1089, 1099 (C.D. Cal. 2016); Wright & Miller § 2812, text at n.4 ("Rule 59(b) sets a maximum time for filing new-trial motions; there is nothing to prevent making a motion for a new trial before judgment has been entered, however.").

Perhaps in light of Dunn, Defendant's July 30, 2021 letter now contends that the problem is that the Court lacks the *authority* to set a deadline any earlier than 28 days after the entry of judgment. This, too, is not correct. As a general matter the Rules explicitly permit the district court to set deadlines for motions. See Fed. R. Civ. P. 16(b)(3)(A) (scheduling order may "limit the time to ... file motions"). And, as noted above, the text of Rules 50 and 59 does not contain any categorical prohibition on setting earlier deadlines for those motions. Moreover, the Rules themselves are required to be "be construed, administered, and employed by the court and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Accordingly, the Rules do not prohibit setting earlier deadlines for post-trial motions that are ripe. If anything, the Rules encourage doing so where the particular circumstances of a case are such that it will promote a speedier resolution to the case without prejudicing any party.

It is also well established that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016). Thus, for example, where the bankruptcy code "allows joinder 'before the case is dismissed or relief is ordered,'" such a statutory provision "does not prohibit a court from setting an earlier deadline, based upon its case management authority, in order to ensure orderly, fair, and efficient proceedings." In re DSC, Ltd., 486 F.3d 940, 948 (6th Cir. 2007). The two cases cited by Defendant for the contrary proposition are inapposite in that they concerned local rules, which applied categorically to all cases and thus could be said to effectively override the applicable federal civil rules. Nothing in Rule 83(a) purports to eliminate the district court's inherent authority to enter deadlines tailored to specific problems in individual cases. See generally Dietz, 136 S.Ct. at 1982 ("an inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute").

While the issue does not appear to result frequently in memorandum decisions, courts that have considered setting earlier deadlines for Rule 50 and 59 motions in a situation like the one in this case have perceived no barrier to doing so. See, e.g., Juno Therapeutics, Inc. v. Kite Pharma, Inc., 2020 WL 2220207, *3 (C.D. Cal. Jan. 7, 2020) ("While authority clearly states that a district court may not extend the statutory deadlines contained in Rules 50(b) and 59, Defendant has not presented any authority stating that a district court may not set a briefing schedule within the statutory deadlines. In fact, authority supposes otherwise.").

The circumstances of this case warrant deadlines earlier than 28 days following the entry of judgment with respect to any motion under Rule 50(b), any request for a new trial under Rule

2

59(a), and any request for reconsideration under Rule 59(e) of a matter that was decided by the Court prior to the jury verdict. Such motions are ripe now. Indeed, a Rule 50(b) motion is merely a "renewed" motion for judgment as a matter of law, and by its nature is limited to issues that could be raised — and that were in fact actually raised — in a Rule 50(a) motion "before the case is submitted to the jury." See Fed. R. Civ. P. 50(a)(2); Andy Mohr Truck Ctr., Inc. v. Volvo Trucks N. Am., 869 F.3d 598, 604 (7th Cir. 2017) (party moving under Rule 50(b) "may raise only the grounds it advanced in the pre-verdict 50(a) motion"). The events that would be the basis for such a motion have already occurred and the universe of issues that may be raised in such a motion is now fixed. Likewise any request for a new trial or to reconsider the rulings of the Court in connection with the now-completed trial would necessarily be premised on proceedings that are now in the past. No prejudice would accrue from requiring that these matters be addressed sooner rather than later.

      The EEOC acknowledges that equitable relief is yet to be decided, and so deadline can be set now for a motion for relief under Rule 59(e) with respect to equitable relief. If, after the resolution of the motion for equitable relief, Walmart perceives a basis for seeking reconsideration of that part of the judgment, however, such a motion is likely to be narrower in scope than other post-trial motions. Thus it would not present the same potential for delaying the ultimate resolution of the case.

      Accordingly, the EEOC respectfully requests that the Court set a briefing schedule for any motion under Rule 50(b), any request for a new trial under Rule 59(a), and any request for reconsideration under Rule 59(e) of a matter that was decided by the Court prior to the jury verdict, with Defendant's motions due in 30 days, the EEOC's response 30 days thereafter, and any reply 14 days thereafter.

      Sincerely,

      s/Justin Mulaire
      U.S. Equal Employment Opportunity Commission
      230 S. Dearborn St., Ste. 2920
      Chicago, IL 60604
      312-872-9666
      justin.mulaire@eeoc.gov