IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>Defendant. | Civil No. 17-cv-0070<br><br>EEOC'S MOTION FOR EQUITABLE RELIEF |

Plaintiff Equal Employment Opportunity Commission ("EEOC"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(g), respectfully asks this Court to grant equitable relief to ensure that Walmart employees will not be denied reasonable accommodations in violation of the ADA in the future, as well as relief to make Marlo Spaeth whole.

Specifically, the EEOC asks the Court to grant the following injunctive measures for a period of five years to ensure that Walmart employees will not be denied reasonable accommodations in violation of the ADA in the future.

**Equitable Relief Generally Applicable to Walmart**

1. Enjoin Walmart from denying reasonable accommodations to Walmart employees with disabilities within the United States in the absence of undue hardship on the ground that the accommodations and/or the need for accommodations are indefinite, long-term, or permanent.

2. Require Walmart to modify its accommodation policies to clarify that indefinite, long-term, or permanent disability accommodations are available to Walmart employees in the absence of undue hardship.

**Equitable Relief Applicable Within Walmart's Region 53**

3. Enjoin Walmart from failing to provide reasonable accommodations to employees with disabilities in violation of the ADA.

4. Require Walmart to provide notice to all of its employees informing them of the verdict and injunction in this suit and to specifically inform employees of their right to contact the EEOC without fear of retaliation.

5. Require Walmart to notify the EEOC within ninety days of any request for accommodation of an employee's disability, and provide the EEOC with a description of the request, the name, title, phone number, and address of the requestor, the steps taken by Walmart to accommodate the request, and the result of the request.

6. Require Walmart to provide training to its managers and supervisors regarding the obligation to grant schedule accommodations under the ADA in the absence of undue hardship and to remind them that a request for a schedule accommodation from a person with a disability cannot be denied at the store level.

7. Require Walmart to document and evaluate adherence to Walmart's Equal Employment Opportunity policies during the annual review process for its supervisors, managers, market people operation leads, and regional people directors.

8. Enjoin Walmart from engaging in any retaliation against any Walmart employees with disabilities who request schedule modifications as an accommodation of a disability.

Additionally, the EEOC requests that the Court grant the following equitable relief to make Ms. Spaeth whole for the violations found by the jury.

### Non-Monetary Equitable Relief Applicable to Ms. Spaeth

9. Order Walmart to reinstate Marlo Spaeth as a Walmart employee, with a rate of pay of at least $16.77 per hour. Only if the Court finds that reinstatement is unavailable as a remedy, the EEOC asks for ten years of front pay to Ms. Spaeth in lieu of reinstatement.

10. Enjoin Walmart from engaging in any discrimination or retaliation against Ms. Spaeth due to her disability, or on the basis of her involvement in this lawsuit, or because of her enjoyment of any equitable or other remedies granted in this lawsuit.

11. Require Walmart to contact Ms. Spaeth's guardian regarding any discipline or coaching of Marlo Spaeth and any issues involving accommodations for Ms. Spaeth's disability.

Finally, the EEOC requests that the Court grant monetary relief to make Ms. Spaeth whole, including $77,307 in back pay, $9,886 in prejudgment interest, $33,885 in a tax component award to off-set taxation for lost wages, and $65,747 in a tax component award to off-set taxation on compensatory damages, for a total of $186,825 in equitable monetary relief.

These requests are set forth in detail in Plaintiff EEOC's supporting memorandum.

Respectfully submitted this 27th day of August 2021.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Counsel for Plaintiff

/s/ *Leslie N. Carter*
Leslie N. Carter
Trial Attorney

/s/ *Carrie Vance*
Carrie Vance
Trial Attorney

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
☏ (414) 662-3686

3

Case 1:17-cv-00070-WCG   Filed 08/27/21   Page 3 of 4   Document 251

📠 (414) 297-3146
leslie.carter@eeoc.gov
carrie.vance@eeoc.gov

*/s/ Richard J. Mrizek*
Richard J. Mrizek
Trial Attorney

*/s/ Justin Mulaire*
Justin Mulaire
Supervisory Trial Attorney

230 S. Dearborn Street, Suite 2920
Chicago, IL 60604
☎ (312) 872-9724
richard.mrizek@eeoc.gov
justin.mulaire@eeoc.gov

4