UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Equal Employment Opportunity Commission,

    *Plaintiff*,

    v.

    Case No. 1:17-cv-00070-WCG

Wal-Mart Stores East, LP,

    *Defendant*.

## DECLARATION OF MISHA TSEYTLIN

I, Misha Tseytlin, declare as follows

1. I am an adult resident of the State of Illinois, and I am counsel for Defendant Wal-Mart Stores East, LP ("Walmart"), in the above-captioned case.

**TABLE REGARDING MS. SPAETH'S TIMECARD DATA FROM 2013–2015**

2. Attached as **Exhibit 1** is a table entitled "Ms. Spaeth's Timecard Data For Two Year Period (2013–2015)." The first column of this table lists the dates that Ms. Spaeth worked at Walmart from July 9, 2013, until July 10, 2015. The second and third column lists the times that Ms. Spaeth began and ended working on each date, respectively. The fourth column lists the length of time that Ms. Spaeth worked on each day, expressed in hours and minutes. The fifth column lists that same length of time, expressed in minutes only, for ease of calculation.

3. Trial Exhibit 1006 supplies the data found in the table in Exhibit 1 for the dates and times that Ms. Spaeth worked during the period between July 9, 2013 and July 10, 2015. Trial Ex. 1006 at 16–27.

4. As listed in the table in Exhibit 1, the total time that Ms. Spaeth worked during the period between July 9, 2013, until July 10, 2015 is 989 hours and 41 minutes (or 59,381 minutes). Dividing that amount by two years equals an average of 494.84 hours of work per year (494 hours and 51 minutes). Dividing 494.84 hours of work per year by 12 months equals an average of 41.24 hours of work per month (41 hours and 14 minutes). Finally, dividing 494.84 hours of work per year by 52 weeks equals an average of 9.52 hours of work per week (9 hours and 31 minutes).

## TABLE REGARDING BACK PAY AND PREJUDGMENT INTEREST CALCULATIONS

5. Attached as **Exhibit 2** is a table entitled "Back Pay And Prejudgment Interest Calculations," which generally follows the format of the table found in Exhibit 1 of the Leslie N. Carter Declaration. *See* Dkt.254-1 ("Carter Declaration"). This table calculates the maximum amount of any back pay plus interest award to which Ms. Spaeth could be entitled, assuming that she is entitled to any such award at all. The calculations proceed by quarter, over the period from partway through Quarter 3 of 2015 (*i.e.*, the date of Ms. Spaeth's discharge from Walmart) to the end of Quarter 4 of 2021 (*i.e.*, the date estimated by Plaintiff the Equal Employment Opportunity Commission ("EEOC") of this Court's entry of final judgment).

6. Column A, Rows 1–24, list the prime rate of interest for each quarter between Quarter 3 of 2015 to Quarter 4 of 2021. Column A, Rows 25–26, list an assumed prime rate of interest of 3.25% for Quarters 3 and 4 of 2021, which is the same assumption used by the EEOC in its calculations. *See* Dkt.254 at 3. The prime-rate-of-interest data used in the table found in Exhibit 2 is drawn from a website maintained by the Federal Reserve Bank of St. Louis, last

accessed on October 1, 2021. Dkt.254 at 3;[*] *compare* Dkt.254 at 3 (EEOC purporting to use this same source for this data, although reproducing slightly different prime rate of interest values). A table of this prime rate of interest data downloaded from this website is also attached as **Exhibit 3**.

7. Column B of the table found in Exhibit 2 lists the estimated hourly wage rate of Ms. Spaeth between Quarter 3 of 2015 and Quarter 4 of 2021. The beginning wage is $12.50/hour, which is the wage rate that Ms. Spaeth was receiving at the time of her discharge. *See* Trial Ex. 17 at 6; Dkt.254 at 1 (Carter Declaration, identifying same rate). Then, at Quarter 3 of each year, the estimated wage rate increases by $.40/hour, consistent with the raises that Ms. Spaeth received for the past seven years prior to her discharge. *See* Trial Exs. 11–17.

8. Column C of the table found in Exhibit 2 lists the estimated hours that Ms. Spaeth would have worked per quarter during the period from partway through Quarter 3 of 2015 to the end of Quarter 4 of 2021. For Column C, Rows 2–26, these estimates were calculated by multiplying the average hours per month that Ms. Spaeth worked between 2013 to 2015 (as listed in the table found at Exhibit 1) by three months (*i.e.*, the number of months in each quarter). For Column C, Row 1, this estimate was calculated by multiplying the average hours per month that Ms. Spaeth worked between 2013 to 2015 (as listed in the table found at Exhibit 1) by 2.5, as Ms. Spaeth was discharged midway through Quarter 3 of 2015, in July 2015.

9. Column D of the table found in Exhibit 2 lists the back pay that Ms. Spaeth would accrue for each listed quarter. That amount is calculated by multiplying Ms. Spaeth's estimated hourly wage for each quarter (Column B) by the estimated hours worked per quarter (Column C).

---

[*] Available at https://fred.stlouisfed.org/series/MPRIME#0 (select "Edit Graph," then set "Modify frequency" to "Quarterly.")

10. Column E of the table found in Exhibit 2 lists the amount of interest that Ms. Spaeth would earn each quarter on the total back pay and interest accrued as of the end date of that quarter. That amount is calculated as follows: multiply the total amount of back pay and interest that Ms. Spaeth would accrue as of the end of the previous quarter (a value listed in Column F for each quarter) by one fourth of the prime rate of interest found in Column A (as the prime rate of interest is expressed as an annual rate). *See* Dkt.254 at 3–4.

11. Column F of the table found in Exhibit 2, as just indicated, lists the running total of back pay and interest that Ms. Spaeth would have accrued as of the end of each quarter.

12. The total amount of back pay calculated in the table found in Exhibit 2 is $43,514.39 (summation of Column D). The total amount of interest calculated in the table found in Exhibit 2 is $5,710.35 (summation of Column E). The total amount of back pay plus interest is $49,224.74 (summation of Column F).

**TAX-COMPONENT AWARD CALCULATIONS**

13. If Ms. Spaeth were to receive a $49,224.74 back pay plus interest award, as calculated above, and her $150,000 compensatory damages award were added to that amount, the resulting sum would be $199,224.74. If Ms. Spaeth were to receive that amount in a single year, the personal income taxes on that amount would be $44,767.42 for a taxpayer filing as a single individual, using the Internal Revenue Service's ("IRS") 2020 Tax And Earned Income Credit Tables attached to the Carter Declaration. Dkt.254-2 at 15. In order to offset that $44,767.42 tax liability, such that Ms. Spaeth would receive $199,224.74 after taxes, Ms. Spaeth would have to receive a tax-component award of approximately $68,497.70.

14. That $68,497.70 tax-component amount is calculated as follows, using the single filing status table found at page 15 the IRS 2020 Tax And Earned Income Credit Tables attached to the Carter Declaration, Dkt.254-2 at 15: multiply $267,722 by 35% (0.35) to yield a value of $93,702.70, and then subtract $25,205 from that amount to yield a value of $68,497.70. So, according to these IRS tables, receiving $267,722 of income creates a tax liability of $68,497.70; and $267,722 minus $68,497.70 yields a value of approximately $199,224—the approximate value of the back pay plus interest award calculated above, together with the compensatory damages award.

15. If, instead, Ms. Spaeth received a back pay plus interest award of $87,193 in a single year—the EEOC's preferred value, *see* Dkt.255-1 at 17–19—and the $150,000 compensatory damages award were added to that amount, the resulting sum would be $237,193. If Ms. Spaeth were to receive that amount in a single year, then the personal income taxes on that amount would be $57,812.55 for a taxpayer filing as a single individual, using the IRS 2020 Tax And Earned Income Credit Tables attached to the Carter Declaration. Dkt.254-2 at 15. In order to offset that $57,812.55 tax liability, such that Ms. Spaeth would receive $237,193 after taxes, Ms. Spaeth would have to receive a tax-component award of approximately $88,942.

16. That $88,942 tax-component amount is calculated as follows, using the single filing status table found at page 15 the IRS 2020 Tax And Earned Income Credit Tables attached to the Carter Declaration, Dkt.254-2 at 15: multiply $326,135 by 35% (0.35) to yield a value of $114,147.25, and then subtract $25,205 from that amount to yield a value of approximately $88,942. So, according to these IRS tables, receiving $326,135 of income creates a tax liability of $88,942; and $326,135 minus $88,942 yields a value of approximately $237,193—the value of the

back pay plus interest award calculated by the EEOC, together with the compensatory damages award.

## MS. BARBARA BARNES DEPOSITION TRANSCRIPT

17. Attached as **Exhibit 4** are excerpts from the transcript of the deposition of Ms. Barbara Barnes, dated September 25, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of October, 2021

/s/ Misha Tseytlin
MISHA TSEYTLIN
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com