UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

                                 **CASE NO. 17-CV-00070**

vs.

**WAL-MART STORES EAST, LP,**

      Defendant.

_____

## DECLARATION OF MONICA MURPHY
_____

I, Monica Murphy, declare as follows:

1. I am an attorney at Disability Rights Wisconsin and an adult resident of the State of Wisconsin. I make this Declaration based upon my personal knowledge.

2. In the years since the EEOC filed the above-captioned case, I have represented six Wisconsin residents with disabilities who experienced varying degrees of discrimination and difficulties because of disability when the Walmart stores where they worked transitioned to a computerized schedule system which impacted their shifts.

3. I represented two employees with disabilities from central Wisconsin who had worked at Walmart for 16 years when their store's transition to a

computerized scheduling system required them to switch from schedules with reduced hours and part time shifts to working eight-hour shifts. Walmart took these employees off work when they explained their inability to work eight-hour shifts. We filed and settled their claims at the Wisconsin Equal Rights Division. These two employees never returned to work.

4. I currently represent another client with a disability in a case pending at Wisconsin's Equal Rights Division who was terminated by Walmart after 11 years for what Walmart called excessive absenteeism based on her difficulties adhering to her new schedule after her store's implementation of a computerized scheduling system.

5. I counseled one client with a disability whose previously predictable and routine schedule changed to such sporadic shifts, with such decreased hours after Walmart implemented a computerized scheduling system, that she left Walmart for better employment.

6. I represented another client with a disability who previously had worked four-hour shifts at her Walmart. When her store implemented a computerized scheduling system, her new schedule required eight-hour shifts. When she requested an accommodation, she was put on unpaid leave for twelve weeks and told to seek a new position within her restrictions. Ultimately, Walmart worked out an accommodated schedule with us. However, those twelve weeks of unpaid leave caused unnecessary hardship.

7. I represented another Walmart employee from central Wisconsin with a disability whose schedule was changed from part-time shifts to eight-hour shifts when her store implemented a computerized scheduling system. She submitted her request for accommodation to Walmart's Accommodations Service Center and was denied a schedule accommodation and taken off work. She appealed Walmart's accommodation denial and was ultimately accommodated after six months off work. The six months of unpaid leave caused unnecessary hardship.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2021.

/s/ *Monica Murphy*
Monica Murphy