# EXHIBIT 2

STATE OF MAINE                             SUPERIOR COURT
KENNEBEC, ss                               CIVIL ACTION
                                           DOCKET NO. CV - 20 -189

|  |  |
|---|---|
| MAINE HUMAN RIGHTS<br>COMMISSION (for the use of<br>Pauline Champagne o/b/o Michael<br>Morin), of Augusta, County of<br>Kennebec, State of Maine, | * <br> * <br> * <br> * <br> * <br> * |
| and | * <br> * |
| PAULINE CHAMPAGNE O/B/O<br>MICHAEL MORIN, of Skowhegan,<br>County of Somerset, State of Maine, | * <br> * <br> * <br> * |
| Plaintiffs | * <br> * |
| v. | * <br> * |
| WAL-MART STORES EAST, L.P.,<br>Bentonville, Arkansas, | * <br> * <br> * |
| Defendant | * |

AUGUSTA COURTS
NOV 2 '20 PM 1:49

## **COMPLAINT**

### (INJUNCTIVE RELIEF REQUESTED)

NOW COMES the Plaintiffs, Maine Human Rights Commission (for the use of Pauline

Champagne o/b/o Michael Morin) and Pauline Champagne o/b/o Michael Morin ("Morin"), and

complains against Wal-Mart Stores East, L.P ("Walmart") as follows:

### **NATURE OF THE ACTION**

1.      This is an action for declaratory and injunctive relief and damages under the Maine

Human Rights Act ("MHRA"), 5 M.R.S. §§ 4551, et seq., Title I of the Americans with Disabilities

Act ("the ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment

practices on the basis of disability and to provide appropriate relief to Morin, a qualified individual

1

with a disability, who was adversely affected by such practices. Plaintiffs, the Maine Human Rights Commission and Morin allege that Defendant, Walmart Stores East, LP, ("Defendant" or "Walmart"), violated the ADA by refusing to provide reasonable accommodation to Morin.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 M.R.S. § 4613(1) and 5 M.R.S. § 4621.

3.      Plaintiff Maine Human Rights Commission's Offices are located in the City of Augusta, County of Kennebec, State of Maine.

## PARTIES

### Plaintiffs

4.      Plaintiff Maine Human Rights Commission (the "Commission") is a quasi-independent agency of the State of Maine, empowered by the MHRA to file civil actions in its name for the use of victims of discrimination and for the use of members of a described class. 5 M.R.S. § 4613.  The Commission brings this action to redress employment discrimination by Walmart on the basis of disability. Specifically, Plaintiffs allege that Walmart subjected Michael Morin to discrimination on the basis of disability when Walmart denied Michael Morin's accommodation request for a modified schedule.  The Commission asks for a declaratory judgment and injunctive relief on behalf of Michael Morin.

5.      Plaintiff Pauline Champagne at all times relevant to this complaint was, and continues to be, the legal guardian of her adult son, Michael Morin. Champagne and Morin reside in the Town of Skowhegan, County of Somerset, State of Maine.  Champagne brings this action on behalf of Morin.

6.      Morin is and has been employed at Walmart Store #2143 in Skowhegan, Maine since 2001.

7.      At all times relevant to this Complaint, Morin is, and has been, able to perform the essential functions of his job with reasonable accommodations. Morin's annual performance evaluations consistently rate him a "solid performer" who met or exceeded expectations. He has received annual pay raises. In his performance evaluations, supervisors have commented that Michael was "an exceptional associate" and "extremely dependable."

8.      At all times relevant to this Complaint, Morin is, and was, a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8) and the MHRA, 5 M.R.S. § 4553 (8-D).

### Defendant

9.      At all times relevant to this Complaint, Walmart has continuously been and is now a corporation doing business in the State of Maine and continuously had and does now have at least fifteen (15) employees.

10.     At all times relevant to this Complaint, Walmart has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

11.     At all times relevant to this Complaint, Walmart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

12.     At all times relevant to this Complaint, Walmart has continuously been and is now an employer within the meaning of the Maine Human Rights Act, 5 M.R.S. § 4553(4).

3

13.     At all times relevant to this Complaint, Walmart was a limited partnership that includes 7,656 companies. Walmart's headquarters are in Bentonville, Arkansas.

14.     At all times relevant to this complaint, Walmart operated a retail store located at 60 Fairground Market Place, in the City of Skowhegan, County of Somerset, State of Maine, where Morin has continuously worked since 2001.

15.     Walmart is subject to the employment discrimination provisions of the MHRA and the ADA.

### PROCEDURAL HISTORY

16.     On July 1, 2019, Pauline Champagne o/b/o Michael Morin filed a timely charge of discrimination with the Commission.

17.     A Commission investigator investigated the Charge and subsequently issued a report recommending that there are reasonable grounds to believe that discrimination occurred.

18.     On May 4, 2020 the Maine Human Rights Commission found that there were reasonable grounds to believe that the Walmart discriminated against Morin on the basis of disability.

19.     On May 11, 2020, the Commission invited Walmart and Morin to engage in informal conciliation pursuant to 5 M.R.S. § 4612(3).

20.     Thereafter, the Commission attempted conciliation with the parties in accordance with 5 M.R.S. § 4612(3).

21.     The Commission failed, within 90 days after finding reasonable grounds, to enter into a conciliation agreement with Walmart to which Morin was a party.

22.     By letter dated August 3, 2020, the Commission informed Walmart and Morin that conciliation had concluded without success.

23.     At its September 14, 2020 meeting, the Commission voted to initiate litigation in this matter.

24.     On October 14, 2020, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Morin.

25.     All conditions precedent to this lawsuit have been fulfilled.

### FACTUAL BACKGROUND

26.     Morin has been employed as a Cart Associate at Walmart's Skowhegan location since 2001.

27.     Morin's duties include returning carts from the parking lot to the store, assisting customers with bringing things into or out of the store, and other customer service tasks as needed.

28.     At all times relevant to this complaint, Morin was, and is currently, a Walmart employee.

29.     Morin has an intellectual disability that substantially limits him in major life activities, including but not limited to communicating, learning, concentrating, speaking, thinking and reading. Morin's intellectual disability constitutes a "disability" as defined by the MHRA, 5 M.R.S. § 4553-A, and Section 3 of Title I of the ADA, 42 U.S.C. § 12102.  Morin has a record of disability and has been regarded as having a disability under the MHRA and the ADA. Morin's intellectual disability substantially limits major bodily functions, including brain functions, under the ADA. Morin's intellectual disability has required special education, vocational rehabilitation and other related services, which constitutes a disability under the MHRA.

30.     At all times relevant to this complaint, Morin could and currently does perform the essential functions of a Cart Associate, with reasonable accommodation, thus rendering him a

"qualified individual" within the meaning of the MHRA, 5 M.R.S. § 4553(8-D), and Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

31.     Throughout his employment at Walmart, Morin has successfully performed the essential functions of his job with the reasonable accommodations of a modified work schedule and a job coach.

32.     Morin has received consistent, positive performance reviews and annual raises during his employment.

33.     On or about February 24, 2019, Walmart's Assistant Manager at the Skowhegan store approached Pauline Champagne, Morin's guardian, while she was shopping at the store. The Assistant Manager told Champagne that they need to schedule a meeting.

34.     About two weeks later, the Assistant Manager and the Store Manager of the Skowhegan store met, and they informed Champagne that Walmart would no longer provide Morin with a modified, set work schedule. They invited her to submit paperwork to request a reasonable accommodation.

35.     Champagne was very distressed and upset to learn that Walmart may no longer provide a reasonable accommodation, namely a set work schedule, to Morin. Morin had a set, predictable work schedule for all eighteen years of his employment at the Skowhegan store.

36.     Around the Spring of 2019 or before, Walmart implemented a new scheduling software that tracks the customer and sales traffic to create a schedule for employees.

37.     Using the new system, an employee enters their availability and the system generates a schedule based on the store's needs. An employee is never guaranteed a set schedule and no shifts are less than four hours long.

38.     On or about April 3, 2019, Champagne, on behalf of Morin, faxed and emailed to Walmart's Accommodation Service Center at Sedgwick[1] a request for a reasonable accommodation, including a modified, set work schedule, the use of a job coach, and the use of a cart mule, and submitted supporting documentation from Morin's medical provider.

39.     The letter from Morin's medical provider states: "[Morin] requires reasonable accommodation of a modified, set schedule each week . . . I recommend that he continue with the same modified schedule of approximately 3-3.5 hours per day, three days per week. I believe that increasing his hours would be difficult and mentally exhausting for him...In addition, it is my understanding that the state of Maine has only funded about 11.25 hours for a job coach per week."

40.     On or about April 30, 2019, Walmart informed Morin that his accommodation request for a set, modified work schedule was denied because "establishing a set schedule would impact the company's ability to perform the necessary level of services to our customers, adversely affect the schedule of other associates, and/or cause disruption in customer service scheduling." Walmart approved Morin's request for a job coach and use of the cart mule.

41.     Following the denial, Champagne asked the Manager of the Skowhegan Walmart to meet with her. The purpose of the meeting was to engage in the interactive process and request reconsideration of Morin's request for reasonable accommodation.

42.     On May 9, 2019, Champagne met with the Skowhegan Store Manager to discuss Morin's need for reasonable accommodation. The Store Manager said Walmart would not allow a set schedule because of a new computerized scheduling system, which generates shifts based on customer traffic and business needs. The Store Manager said that Walmart would not schedule any

---

[1] The Accommodations Service Center was dedicated to serving Walmart, and acted at all times as an agent of Walmart.  Accordingly, its decisions and communications are also communications and decisions from and by Walmart, and will be referred to as such.

7

fewer than four hours per shift and that set schedules are not permissible. Champagne told the Store Manager that Morin needs a modified work schedule as an individual with a disability, as noted in the letter from his doctor.  The Store Manager repeated that the new system schedules associates based on customer traffic and business needs and that no employee could be guaranteed a fixed schedule.

43.     Walmart did not discuss the concept of reasonable accommodation for Morin. Walmart at all times refused to modify its scheduling policy to provide reasonable accommodation for Morin.

44.     On May 28, 2019, Champagne faxed and emailed a written Request for Reconsideration to Walmart. In addition to requesting a modified set work schedule, Champagne requested information from Walmart to show that Morin's requested for a modified work schedule is an undue hardship.

45.     By letter dated May 30, 2019, Walmart informed Morin that "[w]e are upholding our original decision because **establishing a set schedule would impact [Walmart's] ability to provide the necessary level of service to our customers, adversely affect the schedules of other associates, and/or cause disruption in customer service scheduling**" [emphasis in original]. The letter suggested that Morin request an "alternative accommodation" or take leave from work.

46.     By letter dated June 27, 2019 to Walmart, Champagne requested reconsideration of the denial of the request for reasonable accommodation. The request was denied.

47.     Walmart has stated that Morin could restrict his availability in the scheduling system, but this would not guarantee him the same schedule every week and it would not ensure him hours during the time of day when he is able to work.

8

48.     This offer of an alternative to his set schedule cannot be considered an "alternative accommodation" because they simply offered what all employees are able to do in the scheduling system. It was not a modification in their policy but rather an explanation of how the scheduling system worked.

49.     Walmart has taken the position that overriding their scheduling software to accommodate an individual with a disability is not a "reasonable accommodation."

50.     Walmart's denial of Morin's request for reasonable accommodation constitutes disability discrimination under the MHRA and the ADA.

## COUNT I:  EMPLOYMENT DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE MAINE HUMAN RIGHTS ACT
### (MHRC and Champagne obo Morin v. Walmart)

51.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-50.

52.     Walmart discriminated against Morin when Walmart refused to provide a modified work schedule to Morin as a reasonable accommodation.

53.     The MHRA specifically provides that reasonable accommodations include, by definition, "modified work schedules". *See* 5 M.R.S. § 4553(9-A).

54.     The effect of the practices complained of above has been to deprive Morin of equal employment opportunities and otherwise adversely affect his status of an employee because of his disability, in violation of the MHRA.

55.     The unlawful employment practices complained of above were intentional.

56.     The unlawful employment practices complained of above were done with malice and/or reckless indifference to the protected rights of Morin.

57.     Walmart violated the MHRA by discriminating against Morin in employment on the basis of disability. 5 M.R.S. §§ 4553(2), 4572(2).

## COUNT II:  EMPLOYMENT DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (Pauline Champagne obo Michael Morin v. Walmart)

58.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-57.

59.     Walmart discriminated against Morin when Walmart refused to provide a modified work schedule to Morin as a reasonable accommodation.

60.     The ADA specifically provides that reasonable accommodations include, by definition, "modified work schedules". *See* 42 U.S.C. § 12111 (9) (B).

61.     The effect of the practices complained of above has been to deprive Morin of equal employment opportunities and otherwise adversely affect his status of an employee because of his disability, in violation of the ADA, 42 U.S.C. § 12112.

62.     The unlawful employment practices complained of above were intentional.

63.     The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Morin.

64.     Walmart violated the ADA by discriminating against Morin in employment on the basis of disability. 42 U.S.C. §§ 12112(a) and (b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maine Human Rights Commission (for the use of Pauline Champagne o/b/o Michael Morin) and Pauline Champagne o/b/o Michael Morin respectfully request that the Court enter judgment in their favor, and award the following relief pursuant to 5 M.R.S. § 4613(2) and the Title I of the ADA:

(A) A declaratory judgment that Walmart's conduct violated the ADA and the Maine Human Rights Act's prohibitions against discrimination in employment;

10

(B) A permanent injunction enjoining Walmart, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice that violates the MHRA and Title I of the ADA and requiring Walmart to attend Commission-approved training on nondiscrimination in employment;

(C) A permanent injunction requiring Walmart to consider modified work schedules and exceptions to their scheduling software when requested as a reasonable accommodation for individuals with disabilities;

(D) A permanent injunction requiring Walmart to provide the reasonable accommodation of a modified work schedule, to Morin;

(E) Order to make Morin whole by providing back pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

(F) Payment of civil penal damages to Pauline Champagne o/b/o Michael Morin and the Commission pursuant to 5 M.R.S. § 4613(2)(B)(7);

(G) Payment of compensatory damages to Pauline Champagne o/b/o Michael Morin pursuant to 5 M.R.S. § 4613(2)(B)(8) and the ADA;

(H) Payment of punitive damages for intentional, malicious, and/or reckless conduct, in an amount to be determined at trial;

(I) Payment of attorney's fees and costs to counsel for Pauline Champagne o/b/o Michael Morin; and

(J) Such other relief as the Court deems necessary and proper.

11

Dated:  November 2, 2020

_____
Barbara Archer Hirsch, Bar No. 8527
Counsel for the Maine Human Rights Commission
Maine Human Rights Commission
51 State House Station
Augusta, Maine  04333-0051
Tel:  (207)624-6290
Fax:  (207)624-8729
Barbara.ArcherHirsch@mhrc.maine.gov

_____
Kristin L. Aiello, Bar No. 8071
Senior Attorney
Disability Rights Maine
160 Capitol Street, Ste. 4
Augusta, Maine  04330
Tel:  (207) 626-2774, ext. 223
Fax:  (207) 621-1419
kaiello@drme.org

12