# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOHN MASHBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-337-TCK-mjx |
| ) | |
| (1) WAL-MART STORES, INC., ) | |
| a foreign for profit company licensed ) | |
| to do business in Oklahoma, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff, John Mashburn, and he does bring this action against the Defendant, Wal-Mart Stores, Inc., a foreign for profit company licensed to do business in Oklahoma, for claims of disability discrimination and age discrimination in violation of Title VII of the Civil Rights Act, as amended, and the Americans with Disabilities Act, as amended. In support of these claims, Plaintiff would state the following:

## PARTIES

1. John Mashburn, a Caucasian male over the age of 40, is the Plaintiff herein. He resides in Tulsa, Tulsa County, State of Oklahoma.

2. Wal-Mart Stores, Inc. is a foreign for profit corporation, licensed to do business in Oklahoma, and has a place of business at 220 OK-97, Sand Springs, Tulsa County, Oklahoma.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court pursuant to the Civil Rights Act of 1964, as amended, and

the Americans with Disabilities Act, as amended,

4. All actions alleged herein occurred within TULSA County, Oklahoma.

5. Venue is proper in this court pursuant to 12 O.S. §131.

6. Plaintiff received his Right to Sue letter from the U.S. Equal Employment Opportunity Commission on or about April 15, 2017.

## FACTS

7. John Mashburn ("Mashburn") was employed full-time by Wal-Mart Stores, Inc. on January 4, 1995 as a cart retriever at the Wal-Mart store at Admiral and Memorial in Tulsa.

8. Mashburn, during his career at the Admiral and Memorial Wal-Mart store, began stocking shelves and stocking returns and doing zoning (periodically inspecting shelves to ensure products were facing outward appropriately).

9. In 2015, the Admiral and Memorial Wal-Mart store was closed for renovations, after Mashburn had been working there for twenty (20) years, and Mashburn was laid off for approximately thirty (30) days.

10. After this layoff, on May 26, 2015, he was sent to work at the Sand Springs Wal-Mart store doing the same tasks he had been doing at the Admiral and Memorial Wal-Mart store.

11. Mashburn is a disabled adult with an IQ of approximately 61. While his chronological age is 58, his adaptive age is approximately 10 years, 9 months overall. He cannot drive and he cannot read.

12. While at the Sand Springs Wal-Mart store, despite always having been employed full-time, Mashburn's hours were often reduced to less than forty (40) hours a week, sometimes as low as twelve (12) hours a week. Each time Mashburn complained about this, with the assistance

of a family member, the hours were generally increased again, although not always back to a full forty (40) hours a week.

13. In approximately June 2016, Mashburn was asked to start building and setting up product displays in the store. Mashburn had difficulty doing this task because he could not read and he repeatedly told his managers/supervisors he could not read. Mashburn did the best he could with this task, even though he had no training and could not read the instructions which accompanied the displays.

14. In approximately November 2016, Sand Springs Wal-Mart began scheduling Mashburn to work on Sundays. Previously Mashburn had always worked a schedule of Monday through Friday in order to allow him to utilize the Lift Transportation system (the "Lift") offered by the Metropolitan Tulsa Transit Authority for disabled adults. The Lift does not provide transportation to disabled adults on Sundays.

15. Mashburn and a family member advised Sand Springs Wal-Mart that the schedule requiring him to work on Sundays was a problem because Mashburn did not have transportation to or from work. Sand Springs Wal-Mart continued to require Mashburn to work on Sundays through the end of 2016.

16. On February 26, 2017, Mashburn was asked to scan certain products thus recording a lower price for these items. Mashburn had a very difficult time with this task because he could not read. At one point he became very frustrated and verbally expressed his frustration with this task.

17. After Mashburn became upset with the task of scanning on February 26, 2017, he was called into a female manager's office, along with John from maintenance, and they told him he

could not get upset and frustrated verbally over using the scanner. Mashburn then returned to his other tasks at work.

18. Later on February 26, 2017, Mashburn was called into the same female manager's office, along with Brian, the assistant store manager, and the female manager told Mashburn, "It just ain't working out." Brian then told him other managers were having to fix his displays because Mashburn was not doing them correctly and it was costing Wal-Mart time and money to have them spend their time fixing these displays.

19. Mashburn was fired during this meeting.

20. No one had ever complained to Mashburn about the displays prior to this meeting.

21. During this meeting, Mashburn asked if he could go to another department to work and the female manager said, "Nope."

22. Mashburn was paid $15.21 per hour while working for Wal-Mart.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION - TERMINATION OF EMPLOYMENT

Mashburn realleges and incorporates herein the allegations contained in paragraphs 1 through 22 herein.

23. Mashburn is a mentally disabled individual with a disability which qualified as a disability within the meaning of the ADA.

24. Mashburn was qualified to perform the essential job functions of his job with or without reasonable accommodation.

25. Mashburn was terminated from his position with Wal-Mart allegedly because he could not perform the two new tasks given to him - scanning and building displays.

26. No one at Wal-Mart attempted to reasonably accommodate Mashburn's disability and remove these two tasks which he could not perform as a result of his disability.

27. As a result of Wal-Mart's failure to accommodate Mashburn and his resulting termination of employment, he was discriminated against on the basis of his disability by Wal-Mart.

28. As a result of this disability discrimination, Mashburn has lost income and benefits, incurred legal fees and expenses, and suffered humiliation and degradation.

WHEREFORE, Mashburn prays for damages in excess of $10,000 and such other equitable relief as this Court may deem appropriate.

Respectfully submitted,

_____
Jean Walpole Coulter, OBA #9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX
Jeancoult@aol.com

And

Jeff Nix, OBA #6688
Post Office Box 1507
Tulsa, Oklahoma 74101
(918) 425- 5554
Paul.jeffrey.nix@gmail.com