# EXHIBIT 4

| | |
|---|---|
| STATE OF MAINE<br>ANDROSCOGGIN, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-21-40 |
| ARNOLD B. MCLEAN, of Auburn, County of Androscoggin and State of Maine,<br><br>    *Plaintiff,*<br><br>v.<br><br>WAL-MART STORES EAST, LP, a Delaware limited partnership with a place of business in Auburn, County of Androscoggin and State of Maine,<br><br>    *Defendant.* | **COMPLAINT** |

NOW COMES Plaintiff, Arnold B. McLean, by and through his counsel, and for his Complaint against Defendant, Wal-Mart Stores East, LP, states as follows:

## COUNT I

1. Plaintiff is a resident of Auburn, County of Androscoggin and State of Maine.

2. Defendant is a limited partnership organized and existing under the laws of Delaware and having a place of business in Auburn, County of Androscoggin and State of Maine.

3. Defendant hired Plaintiff on or about June 30, 2014 to work at its Auburn, Maine store, originally as a Greeter and subsequently promoted to him to Customer Host.

4. Plaintiff has, and at all relevant times had, a variety of physical impairments that substantially limits one of more of his major life activities.

5. Among other things, Plaintiff has lost one leg, is confined to a wheelchair, and suffers from diabetes, asthma, various allergies, and loss of hearing.

6. At all relevant times, Plaintiff had "physical disabilities" within the meaning of the Maine Human Rights Act, 5 M.R.S. §4573-A, had a record of such disability, or was regarded by Defendant as having such a disability.

7. At all relevant times, Plaintiff was a "qualified individual with a disability" within the meaning of the Maine Human Rights Act, in that he could, and did, perform the essential functions of his position with Defendant, with our without reasonable accommodation.

8. At all relevant times, Defendant was aware of Plaintiff's disabilities.

9. Plaintiff performed his job duties properly, well, and without deficiency.

10. During the course of his employment, Plaintiff requested a number of reasonable accommodations for his disabilities but Defendant refused his requests.

11. For example, Plaintiff told Defendant from the start of his employment that he needed to be done with his shift by 5:30 p.m.

12. Defendant initially agreed to this request, but when a new supervisor, Tyler Poulin, took over, that supervisor refused to honor Plaintiff's request and changed his schedule to the nighttime.

13. At times when Defendant forced Plaintiff to work late so that he was unable to take a bus home, Plaintiff asked if he could leave his electric scooter at the store, which would enable him to take a taxi home; Defendant initially said he could do so but later refused this request.

14. Mr. Poulin subjected Plaintiff to a hostile work environment and a series of adverse actions in an unsuccessful effort to coerce Plaintiff to quit his employment.

15. Such hostile work environment and adverse employment actions included but were not limited to (a) the supervisor publically laughed at him and made fun of him and got

other employees to do the same; (b) the supervisor repeatedly called Plaintiff into the office though Plaintiff had done nothing wrong; (c) Plaintiff's working hours were repeatedly changed at the whim of the supervisor; (d) Plaintiff's working hours were reduced; and (e) the supervisor repeatedly failed to schedule Plaintiff for shifts.

16. On or about May 26, 2019, Plaintiff requested as a reasonable accommodation not to be assigned to the Lawn and Garden department due to his disabilities.

17. Plaintiff's physician had provided written instructions that due to Plaintiff's allergies and/or asthma he could not work in the Lawn and Garden department though he could work in any other department in the store.

18. Plaintiff provided the doctor's instructions to Defendant.

19. Defendant nevertheless denied his reasonable accommodation request and insisted on scheduling him to work in the Lawn and Garden department, knowing that it would adversely affect his health.

20. As a result of Defendant's denial of his request for reasonable accommodation and forcing him to work in the Lawn and Garden department, Plaintiff suffered allergy attacks and became ill.

21. On or about July 8 and July 9, 2019, Plaintiff had to miss work because he was ill due to his asthma/allergy condition and Defendant's refusal to accommodate him.

22. Plaintiff seasonably contacted Defendant and advised that he was unable to come to work due to his illness.

23. Plaintiff had previously told his supervisor that he was ill due to his disability; and the supervisor could readily perceive that Plaintiff was ill.

3

24. On or about July 11, 2019, Defendant discharged Plaintiff from employment because of the days he was absent from work due to his disabilities.

25. Defendant engaged in discriminatory practices with malice or with reckless indifference to the rights of Plaintiff to be free from unlawful discrimination in the workplace.

26. As a proximate result of Defendant's unlawful discrimination in employment against Plaintiff, Plaintiff had suffered and will suffer lost wages, lost benefits, lost earning capacity, loss of enjoyment of life, injury to reputation, injury to career, emotional distress and other precuniary and nonpecuniary losses.

27. Plaintiff filed a charge of discrimination with the Maine Human Rights Commission within 300 days of the unlawful unemployment practices alleged herein.

28. The Maine Human Rights Commission has authorized Plaintiff to proceed to court and has issued a right-to-sue letter dated March 22, 2021, a copy of which is attached hereto as Exhibit A.

WHEREFORE, Plaintiff, Arnold B. McLean, respectfully requests that this honorable Court enter judgment in his favor against Defendant, Wal-Mart Stores East, LP, declaring the conduct engaged in by Defendant to be a violation of Plaintiff's rights; awarding Plaintiff equitable relief for back pay, front pay, benefits, and prejudgment interest; awarding compensatory and punitive damages, together with prejudgment interest, costs, expert witness fees and attorneys' fees; and granting such other and further relief as this honorable Court deems just and proper.

## COUNT II

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. By engaging in the aforesaid conduct, Defendant has violated the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

31. As a result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has been damaged as aforesaid.

WHEREFORE, Plaintiff, Arnold B. McLean, respectfully requests that this honorable Court enter judgment in his favor against Defendant, Wal-Mart Stores East, LP, declaring the conduct engaged in by Defendant to be a violation of Plaintiff's rights; awarding Plaintiff equitable relief for back pay, front pay, benefits, and prejudgment interest; awarding compensatory and punitive damages, together with prejudgment interest, costs, expert witness fees and attorneys' fees; and granting such other and further relief as this honorable Court deems just and proper.

## COUNT III

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Plaintiff is Black.

34. In engaging in the foregoing conduct, Defendant treated Plaintiff differently and less favorably than white employees.

35. Plaintiff's race was a substantially motivating factor in the foregoing conduct of Defendant.

36. As a proximate result of Defendant's unlawful discrimination against Plaintiff, Plaintiff has been damaged as aforesaid.

WHEREFORE, Plaintiff, Arnold B. McLean, respectfully requests that this honorable Court enter judgment in his favor against Defendant, Wal-Mart Stores East, LP, declaring the

conduct engaged in by Defendant to be a violation of Plaintiff's rights; awarding Plaintiff equitable relief for back pay, front pay, benefits, and prejudgment interest; awarding compensatory and punitive damages, together with prejudgment interest, costs, expert witness fees and attorneys' fees; and granting such other and further relief as this honorable Court deems just and proper.

## COUNT IV

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. By means of the aforesaid conduct, Defendant deprived Plaintiff of his right to make and enforce contracts, including without limitation, the enjoyment of all benefits, privileges, terms and conditions of his employment relationship, because of his race and/or color, in violation of 42 U.S.C. §1981, and as a result, Plaintiff has been and will be damaged as aforesaid.

WHEREFORE, Plaintiff, Arnold B. McLean, respectfully requests that this honorable Court enter judgment in his favor against Defendant, Wal-Mart Stores East, LP, declaring the conduct engaged in by Defendant to be a violation of Plaintiff's rights; awarding Plaintiff equitable relief for back pay, front pay, benefits, and prejudgment interest; awarding compensatory and punitive damages, together with prejudgment interest, costs, expert witness fees and attorneys' fees; and granting such other and further relief as this honorable Court deems just and proper.

## COUNT V

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. Defendant has published false statements designed to harm Plaintiff's reputation and deter third persons from associating or dealing with him.

41. Without limiting the generality of the foregoing, after Plaintiff's termination, Defendant has published false statements defaming his occupational and professional fitness, including statements that his employment was terminated for "poor attendance" and/or for being absent from work without proper notification of an adequate excuse.

42. Said statements were false.

43. Said statements were made intentionally, with knowledge of their falsity and with malice.

44. As a result of said defamation, Plaintiff has been and will be damaged, in such amounts as will be shown at trial.

WHEREFORE, Plaintiff, Arnold B. McLean, demands judgment against Defendant, Wal-Mart Stores East, LP, in such amounts as will be shown at trial, including but not limited to punitive damages, together with interest and costs, and for such other and further relief as the Court deems just and proper.

DATED at Portland, Maine this 14th day of April, 2021.

Marshall J. Tinkle *(MBN 2833)*
Counsel for Plaintiff
Arnold McLean

THOMPSON, MACCOLL & BASS, LLC, P.A.
15 Monument Square, 4th Floor
PO Box 447
Portland ME  04112-0447
(207) 774-7600

7