# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA A. MILES,<br><br>Plaintiff,<br><br>- vs -<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | 4:20-cv-4001<br><br><br>**COMPLAINT AND<br>DEMAND FOR TRIAL BY JURY** |

## NATURE OF THE ACTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, (the "ADA") and Title I of the Civil Rights Act of 1990, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff, Ms. Teresa Miles ("Ms. Miles"), a qualified individual with a disability, who was adversely affected by such practices. Ms. Miles alleges that Defendant, Wal-Mart Stores, Inc., ("Wal-Mart" or "Defendant") violated the ADA by removing an existing reasonable accommodation that allowed Ms. Miles to perform her job duties and then terminating her because of her disability. Ms. Miles further seeks a judgment against Defendant under state law declaring that Ms. Miles was wrongfully terminated by Wal-Mart and for intentional infliction of emotional distress.

2. Based upon these causes of action, Ms. Miles seeks damages for back pay and back interest, plus prejudgment interest thereon, damages for anxiety and emotional distress caused by Wal-Mart's actions, punitive damages, and a mandatory injunction ordering Plaintiff's reinstatement to her employment with Wal-Mart, or, in the alternative, front pay damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1337, and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA") and 42 U.S.C. § 12117(a).

4. The Court has supplemental jurisdiction of Counts II and III 28 U.S.C.A. § 1367(a) to adjudicate Plaintiff's state law claims.

5. The employment practices hereafter alleged to be unlawful were committed in the District of South Dakota.

6. Jurisdiction for the request for attorney's fees and costs is conferred by 42 U.S.C. § 12205 and 42 U.S.C. § 2000a-3(b).

7. No other action, civil or criminal, is pending in any state court involving the Plaintiff regarding the activities and events at issue here.

8. Venue in this Court is appropriate as the various acts complained of occurred within the Southern Division of the District of South Dakota, and more specifically within the County of Minnehaha, South Dakota.

## PARTIES

9. Ms. Miles is a resident of Sioux Falls, South Dakota.

10. Defendant Wal-Mart Stores, Inc., dba Store #1535, is a Delaware corporation authorized to do business in the State of South Dakota.

11. At all relevant times, Wal-Mart has continuously been doing business in the Southern District of South Dakota and has continuously had at least fifteen (15) employees.

12. At all relevant times, Wal-Mart has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42

U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h). 6.

13. At all relevant times, Wal-Mart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## FACTS

14. Since Ms. Miles was 6 months old, she has suffered from epilepsy.

15. Ms. Miles' disability substantially limits one or more of the major life activities, which constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C § 12102.

16. Ms. Miles diagnosis of epilepsy was a physical impairment which substantially limited major life activities, including being in high stress or chaotic environments.

17. In 1993, Ms. Miles was hired by Wal-Mart to work at Store #1535 in Sioux Falls, South Dakota.

18. At the time Ms. Miles was hired by Wal-Mart, Ms. Miles informed Wal-Mart of her disability. Ms. Miles' disability was thereafter discussed many times with her supervisors during the course of her employment.

19. Ms. Miles provided Wal-Mart with several notes from her doctor during the course of her employment, advising that Ms. Miles has a history of seizures which are triggered by high stress environments. Ms. Miles would additionally provide new managers with a copy of her doctor's note.

20. Upon hiring Ms. Miles, Wal-Mart never provided her with a copy of Wal-Mart's policies relating to ethics, discrimination and harassment prevention, and accommodation in employment.

3

21. For a majority of the time that Ms. Miles was employed by Wal-Mart, Ms. Miles worked as an overnight stocker.

22. At all relevant times, despite Ms. Miles' disability, she could perform the essential job functions of her job with or without reasonable accommodation, thus rendering her a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

23. Ms. Miles has been able to overcome her disability and maintain gainful employment with Wal-Mart for over twenty-six (26) years, over which time she has received multiple pay raises and satisfactory performance reviews.

24. At times when Wal-Mart was short staffed, Ms. Miles would temporarily float to other departments to assist with duties once her stocking duties were completed. When this would occur, Ms. Miles requested numerous times to her supervisors to not work her as a cashier, in the electronics department, or in any other high stress department which could trigger seizures.

25. In 2011, while Ms. Miles was working in the Wal-Mart pharmacy department, Ms. Miles had a seizure, which resulted in Ms. Miles being hospitalized for three days. Ms. Miles had been unloading a large truck; she finished early and was directed to work in the pharmacy department, stocking shelves. She had worked in electronics earlier that day. The stress of working in the different departments led to the seizure. This incident was further proof of Ms. Miles' need for an accommodation.

26. In or around 2016, Wal-Mart stopped providing Ms. Miles with this reasonable accommodation by requiring her to work in different departments within the Wal-Mart store that were highly stressful to Ms. Miles.

27. In April of 2017, Ms. Miles provided Wal-Mart with a note from Becky Emerson, PA-C stating that Ms. Miles has a history of seizures which are triggered by high stress environments. Ms. Emerson noted that she would be better in a less stressful, less chaotic position.

28. In February of 2018, after Ms. Miles was required to work in the electronics' department, Ms. Miles filled out a request for accommodation form with Wal-Mart asking to be placed in a less stressful work area due to her epilepsy. Ms. Miles indicated that she previously received an accommodation by being moved to a less stressful area. Wal-Mart did not comply with Ms. Miles' request for an accommodation. Wal-Mart further failed to enter into interactive dialogue regarding her reasonable accommodation request.

29. In April of 2018, while Ms. Miles was floating as a greeter during her shift, Wal-Mart management alleged that she was overly aggressive while asking a departing customer for a receipt. Management alleged Ms. Miles stood in front of the customer, blocking him from leaving, which led to a confrontation between Ms. Miles and the customer. Wal-Mart's allegations were false and there is no clear security footage of this incident which supports Wal-Mart's position. Ms. Miles had asked the customer for a receipt after the customer set off the alarm as he was exiting the store. The customer refused to show a receipt. Ms. Miles asked again, and he grabbed her arm and drug her past the entrance. After this incident, Wal-Mart management told Ms. Miles that the only way she could keep her job was if she worked as a cashier. Ms. Miles reminded management that she had a note from her health care provider stating that she should not work in a high stress or chaotic position due to her disability. Wal-Mart ignored Ms. Miles request and terminated her employment on April 4, 2018.

30. Ms. Miles was a loyal employee to Wal-Mart for 25 years. If Wal-Mart would have continued to reasonably accommodate her disability, Ms. Miles would have continued to meet Wal-Mart's job performance expectations and she would not have been unlawfully terminated.

## STATEMENT OF CLAIMS

31. On August 17, 2018, Ms. Miles filed a charge of discrimination with the Sioux Falls Human Relations Commission ("Commission"). Ms. Miles' charge was also filed with the Office of the Equal Employment Opportunity Commission and was referred to the Commission under Section 706(c) of Title VII of the Civil Rights Act of 1965, 42 U.S.C. 2000(e).

32. On July 15, 2019, the Commission found probable cause to support Ms. Miles' allegations that Wal-Mart violated the ADA by denying Ms. Miles a reasonable accommodation and by terminating her based on her disability. EEOC No. 32H-2018-00035; SFHRC Charge No. EM-18-08-45.

33. On July 29, 2019 a conciliation conference was held between the parties and no resolution was reached.

34. On September 13, 2019, Ms. Miles requested a 90 Day Right to Sue letter from the Commission. Ms. Miles' request was granted on September 20, 2019.

35. All conditions precedent to this lawsuit have been fulfilled.

## COUNT I: ADA DISABILITY DISCRIMINATION

36. Paragraphs 1 to 35 are realleged as though set out in full.

37. Wal-Mart has discriminated against Ms. Miles in violation of the ADA by failing to accommodate Ms. Miles due to her disability and unlawfully terminating her employment due to her disability in violation of Title I of the ADA, 42 U.S.C. § 12112(a) and (b).

38. Wal-Mart had an affirmative obligation to engage Ms. Miles in the interactive process to determine how she could continue to perform the essential functions of her job with or without a reasonable accommodation, which it failed to do. Wal-Mart refused to do this.

39. The effect of the practices complained of above has deprived Ms. Miles of equal employment opportunities and has adversely affected her status as an employee because of disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

40. The unlawful employment practices complained of above were intentional.

41. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ms. Miles.

42. As a direct and proximate result of Wal-Mart's discriminatory conduct based upon disability, Ms. Miles has sustained economic and emotional damages as described below in paragraphs 51-54.

## COUNT II: RETALIATION

43. Paragraphs 1 to 42 are realleged as though set out in full.

44. A request for an accommodation is a protected activity. Ms. Miles engaged in this protected activity throughout her employment at Wal-Mart. When Ms. Miles reminded management, in April of 2018, that she had a note from her health care provider that she should not work in a high stress position due to her disability, that was also a protected activity.

45. Ms. Miles had a good faith belief in April of 2018 that her requested accommodation was appropriate. She was terminated almost immediately for once again seeking his accommodation.

46. Ms. Miles engaged in a protected activity by requesting a reasonable accommodation to work in a department that would not cause her stress to avoid triggering a seizure.

47. Wal-Mart engaged in unlawful conduct by terminating Ms. Miles when it refused to make a reasonable accommodation for Ms. Miles on the basis of her disability.

48. Wal-Mart's termination of Ms. Miles was substantially motivated by Ms. Miles' request for a reasonable accommodation.

49. As a result of Wal-Mart's conduct, Ms. Miles was subjected to unlawful retaliation for having engaged in protected activity as set forth hereinabove.

### COUNT III: WRONGFUL TERMINATION

50. Paragraphs 1 to 49 are realleged as though set out in full.

51. Because of Wal-Mart's failure to provide Ms. Miles with a reasonable accommodation, she was unlawfully terminated for alleged work performance issues.

52. Ms. Miles was terminated in violation of SDCL 20-13-10 which prohibits the discharge of an employee, or any reprisal against her, because of a disability.

53. As a direct and proximate result of Wal-Mart's wrongful discharge of Ms. Miles as complained of above, she has been damaged by the loss of past and future income, the loss of benefits, and was subjected to anxiety and emotional distress, as described below in paragraphs 51-54.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Paragraphs 1 to 53 are realleged as though set out in full.

55. Wal-Mart knew Ms. Miles was disabled upon hiring Ms. Miles in 1993. Despite Wal-Mart's knowledge of her disability and her accommodation requests to not work in stressful

departments, specifically the pharmacy and electronics' department, as well as Ms. Miles request to not work as a cashier, which could trigger seizures based upon her work history. Wal-Mart subjected Ms. Miles to abuse and harassment when her supervisors gave her an ultimatum that she could either work as a cashier or be fired. Ms. Miles was illegally faced with the alternatives of keeping her job or risk triggering a seizure. When Ms. Miles declined to be a cashier, she was terminated.

56. Wal-Mart's conduct and treatment of Ms. Miles, who had worked for the company for 26 years, was extreme and outrageous so as to exceed the bounds of decency in a civilized society.

57. By its actions and conduct, Wal-Mart intended to and did intentionally or recklessly cause Ms. Miles severe emotional distress.

58. As a direct and proximate result of Wal-Mart's conduct, Ms. Miles has suffered and continues to suffer severe emotional distress, for which she is entitled to an award of damages.

59. Wal-Mart's extreme and outrageous conduct was knowing, malicious, willful and wanton, entitling Ms. Miles to an award of punitive damages.

## DAMAGES

60. Without being terminated, Ms. Miles would have continued her employment with the Wal-Mart until at least the age of retirement.

61. Wal-Mart's conduct has also damaged Ms. Miles by eliminating her health care benefits. Ms. Miles lost a variety of other benefits which resulted from her employment at Wal-Mart.

62.     Ms. Miles is entitled to an award of damages equal to the amount of lost wages and increased cost of benefits because of the adverse employment actions taken against Ms. Miles, as well as the fair market value of lost benefits which are no longer available to her at any cost.

63.     Ms. Miles is entitled to an award of prejudgment interest at the statutory rate computed from April 3, 2018 to the date of judgment and computed upon Ms. Miles' lost wages and increased cost of benefits.

64.     As a direct and proximate result of the conduct of Wal-Mart, Ms. Miles has suffered anxiety and emotional distress due to her termination and fear of being unemployed.

65.     Ms. Miles is entitled to a punitive damage award because Wal-Mart engaged in intentional discrimination with malice and reckless indifference to Ms. Miles' federally protected rights, and because Wal-Mart intentionally inflicted emotional distress upon Ms. Miles.

66.     Ms. Miles is entitled to an award of attorney's fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 2617(a)(3), and 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays judgment against said Defendant for:

1. ADA disability discrimination;
2. Retaliation for engaging in a protected activity;
3. Wrongful termination;
4. Intentional infliction of emotional distress;
5. For an award of actual damages including back pay, front pay, increased cost of benefits, lost benefits which cannot be replaced, prejudgment interest, and emotional distress;
6. For an award of punitive damages; and

7. For actual attorney's fees and costs of this suit, and for such other and further relief as the Court deems just.

Dated this 3rd day of January, 2020, at Sioux Falls, South Dakota.

HAGEN, WILKA & ARCHER, LLP

By _____ For Tom Wilka
Thomas K. Wilka
Sara E. Schroeder
600 S. Main Avenue, Suite 102
P.O. Box 964
Sioux Falls, SD  57101-0964
(605)334-0005
*Attorneys for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES OF FACT AND DAMAGES ARISING HEREIN**

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TERESA A. MILES

**DEFENDANTS**
Wal-Mart Stores, Inc.

**(b)** County of Residence of First Listed Plaintiff   Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas K. Wilka, Sara E. Schroeder, Hagen, Wilka & Archer, P.O. Box 964, Sioux Falls, SD  57104; (605) 334-0005

Attorneys *(If Known)*
Christopher R. Hedican, Baird Holm, LLP, 700 Farnham Street, Suite 1500, Omaha, NE  68102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12117(a), Section 107(a) of the Americans with Disabilities Action of 1990.
Brief description of cause:
Unlawful and discriminatory employment practices in violation of constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   1/3/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____