UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

    v.

WAL-MART STORES EAST, LP,

    Defendant.

CASE NO. 1:17-CV-70

**OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff, the U.S. Equal Employment Opportunity Commission (EEOC), respectfully opposes the motion by Defendant Wal-Mart Stores East, LP (Walmart), seeking leave to file a sur-reply brief in further opposition to the EEOC's motion for equitable relief.

"Where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for [granting the motion], reply papers—both briefs and affidavits—may properly address those issues." *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 n.* (7th Cir. 1996) (citing *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), *affirmed*, 41 F.3d 1510 (7th Cir. 1994)); *see also* E.D. Wis. Civ. R. 56(b)(6)(B) (moving party may include with reply memorandum "a reply to any additional facts submitted by the opposing party").

In its Brief in Opposition to Equitable Relief, Walmart inferred the non-existence of "*any* other associate in *any* Walmart store who did not receive an ADA-required schedule change accommodation." ECF No. 257 at 5 (emphases added). It also asserted the non-existence of

"evidence of Walmart denying a schedule change reasonable accommodation to a disabled individual before or after this case." *Id*. As explained in the EEOC's Reply Memorandum, establishing the falsity of these sweeping factual claims is not a prerequisite for granting the injunctive relief sought by the EEOC. *See* ECF No. 260 at 2. However, to the extent Walmart, in an attempt to meet its burden to prove that such relief is not needed, has "placed [these factual assertions] in issue by [its] opposition brief, ... reply papers—both briefs and affidavits—may properly address those issues." *Beck*, 75 F.3d at 1134 n.*; *see also, e.g., Covenant Media of Ill., L.L.C. v. City of Des Plaines*, 476 F. Supp. 2d 967, 981 n.17 (N.D. Ill. 2007) (supplemental affidavit that directly responds to and rebuts inferences urged by opposing party in response to motion properly submitted in reply) *vacated on other grounds on reconsideration*, 496 F.Supp.2d 960.

The EEOC therefore respectfully requests that Walmart's motion be denied.

Respectfully submitted October 26, 2021.

*s/ Carrie Vance*
Carrie Vance
Senior Trial Attorney
EEOC - Milwaukee Area Office
310 W. Wisconsin Ave, Suite 500
Milwaukee, WI 53203
(414) 662-3686
carrie.vance@eeoc.gov

*s/Leslie Carter*
Leslie N. Carter
Trial Attorney
EEOC – Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 662-3711
leslie.carter@eeoc.gov
