IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil No. 17-cv-0070<br>)<br>) |
| v. | )<br>) |
| WAL-MART STORES EAST, L.P., | )<br>) |
| Defendant. | ) PLAINTIFF EEOC'S UPDATED<br>) CALCULATION OF A TAX<br>) COMPONENT AWARD |

Plaintiff Equal Employment Opportunity Commission ("EEOC"), pursuant to the Decision and Order of February 22, 2022 (ECF No. 266), submits this calculation of the tax component award for backpay and compensatory damages.

The parties have separately calculated backpay and prejudgment interest, in a manner consistent with the Court's February 22, 2022 Order. *See* Stipulation (ECF No. 270). The parties have agreed that the updated backpay amount from July 2015 through the end of February 2022 is $44,757.80, and that the updated prejudgment interest on backpay is $5,978.63. *See id.*

The parties were not able to agree on the calculation of the amount of the tax component award to offset the increased tax liability associated with the award of backpay and compensatory damages. Walmart continues to conflate two different questions: (1) whether a tax component award should be granted to offset the *taxes* that will be due on the punitive damages Ms. Spaeth will receive; and (2) whether punitive damages, like any other income,

1

should be considered when determining what tax *rate* will apply to all of Spaeth's income. With respect to the first question: The EEOC does not seek, and the Court did not grant, an offset to the taxes due on punitive damages.

However, with respect to the second question, the entire judgment will be counted as income by the IRS and will be counted in determining Spaeth's effective tax rate, which is needed to accurately estimate "the increased tax liability on the award of backpay and compensatory damages...." Order (ECF No. 266) at 11-12. Therefore, Walmart is simply incorrect in proposing to disregard punitive damages (or any other part of the judgment) when determining the tax *rate* that will apply to Ms. Spaeth. By disregarding punitive damages, Walmart proceeds as if Ms. Spaeth's income will be $150,000 less than it actually will be. As a result, Walmart effectively computes a lower (and fictitious) tax rate, applies that lower rate to the awards of backpay and compensatory damages, and therefore underestimates the taxes due on backpay and compensatory damages.

As the EEOC explained in its reply brief, the Seventh Circuit has endorsed the approach taken by the EEOC. *See* EEOC Reply in Support of Motion for Equitable Relief (ECF No. 260), at 14-15 (citing *Vega v. Chicago*, 12 F.4th 696, 707 (7th Cir. Sep. 1, 2021)). In *Vega*, where the plaintiff sought a tax component award only for backpay, the Seventh Circuit held that it was nevertheless appropriate for the district court to also consider compensatory damages when computing the "effective tax rate." *See* 12 F.4th at 707 (rejecting argument "that including compensatory damages to calculate Vega's effective tax rate was error"). Considering both parts of that judgment to determine the effective tax rate did not amount to granting a tax component award on compensatory damages. Likewise, considering the entire judgment that will be paid to

Ms. Spaeth to determine her effective tax rate is not, as Walmart contends, tantamount to granting a tax component award to offset the *taxes* due on punitive damages.

The IRS will determine Spaeth's 2021 tax rate by looking at her total income from the judgment and figuring out which tax bracket to apply. The judgment will consist of backpay, prejudgment interest, compensatory damages, and punitive damages, the sum of which, rounded to the nearest dollar, is $350,736. Vance Decl., ¶ 4. Because Spaeth's total income from the judgment will therefore be over $209,425, but under $523,600, and because her filing status is single, Spaeth's income will be taxed at the marginal rate of 35%, with a subtraction of $25,455,75. *See* Vance Decl., Ex. 1, Tax Table.

The tax due on income of $350,736 is $97,302. Vance Decl., ¶ 5. Accordingly, the effective tax rate Ms. Spaeth would pay is $97,302 divided by $350,736, or 27.742% ("Effective Tax Rate"). Vance Decl., ¶ 6.

Applying the Effective Tax Rate to the stipulated backpay amount of $44,578 results in $12,417 in taxes on backpay. Vance Decl., ¶ 9. The amount by which the judgment must be increased in order to compensate for that amount of tax on backpay is $19,103. Vance Decl., ¶¶ 10-14. Accordingly, the tax component award sufficient to offset taxes on backpay is $19,103.

Applying the Effective Tax Rate to $150,000 in compensatory damages results in $41,613 in taxes on compensatory damages. Vance Decl., ¶ 15. The amount by which the judgment must be increased in order to compensate for that amount of tax on compensatory damages is $64,020. Vance Decl., ¶¶ 16-20. Accordingly, the tax component award sufficient to offset taxes on compensatory damages is $64,020.

The sum of the tax component awards for backpay and for compensatory damages is $83,123. Vance Decl., ¶ 21. Thus, returning Ms. Spaeth to the status quo after taking the tax liability on backpay and compensatory damages into account requires a tax component award of $83,123. Vance Decl., ¶ 21.

By contrast, Walmart applies a fictional, lower effective tax rate to the $44,758 in backpay and the $150,000 in compensatory damages to determine the taxes due on those amounts.[1] Unlike the IRS, which will determine Spaeth's tax by looking at her total income from the judgment, Walmart applies an incorrect effective tax rate based on the fiction that Spaeth's total income for the tax year will not include punitive damages. By understating Spaeth's income to compute her taxes, Walmart underestimates Spaeth's effective tax rate and therefore underestimates the tax component awards needed to offset the taxes due on backpay and compensatory damages.

Contrary to Walmart's suggestion, the EEOC's calculations do not include any tax component award for the taxes due on punitive damages. The EEOC's calculations also do not include any tax component award for taxes due on prejudgment interest. Spaeth will owe taxes on both of those components of the judgment. Applying the Effective Tax Rate to prejudgment interest results in tax of $1,659. Vance Decl. ¶ 22. Applying the Effective Tax Rate to punitive damages results in a tax of $41,613. Vance Decl. ¶ 23. In compliance with the Court's order of February 22, 2022, the EEOC's computations do not include a tax offset for either of those

---

[1] Walmart applied this lower effective tax rate to both $44,758 in backpay and $5.979 in interest. EEOC is not seeking a tax component on the interest on backpay. *See* Vance Decl., ¶ 24. Rather, EEOC limits its tax component to the increased tax liability on the award of backpay and compensatory damages only.

4

amounts. Spaeth will pay the full tax liability incurred on the $5,979 in prejudgment interest and on the $150,000 in punitive damages herself, without any offset from Walmart.

THEREFORE, the EEOC respectfully submits that the tax-component award sufficient to offset Spaeth's taxes on backpay and compensatory damages is $83,123.

Respectfully submitted this 8th day of March 2022.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Counsel for Plaintiff

/s/ *Leslie N. Carter*
Leslie N. Carter
Trial Attorney

/s/ *Carrie Vance*
Carrie Vance
Trial Attorney

310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203-2292
☏ (414) 662-3711
leslie.carter@eeoc.gov
carrie.vance@eeoc.gov

*/s/ Justin Mulaire*
Justin Mulaire
Supervisory Trial Attorney

230 S. Dearborn Street, Suite 2920
Chicago, IL 60604
☏ (312) 872-9724
richard.mrizek@eeoc.gov
justin.mulaire@eeoc.gov

5

Case 1:17-cv-00070-WCG   Filed 03/08/22   Page 5 of 5   Document 271