UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

      Plaintiff,

vs.

**CASE NO. 17-CV-00070**

**WAL-MART STORES EAST, LP,**

      Defendant.

---

## DECLARATION OF CARRIE VANCE

---

I, Carrie Vance, declare as follows:

1. I am an attorney at the Equal Employment Opportunity Commission ("EEOC") and an adult resident of the State of Wisconsin. I am one of the attorneys of record for Plaintiff, EEOC, and I make this Declaration based upon my personal knowledge.

2. The parties have stipulated that Ms. Spaeth's backpay, computed in a manner consistent with the Court's February 22, 2022 Order, is $44,757.80. *See* Stipulation (ECF No. 270, ¶ 1).

3. The parties have stipulated that the prejudgment interest due on that amount of backpay is $5,978.63. *See* Stipulation (ECF No. 270, ¶ 2).

4. The sum of $44,757.80 in backpay, $5,978.63 in prejudgment interest, $150,000 in compensatory damages, and $150,000 in punitive damages is $350,736.43.

5. Attached as **Exhibit 1** to my Declaration is a true and correct copy of page 15 from the 2021 1040 Tax Table ("Tax Table"), the most recent tax table published by the Internal

1

Revenue Service. Using the chart at the top of Exhibit 1 and rounding to the nearest dollar as the IRS does, the amount of tax due on income of $350,736 is computed by multiplying that amount by 35% and subtracting $25,455.75. That computation results in a tax of $97,302.

6. Therefore, the effective tax rate for Ms. Spaeth's monetary relief is $97,302 divided by $350,736, or 27.742% ("Effective Tax Rate").

7. Attached as **Exhibit 2** to my Declaration is a table summarizing the calculation of the tax component awards for the updated backpay amount and for compensatory damages, as described in greater detail in the paragraphs below.

8. After $97,302 in taxes are subtracted from $350,736, the preliminary after-tax amount that would remain is $253,434. *See* Exh. 2, Column A, Lines 1-4.

**Tax Component Award for Backpay**

9. Multiplying $44,578 in backpay by the Effective Tax Rate of 27.742% results in $12,417 in taxes on backpay.[1] *See* Exh. 2, Column B, Lines 1-2.

10. If $12,417 in taxes were not due on backpay, the after-tax amount computed in Paragraph 8 would be $12,417 larger, or $265,851. (This is the sum of $253,434 and $12,417). *See* Exh. 2, Line 8.

11. Using the chart on page 15 of the Tax Table, Exhibit 1, the amount of income needed to result in an after-tax amount of $265,851 is $369,839: According to the table, the tax due on $369,839 is computed by multiplying that amount by 35% and subtracting $25,455.75. That computation results in a tax of $103,988. Subtracting tax of $103,988 from $369,839 results in the desired after-tax amount of $265,851. *See* Exh. 2, Lines 9-11.

---

[1] Equivalently, this same amount can be obtained by noting that backpay is approximately 12.761% of the total amount of monetary relief, and so taxes on backpay are 12.761% of the total tax — or 12.761% of $97,302, which is $12,417.

2

12. Therefore, increasing the monetary relief from $350,736 to $369,839 is sufficient to eliminate the effects of taxation on backpay.

13. The difference between $369,839 and $350,736 is $19,103. *See* Exh. 2, Line 12.

14. Accordingly, the tax-component award needed to eliminate the effects of taxation on backpay is $19,103.

**Tax Component Award for Compensatory Damages**

15. Multiplying $150,000 in compensatory damages by the Effective Tax Rate of 27.742% results in $41,613 in taxes on compensatory damages.[2] *See* Exh. 2, Column D, Lines 1-2.

16. If $41,613 in taxes were not due on compensatory damages, the after-tax amount computed in Paragraph 8 would be $41,613 larger, or $295,048. (This is the sum of $253,434 and $41,613). *See* Exh. 2, Line 16.

17. Using the 2021 Tax Table in Exhibit 1, the amount of income needed to result in an after-tax amount of $295,048 is $414,757: According to the table, the tax due on $414,757 is computed by multiplying that amount by 35% and subtracting $25,455.75. That computation results in a tax of $119,709. Subtracting tax of $119,709 from $414,757 results in the desired after-tax amount of $295,048. *See* Exh. 2, Lines 17-19.

18. Therefore, increasing the monetary relief from $350,736 to $414,757 is sufficient to eliminate the effects of taxation on compensatory damages.

19. The difference between $350,736 and $414,757, is $64,020. *See* Exh. 2, Line 20.

---

[2] Equivalently, this same amount can be obtained by noting that compensatory damages is approximately 42.767% of the total amount of monetary relief, and so taxes on backpay are 42.767% of the total tax — or 42.767% of $97,302, which is $41,613.

20. Accordingly, the tax-component award needed to eliminate the effects of taxation on compensatory damages is $64,020.

21. In sum, the tax-component award that is necessary to eliminate the effects of taxation on Marlo Spaeth's backpay and compensatory damages is the sum of $19,103 and $64,020, which is $83,123.

**Taxes due on Interest and Punitive Damages**

22. Multiplying $5,979 in prejudgment interest by the Effective Tax Rate of 27.742% results in $1,659 in taxes on prejudgment interest. *See* Exh. 2, Column C, Lines 1-2.

23. Multiplying $150,000 in punitive damages by the Effective Tax Rate of 27.742% results in $41,613 in taxes on punitive damages. *See* Exh. 2, Column E, Lines 1-2.

24. The EEOC has not sought tax component awards to offset any of the taxes Ms. Spaeth will pay on prejudgment interest or on punitive damages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2022.

*s/Carrie Vance*
Carrie Vance