UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

    v.    Case No. 17-C-70

WAL-MART STORES EAST LP,

    Defendant.

## ORDER

Plaintiff Equal Employment Opportunity Commission (EEOC) brought this action against Defendant Walmart Stores East LP on behalf of a former employee, Marlo Spaeth. On February 22, 2022, the Court partially granted the EEOC's motion for equitable relief and directed the parties to calculate the backpay, prejudgment interest, and tax component amounts Spaeth is entitled to.

On March 8, 2020, the parties stipulated to backpay in the amount of $44,757.80 and prejudgment interest in the amount of $5,978.63, from July 2015 through the end of February 2022, for a total amount of $50,736.43 in lost wages and prejudgment interest. The parties did not agree on the value of the tax component award to which Spaeth is entitled to and have submitted simultaneous briefing on the matter.

With respect to the tax component award, the Court found in its February 22, 2022, Order that Spaeth is entitled to a tax-component award but limited the award to "the increased tax liability on the award of backpay and compensatory damages only." Dkt. No. 266 at 11. Based on the Court's order, Walmart ignored the tax implications of Spaeth's receipt of punitive damages in its

tax-component award calculations. Using the Internal Revenue Service's 2021 Tax and Earned Income Credit Tables, Walmart calculated Spaeth's tax-component award by adding her backpay and interest award of $50,736.43 to her $150,000 compensatory damages award, which amounts to a total of $200,736.43 and triggers a personal-income-tax liability of $45,062.66. Walmart asserts that, to offset that tax liability, Spaeth is entitled to a tax-component award of $68,926.16.

The EEOC concedes that an offset to the taxes due on punitive damages is improper but argues that punitive damages must be considered when determining the tax rate that applies to Spaeth. It asserts that, when considering Spaeth's total income from the judgment in this case, including backpay, prejudgment interest, compensatory damages, and punitive damages, Spaeth's income will be taxed at the marginal rate of 35%. It maintains that, returning Spaeth to "the status quo after taking the tax liability on backpay and compensatory damages into account requires a tax component award of $83,123." Dkt. No. 271 at 4.

Back pay, prejudgment interest, and compensatory damages should be considered in determining whether a tax rate will increase because the resulting increase would not have occurred had the plaintiff received the pay on a scheduled basis. Indeed, the purpose of the tax component award is to offset the tax burden a plaintiff will carry as a result of an award of wage-replacement income so that the plaintiff is made whole. Conversely, punitive damages are not intended to make the plaintiff whole but instead intended to "punish blameworthy behavior and deter future wrongful acts." Dkt. No. 226 at 11. Therefore, Spaeth is not entitled to a tax-component award that takes her punitive damage amount into account when assessing her tax rate. Spaeth is entitled to a tax-component award of $68,926.16.

**IT IS THEREFORE ORDERED** that the parties' stipulation (Dkt. No. 270) is **APPROVED**. Spaeth is entitled to backpay in the amount of $44,757.80 and prejudgment interest in the amount of $5,978.63, from July 2015 through the end of February 2022.

**IT IS FURTHER ORDERED** that Spaeth is entitled to a tax-component award of $68,926.16.

The Clerk is directed to enter judgment in favor of Plaintiff Equal Employment Opportunity Commission and against Defendant Walmart Stores East LP, awarding Marlo Spaeth $150,000.00 in compensatory damages, $150,000.00 in punitive damages, $44,757.80 in backpay, $5,978.63 in prejudgment interest, and $68,926.16 for tax consequences. Walmart must reinstate Marlo Spaeth as a Walmart employee at a rate of pay of $14.90 per hour. Walmart shall also consult with Spaeth's guardian regarding any need for discipline or accommodations while she continues her employment.

Dated at Green Bay, Wisconsin this 21st day of March, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge